# EXHIBIT B

# Public Access View



Entry | Inquiry | Administrative | Tasks

🌐 Help

Docket  CV2016053557 - Pltf: Jane Doe - JO: John Hannah - (CVJ16) - Subcat: 163 - Other - Status: 01 - New Case

## Existing Dockets in Case

| | Image | Filing Date | ME Date | Docket Date | Type | Filed By | Associated Parties |
|---|---|---|---|---|---|---|---|
| 5 | 🗋 | 2/16/2017 | | 2/21/2017 | AFS - Affidavit Of Service | The Court | none |
| | | | | | *(ARIZONA SENATE)* | | |
| 4 | 🗋 | 2/16/2017 | | 2/17/2017 | SUM - Summons | Knoller, Guy (Attorney) | (1) Jane Doe |
| | | | | | *(ALIAS)* | | |
| 3 | 🗎 | 2/3/2017 | | 2/7/2017 | AMC - Amended Complaint | Knoller, Guy (Attorney) | (1) Jane Doe |
| | | | | | *(First Amended Complaint)* | | |
| 2 | 🗋 | 12/27/2016 | | 12/28/2016 | CSH - Coversheet | Knoller, Guy (Attorney) | (1) Jane Doe |
| 1 | 🗋 | 12/27/2016 | | 12/28/2016 | COM - Complaint | Knoller, Guy (Attorney) | (1) Jane Doe |

Return

MICHAEL K. JEANES
Clerk of the Superior Court
By Judy Baker, Deputy
Date 12/27/2016 Time 14:04:55
Description                    Amount
-------- CASE# CV2016-053557 --------
CIVIL NEW COMPLAINT            319.00
------------------------------------
TOTAL AMOUNT                   319.00
        Receipt# 25650428

1 | Guy D. Knoller - #002803
2 | Law Offices of Guy David Knoller, P.L.L.C.
  | 7321 N. 16th Street
3 | Phoenix, Arizona 85020
  | (602) 254-6044
4 | E-Mail: guydknoller@gmail.com

5 | Attorneys for Plaintiff JANE DOE[1]

6 |                IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7 |                    IN AND FOR THE COUNTY OF MARICOPA

8 | JANE DOE,

9 |          Plaintiff,                    No.

10 | vs.                                        CV 2016-053557

11 | ARIZONA STATE SENATE,                 **COMPLAINT**

12 |          Defendant.                   (Jury Trial Demanded)

13 |

14 |

15 |      Plaintiff, Jane Doe, by and through her counsel undersigned, alleges as follows:

16 |      1.      This action is brought pursuant to Title VII of the Civil Rights Act of

17 | 1964, 42 U.S.C. § 2000(e), et seq., as amended ("Title VII") and Section 1981 of the

18 |
19 | Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981"); and the Equal Pay Act, 29

20 | U.S.C. Sec. 206(d).

21 |                                   **PARTIES**

22 |      2.      Plaintiff Jane Doe is a citizen of the United States and a resident of

23 |
24 | Maricopa County, Arizona.

25 |      3.      Defendant ARIZONA STATE SENATE is a legislative body in the

26 | State of Arizona, with its principal place of business within Maricopa County, Arizona.

27 | _____

28 |      [1] JANE DOE can be identified as former employee # 135554.

## JURISDICTION

4.     This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1343; 42 U.S.C. § 2000e-5(f)(3); and 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5(f)(3)); and the Equal Pay Act, 29 U.S.C. 206(d).

5.     The employment practices alleged to be unlawful were committed within the jurisdiction of the Maricopa County, State of Arizona.

## GENERAL ALLEGATIONS

6.     Jane Doe began her employment with the Arizona State Senate in December 2012 as a Policy Advisor.

7.     Jane Doe was a strong performer who did not receive any negative job criticisms  during her employment.

8.     On or about February 12, 2015, Plaintiff learned that male non-African American counterparts at work received substantially higher salaries and salary increases.

9.     Although the job responsibilities were the same, Plaintiff had a heavier workload and the more challenging committee assignments.

10.     Plaintiff was also the only African American female Policy Advisor that could not select which committee she could staff.

11.     Plaintiff was the only Policy Advisor that did not receive a pay raise during her approximately 2 1/2 years of employment.

- 2 -

12.     Plaintiff exercised her federally protected rights by contacting Jeff Winkler, Chief of Staff, as well as Democratic caucus leadership by email to request to meet regarding her pay status on the staff.

13.     Plaintiff was informed by Katie Hobbs, Minority Leader, that Plaintiff's email was inappropriate because Plaintiff had previously spoken with the Minority Leader and Jeff Winkler, as well as Wendy Baldo, Majority Chief of Staff, and her concerns had been addressed.

14.     Plaintiff requested a pay raise setting forth that she had had just discovered that her pay was substantially lower than her non-African male counterparts.

15.     Plaintiff received no response to her increase in pay request.

16.     During that week in February 2015, Plaintiff had to leave work and travel to Seattle to be with her son who had been hospitalized due to a medical emergency.

17.     Plaintiff informed Defendant that she would be going to Seattle.

18.     Plaintiff was informed that she would have to use annual leave for her time off.

19.     Plaintiff kept in contact with Defendant while she was out of state.

20.     Plaintiff performed some of her work duties while in Seattle.

21.     On or about February 20, 2015, Defendant informed Plaintiff that she was terminated (setting forth the bases of insubordination and abandonment of her job in Defendant's Response to EEOC Charge of Discrimination).

- 3 -

22.     Plaintiff filed a Charge of Discrimination, No. 540-2015-02771, with the United States Equal Employment Opportunity Commission on July 23, 2015, alleging discrimination based upon race, retaliation and a violation of the Equal Pay Act.

23.     The EEOC issued a Notice of Right to Sue dated September 26, 2016.

24.     This lawsuit is filed within 90 days of receiving the Notice of Right to Sue from the EEOC.

25.     All conditions precedent to the filing of the lawsuit have been met.

## FIRST CLAIM FOR RELIEF
### (Racial Discrimination in Violation of Title VII)

26.     Plaintiff incorporates all previous allegations as though set forth fully herein.

27.     Defendant discriminated against and/or harassed Plaintiff based on her race, in violation of Title VII.

28.     Defendant discriminated against Plaintiff by subjecting her to different terms and conditions of employment than non-African American employees.

29.     Defendant discriminated against Plaintiff by subjecting her to discipline based on her race, African American.

30.     Defendant subjected Plaintiff to discrimination by targeting her for termination and terminating her employment based on her race, African American.

31.     Defendant's actions were intentional, deliberate, willful, malicious, and conducted with reckless disregard of Plaintiff's rights.

32.     As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer lost income, lost fringe benefits, mental anguish, emotional distress, pain and

- 4 -

suffering, humiliation, inconvenience, harm to reputation and loss of enjoyment of life.

Plaintiff incorporates all previous allegations as though set forth fully herein.

## SECOND CLAIM FOR RELIEF
### (Retaliation in Violation of Title VII)

33.     Plaintiff incorporates by reference all previous allegations as though set forth fully herein.

34.     Defendant retaliated against and/or harassed Plaintiff based on her protected activity, including her internal inquiries of unequal pay in violation of Title VII.

35.     Defendant retaliated against Plaintiff by terminating her on the basis of her engagement in protected activity.

36.     Defendant's actions were intentional, deliberate, willful, malicious, and conducted with reckless disregard of Plaintiff's rights.

37.     As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer lost income, lost fringe benefits, mental anguish, emotional distress, pain and suffering, humiliation, inconvenience, harm to reputation and loss of enjoyment of life.

## THIRD CLAIM FOR RELIEF
### (Discrimination in Violation of Section 1981)

38.     Plaintiff incorporates all previous allegations as though set forth fully herein.

39.     The United States Supreme Court has held that Section 1981 protects from discrimination "identifiable classes of persons who are subjected to intentional

discrimination solely because of their ancestry or ethnic characteristics." *St. Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987).

40.     Defendant discriminated against and/or harassed Plaintiff based on her race, African-American, in violation of Section 1981.

41.     Defendant discriminated against Plaintiff by subjecting her to different terms and conditions of employment than non-African employees.

42.     Defendant discriminated against Plaintiff by subjecting her to discipline based on her race and ancestry, African-American.

43.     Defendant's actions were intentional, deliberate, willful, malicious, and conducted with reckless disregard of Plaintiff's rights.

44.     As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer lost income, lost fringe benefits, mental anguish, emotional distress, pain and suffering, humiliation, inconvenience, harm to reputation and loss of enjoyment of life.

**FOURTH CLAIM FOR RELIEF**
**(Retaliation in Violation of Section 1981)**

45.     Plaintiff incorporates by reference all previous allegations as though set forth fully herein.

46.     Defendant retaliated against Plaintiff based on her protected activity, inquiring about a differential in pay based on race, in violation of Section 1981.

47.     Defendant retaliated against Plaintiff by subjecting her to different terms and conditions of employment on the basis of her protected activity.

48.     Defendant retaliated against Plaintiff by subjecting her to discipline based on her protected activity.

49.     Defendant subjected Plaintiff to retaliation by terminating her employment based on her protected activity.

50.     Defendant's actions were intentional, deliberate, willful, malicious, and conducted with reckless disregard of Plaintiff's rights.

51.     As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer lost income, lost fringe benefits, mental anguish, emotional distress, pain and suffering, humiliation, inconvenience, harm to reputation and loss of enjoyment of life.

### FIFTH CLAIM FOR RELIEF
### (Violation of the Equal Pay Act)

52.     Plaintiff incorporates by reference all the previous allegations as though fully set forth herein.

53.     Although Plaintiff's job duties and responsibilities were the same as men she was paid less.

54.     The Equal Pay Act requires that men and women receive equal pay for equal work.

55.     Plaintiff was paid less than male counterparts performing equal work.

56.     Defendant violated the Equal Pay Act by paying Plaintiff less than her male counterparts for equal work.

57.     Defendant violated the Equal Pay Act by retaliating against Plaintiff for inquiring about her unequal pay treatment.

58.     Defendant's conduct was willful.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, requests judgment against Defendant as follows:

- 7 -

A.     For an award of economic damages, including back pay with pre-judgment interest, in an amount sufficient to make Plaintiff whole for past and future lost income and benefits and other economic losses suffered by Plaintiff resulting from Defendant's conduct;

B.     For an award of compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial;

C.     For an award of compensatory damages for mental anguish, emotional distress, pain and suffering, humiliation, inconvenience, harm to reputation, loss of enjoyment of life and other losses incurred by Plaintiff as a result of Defendants' conduct;

D.     For an award of attorneys' fees and related expenses;

E.     For an award of Plaintiff's costs of suit incurred herein;

F.     For reinstatement; and,

G.     For an award of such other relief as the Court may deem just and proper.

### JURY TRIAL DEMAND

Plaintiff demands a jury trial on all claims and issues set forth herein.

DATED this 27th day of December 2016.


/s/ Guy D. Knoller
Guy D. Knoller
Attorney for Plaintiff

In the Superior Court of the State of Arizona
in and For the County of <u>Maraicopa</u>

## CV2016-053557

~~AND ~~Y

(Please Type or Print)

| | |
|---|---|
| Is Interpreter Needed? ☒ Yes ☐ No   DEP | MICHAEL K. JEANES, CLERK BY *J. Baker* |
| If yes, what language: | *J. Baker* |
| | J. BAKER, FILED |
| | **16 DEC 27  PM 2: 02** |

Plaintiff's Attorney <u>Guy D. Knoller</u>

Attorney Bar Number <u>002803</u>

Plaintiff's Name(s):  (List all)     Plaintiff's Address:              Phone #:         Email Address:
Jane Doe     c/o Counsel, 7321 N. 16th Street, Phoenix, AZ     602-254-6044     guydknoller@gmail.com

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s):  (List All)     <u>Arizona Senate</u>

(List additional defendants on page two and/or attach a separate sheet)

EMERGENCY ORDER SOUGHT:        ☐ Temporary Restraining Order        ☐ Provisional Remedy        ☐ OSC

☐ Election Challenge     ☐ Employer Sanction     ☐ Other _____
                                                                        (Specify)

☐ RULE 8(i) COMPLEX LITIGATION APPLIES. Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties.

(Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category.)

☐ THIS CASE IS ELIGIBLE FOR THE COMMERCIAL COURT UNDER EXPERIMENTAL RULE 8.1. (Maricopa County only.) Rule 8.1 defines a commercial case and establishes eligibility criteria for the commercial court. Generally, a commercial case primarily involves issues arising from a business contract or business transaction. However, consumer transactions are not eligible. A consumer transaction is one that is primarily for personal, family or household purposes. **Please review Rule 8.1 for a complete list of the criteria.** See http://www.superiorcourt.maricopa.gov/commercial-court/. You must check this box if this is an eligible commercial case. **In addition, mark the appropriate box below in the "Nature of Action" case category**. The words "commercial court assignment requested" must appear in the caption of the original complaint.

## NATURE OF ACTION

(Place an "X" next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**

☐101 Non-Death/Personal Injury
☐102 Property Damage
☐103 Wrongful Death

**110 TORT NON-MOTOR VEHICLE:**

☐111 Negligence
☐112 Product Liability – Asbestos
☐112 Product Liability – Tobacco
☐112 Product Liability – Toxic/Other
☐113 Intentional Tort

☐114 Property Damage
☐115 Legal Malpractice
☐115 Malpractice – Other professional
☐117 Premises Liability
☐118 Slander/Libel/Defamation
☐116 Other (Specify) _____

**120 MEDICAL MALPRACTICE:**

☐121 Physician M.D.     ☐123 Hospital
☐122 Physician D.O     ☐124 Other

©Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED                    Page 1 of 2                    CV10f – 010116

Case No._____

## 130 CONTRACTS:

- ☐ 131 Account (Open or Stated)
- ☐ 132 Promissory Note
- ☐ 133 Foreclosure
- ☐ 138 Buyer-Plaintiff
- ☐ 139 Fraud
- ☐ 134 Other Contract (i.e. Breach of Contract)
- ☐ 135 Excess Proceeds-Sale
- ☐ Construction Defects (Residential/Commercial)
  - ☐ 136 Six to Nineteen Structures
  - ☐ 137 Twenty or More Structures

## 150-199 OTHER CIVIL CASE TYPES:

- ☐ 156 Eminent Domain/Condemnation
- ☐ 151 Eviction Actions (Forcible and Special Detainers)
- ☐ 152 Change of Name
- ☐ 153 Transcript of Judgment
- ☐ 154 Foreign Judgment
- ☐ 158 Quiet Title
- ☐ 160 Forfeiture
- ☐ 175 Election Challenge
- ☐ 179 NCC-Employer Sanction Action
  (A.R.S. §23-212)
- ☐ 180 Injunction against Workplace Harassment
- ☐ 181 Injunction against Harassment
- ☐ 182 Civil Penalty
- ☐ 186 Water Rights (Not General Stream Adjudication)
- ☐ 187 Real Property
- ☐ Special Action against Lower Courts
  (See lower court appeal cover sheet in Maricopa)

- ☐ 194 Immigration Enforcement Challenge
  (§§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

- ☐ Administrative Review
  (See lower court appeal cover sheet in Maricopa)
- ☐ 150 Tax Appeal
  (All other tax matters must be filed in the AZ Tax Court)
- ☐ 155 Declaratory Judgment
- ☐ 157 Habeas Corpus
- ☐ 184 Landlord Tenant Dispute- Other
- ☐ 190 Declaration of Factual Innocence
  (A.R.S. §12-771)
- ☐ 191 Declaration of Factual Improper Party Status
- ☐ 193 Vulnerable Adult (A.R.S. §46-451)
- ☐ 165 Tribal Judgment
- ☐ 167 Structured Settlement (A.R.S. §12-2901)
- ☐ 169 Attorney Conservatorships (State Bar)
- ☐ 170 Unauthorized Practice of Law (State Bar)
- ☐ 171 Out-of-State Deposition for Foreign Jurisdiction
- ☐ 172 Secure Attendance of Prisoner
- ☐ 173 Assurance of Discontinuance
- ☐ 174 In-State Deposition for Foreign Jurisdiction
- ☐ 176 Eminent Domain– Light Rail Only
- ☐ 177 Interpleader– Automobile Only
- ☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- ☐ 183 Employment Dispute- Discrimination
- ☐ 185 Employment Dispute-Other
- ☐ 195(a) Amendment of Marriage License
- ☐ 195(b) Amendment of Birth Certificate
- ☒ 163 Other Civil Rights Violation, Title VII & EPA_____
  (Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

- ☐ Antitrust/Trade Regulation
- ☐ Construction Defect with many parties or structures
- ☐ Mass Tort
- ☐ Securities Litigation with many parties
- ☐ Environmental Toxic Tort with many parties
- ☐ Class Action Claims
- ☐ Insurance Coverage Claims arising from the above-listed case types
- ☐ A Complex Case as defined by Rule 8(i) ARCP

**Additional Plaintiff(s)**

_____

_____

**Additional Defendant(s)**

_____

_____

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
K. Dyer, Deputy
2/3/2017 4:35:00 PM
Filing ID 8072918

Guy D. Knoller - #002803
Law Offices of Guy David Knoller, P.L.L.C.
7321 N. 16th Street
Phoenix, Arizona 85020
(602) 254-6044
E-Mail: guydknoller@gmail.com

Attorneys for Plaintiff JANE DOE[1]

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JANE DOE,<br><br>      Plaintiff,<br><br>vs.<br><br>ARIZONA SENATE,<br><br>      Defendant. | No.  CV 2016-053557<br><br>**FIRST AMENDED COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiff, Jane Doe, by and through her counsel undersigned, alleges as follows:

1.    This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq., as amended ("Title VII").

### PARTIES

2.    Plaintiff Jane Doe is a citizen of the United States and a resident of Maricopa County, Arizona.

3.    Defendant ARIZONA SENATE is a legislative body in the State of Arizona, with its principal place of business within Maricopa County, Arizona.

---

[1] JANE DOE can be identified as former employee # 135554.    .

**JURISDICTION**

4.     This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1343; 42 U.S.C. § 2000e-5(f)(3.

5.     The employment practices alleged to be unlawful were committed within the jurisdiction of the Maricopa County, State of Arizona.

**GENERAL ALLEGATIONS**

6.     Jane Doe, a female African American began her employment with the Arizona Senate in November 2012 as a Policy Advisor.

7.     Jane Doe was a strong performer who did not receive any negative criticisms during her employment.

8.     On or about February 12, 2015, Plaintiff learned that male non-African American counterparts at work received substantially higher salaries and salary increases.

9.     Although the job responsibilities were the same, Plaintiff had a heavier workload and the more challenging committee assignments.

10.     Plaintiff was also the only African American female Policy Advisor that could not select which committee she could staff.

11.     Plaintiff was the only Policy Advisor that did not receive a pay raise during her 3 years of employment.

12.     Plaintiff exercised her federally protected rights by contacting Jeff Winkler, Chief of Staff, as well as Democratic caucus leadership by email to request to meet regarding her status on the staff.

13.     Katie Hobbs, Minority Leader, informed Plaintiff that Plaintiff's email

- 2 -

was inappropriate because Plaintiff had previously spoken with the Minority Leader and Jeff Winkler, as well as Wendy Baldo, Majority Chief of Staff, and her concerns had been addressed.

14.     Plaintiff requested a pay raise setting forth that she had had just discovered that her pay was substantially lower than her non-African male counterparts.

15.     Plaintiff received no response to her increase in pay request.

16.     During that week in February 2015, Plaintiff had to leave work and travel to Seattle to be with her son who was hospitalized due to a medical emergency.

17.     Plaintiff informed Defendant that she would be going to Seattle.

18.     Plaintiff was informed that she would have to use annual leave for her time off.

19.     Plaintiff kept in contact with Defendant while she was out of state.

20.     Plaintiff performed some of her work duties while in Seattle.

21.     On or about February 20, 2015, Defendant informed Plaintiff that she was terminated for insubordination and abandonment of her job.

22.     All conditions precedent to the filling of this lawsuit have been met.

### FIRST CLAIM FOR RELIEF
(Racial Discrimination in Violation of Title VII)

23.     Plaintiff incorporates by reference herein all previous allegations as though set forth fully herein.

24.     Defendant discriminated against and/or harassed Plaintiff based on her race, in violation of Title VII.

25.     Defendant discriminated against Plaintiff by subjecting her to different terms and conditions of employment than non-African American employees.

- 3 -

26. Defendant discriminated against Plaintiff by subjecting her to discipline based on her race.

27. Defendant subjected Plaintiff to discrimination by targeting her for termination and terminating her employment based on her race.

28. Defendant's actions were intentional, deliberate, willful, malicious, and conducted with reckless disregard of Plaintiff's rights.

29. Plaintiff was discriminatorily paid less than non-African American employees performing the same services and job duties.

30. As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer lost income, lost fringe benefits, mental anguish, emotional distress, pain and suffering, humiliation, inconvenience, harm to reputation and loss of enjoyment of life.

**SECOND CLAIM FOR RELIEF**
(Retaliation in Violation of Title VII)

31. Plaintiff incorporates by reference all previous allegations as though set forth fully herein.

32. Defendant retaliated against and/or harassed Plaintiff based on her protected activity, including her internal inquiries of unequal pay in violation of Title VII.

33. Defendant retaliated against Plaintiff by terminating her on the basis of her engagement in protected activity.

34. Defendant's actions were intentional, deliberate, willful, malicious, and conducted with reckless disregard of Plaintiff's rights.

35. As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer lost income, lost fringe benefits, mental anguish, emotional distress, pain and

1   suffering, humiliation, inconvenience, harm to reputation and loss of enjoyment of life.

2       36.    Defendant retaliated against Plaintiff by subjecting her to different terms

3   and conditions of employment on the basis of her protected activity.

4       37.    Defendant retaliated against Plaintiff by subjecting her to discipline based

5
6   on her protected activity.

7       38.    Defendant subjected Plaintiff to retaliation by terminating her

8   employment based on her protected activity.

9       39.    Defendant's actions were intentional, deliberate, willful, malicious, and

10  conducted with reckless disregard of Plaintiff's rights.

11
12      40.    As a result of Defendant's conduct, Plaintiff has suffered and continues to

13  suffer lost income, lost fringe benefits, mental anguish, emotional distress, pain and

14  suffering, humiliation, inconvenience, harm to reputation and loss of enjoyment of life.

15      41.    Although Plaintiff's job duties and responsibilities were the same as men

16  she was paid less.

17
                            **THIRD CLAIM FOR RELIEF**
18                  (Sex Discrimination in Violation of Title VII)

19
20      42.    The preceding allegations are incorporated by reference herein as though

21  fully set forth.

22      43.    Defendant discriminated against Plaintiff based upon her sex by, including

23  but limited to paying her less than her male counterparts performing the same services

24  and job functions.

25      44.    Defendant discriminated against Plaintiff by subjecting her to different

26  terms and conditions of employment than male counterparts.

27
28      45.    Defendant discriminated against Plaintiff by subjecting her to discipline

based on her sex.

46.     Defendant subjected Plaintiff to discrimination by targeting her for termination and terminating her employment based on her sex.

47.     Defendant's actions were intentional, deliberate, willful, malicious, and conducted with reckless disregard of Plaintiff's rights.

48.     Plaintiff was discriminatorily paid less than non-African American male employees performing the same services and job duties.

49.     As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer lost income, lost fringe benefits, mental anguish, emotional distress, pain and suffering, humiliation, inconvenience, harm to reputation and loss of enjoyment of life.

WHEREFORE, Plaintiff, requests judgment against Defendant as follows:

A.     For an award of economic damages, including back pay with pre-judgment interest, in an amount sufficient to make Plaintiff whole for past and future lost income and benefits and other economic losses suffered by Plaintiff resulting from Defendant's conduct;

B.     For an award of compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial;

C.     For an award of compensatory damages for mental anguish, emotional distress, pain and suffering, humiliation, inconvenience, harm to reputation, loss of enjoyment of life and other losses incurred by Plaintiff as a result of Defendants' conduct;

D.     For an award of attorneys' fees and related expenses;

E.  For an award of Plaintiff's costs of suit incurred herein;

F.  For reinstatement and restoration of seniority; and,

G.  For an award of such other relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all claims and issues set forth herein.

DATED this 3rd day of February 2017.

/s/ Guy D. Knoller
Guy D. Knoller
Attorney for Plaintiff

- 7 -

MICHAEL K. JEANES, CLERK
BY
*N. Butzbach*
DEP
N. BUTZBACH, FILED

17 FEB 16 PM 1:56

**ORIGINAL**

1   Guy D. Knoller - #002803
2   Law Offices of Guy David Knoller, P.L.L.C.
    7321 N. 16th Street
3   Phoenix, Arizona 85020
    (602) 254-6044
4   E-Mail: guydknoller@gmail.com

5   Attorneys for Plaintiff JANE DOE[1]

6          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7              IN AND FOR THE COUNTY OF MARICOPA

8   JANE DOE,

9              Plaintiff,                  No. CV 2016-053557

10  vs.

11  ARIZONA SENATE,                        **ALIAS SUMMONS**

12             Defendant.                  If you would like legal advice from a lawyer,
                                           contact the Lawyer Referral Service at
13                                                  602-257-4434
                                                        or
14                                         www.maricopalawyers.org
                                                 Sponsored by the
15  THE STATE OF ARIONA TO THE DEFENDANT:  Maricopa County Bar Association

16                     Arizona Senate
                       c/o Mark Brnovich
17                     Arizona Attorney General
18                     1275 W. Washington
                       Phoenix, AZ 85007
19

20

21         YOU ARE HEREBY SUMMONED and required to appear and defend, within

22  the time applicable, in this action in this Court.  If served within Arizona, you shall

23  appear and defend within 20 days after the service of the Summons and Complaint upon
24
    you, exclusive of the day of service.  If served out of the State of Arizona -- whether by
25
26  direct service, by registered or certified mail, or by publication -- you shall appear and

27  ─────────────────────────

28        [1] JANE DOE can be identified as former employee # 135554.

defend within 30 days after the service of the Summons and Complaint upon you is

complete, exclusive of the day of service.  Where process is served upon the Arizona

Director of Insurance as an insurer's attorney to receive service of legal process against

it in this state, the insurer shall not be required to appear, answer or plead until

expiration of 40 days after date of such service upon the Director.  Service by registered

or certified mail without the State of Arizona is complete 30 days after the date of filing

the receipt and affidavit of service with the Court.  Service by publication is complete 30

days after the date of first publication.  Direct service is complete when made.  Service

upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the

Affidavit of Compliance and return receipt or Officer's Return.  RCP 4; ARIZ. REV.

STAT. ANN. §§ 20-222, 28-502, 28-503.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and

defend within the time applicable, judgment by default may be rendered against you for

the relief demanded in the Complaint.

Requests for reasonable accommodation for persons with disabilities must be

made to the division assigned to the case by parties at least 3 judicial days in advance of

a scheduled court proceeding.

YOU ARE CAUTIONED that in order to appear and defend, you must file an

Answer or proper response in writing with the Clerk of this Court, accompanied by the

necessary filing fee, within the time required, and you are required to serve a copy of

- 2 -

1   any Answer or response upon the Plaintiff's attorney.  RCP 10(d); ARIZ. REV. STAT.

2   ANN. § 12-311; RCP 5.

3

4           The name and address of plaintiff's attorney is:

5                           Guy D. Knoller
                            7321 N. 16th Street
6                           Phoenix, Arizona  85020
                            (602) 254-6044
7

8                                   FEB 1 4 2017

9   SIGNED AND SEALED this date: _____

10                                  MICHAEL K. JEANES, CLERK
11                                  Clerk
12
13                                  Deputy Clerk
14                                  L. Groeneveld
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MICHAEL K. JEANES, CLERK
BY
*N. Butzbach*
N. BUTZBACH, FILED

17 FEB 16 PM 1: 56

Col. John T's Process and Legal Support
4132 N. 12th Street
Phoenix, AZ 85014
(602) 230-1540

# ORIGINAL

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

Jane Doe

                    Plaintiff,

vs.

Arizona Senate

                    Defendant.

Case Number: CV 2016-053555

**Certificate of Service**

Received by COL. JOHN T's Process and Legal Support on the 14th day of February, 2017 at 11:48 am to be served on **Arizona Senate, 1275 W. Washington, Phoenix, AZ 85007.**

I, Karla Viernes, do hereby affirm that on the **15th day of February, 2017** at **2:04 pm, I:**

served **Arizona Senate** by delivering a true copy of the **Alias Summons; First Amended Complaint** to: **Lisa Fischer, Lobby Receptionist at AZ Attorney General's Office, at the address of 1275 W. Washington, Phoenix, AZ 85007.**

**Service Fee Items:**
| | |
|---|---|
| Service Fee (Local) | $57.00 |
| Certificate Preparation | $8.00 |
| Total | $65.00 |

THE UNDERSIGNED is a Certified Process Server and a Registered Officer of Superior Court and, as such, is fully authorized to serve process under the laws of the state of Arizona. The undersigned stated this authorization to the party served and also stated the nature of the papers being served. I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

*Karla Viernes*

**Karla Viernes**
Maricopa County #7537

**COL. JOHN T's Process and Legal Support**
**4132 N. 12th St.**
**Phoenix, AZ 85014**
**(602) 230-1540**

Our Job Serial Number: JTQ-2017000058

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.1e