1  Guy D. Knoller - #002803
   Law Offices of Guy David Knoller, P.L.L.C.
2  7321 N. 16th Street
3  Phoenix, Arizona 85020
   (602) 254-6044
4  E-Mail: guydknoller@gmail.com

5  Attorneys for Plaintiff Talonya Adams

6              IN THE UNITED STATES DISTRICT COURT

7              FOR THE DISTRICT OF ARIZONA

8

9  TALONYA ADAMS,
                                    No.  2:17-cv-00822-DLR
10          Plaintiff,

11  vs.                             **SECOND AMENDED
                                    COMPLAINT**
12  ARIZONA SENATE,

13          Defendant.              (Jury Trial Demanded)

14

15

16      Plaintiff, by and through her counsel undersigned, alleges as follows:

17      1.     This action is brought pursuant to Title VII of the Civil Rights Act of1964,

18  42 U.S.C. § 2000(e), et seq., as amended ("Title VII").

19                              **PARTIES**

20

21      2.     Plaintiff is a citizen of the United States and a resident of

22  Maricopa County, Arizona.

23      3.     Defendant ARIZONA SENATE is a legislative body in the State of

24  Arizona, with its principal place of business within Maricopa County, Arizona.

25

26                              **JURISDICTION**

27      4.     This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331,

28  1343; 42 U.S.C. § 2000e-5(f)(3.

5.      The employment practices alleged to be unlawful were committed within the jurisdiction of the Maricopa County, State of Arizona.

### GENERAL ALLEGATIONS

6.      Plaintiff, a female African American began her employment with the Arizona Senate in November 2012 as a Policy Advisor.

7.      Plaintiff was a strong performer who did not receive any negative criticisms during her employment.

8.      On or about February 12, 2015, Plaintiff learned that male non-African American counterparts at work received substantially higher salaries and salary increases.

9.      Although the job responsibilities were the same, Plaintiff had a heavier workload and the more challenging committee assignments.

10.     Plaintiff was also the only African American female Policy Advisor that could not select which committee she could staff.

11.     Plaintiff was the only Policy Advisor that did not receive a pay raise during her 3 years of employment.

12.     Plaintiff exercised her federally protected rights by contacting Jeff Winkler, Chief of Staff, as well as Democratic caucus leadership by email to request to meet regarding her status on the staff.

13.     Katie Hobbs, Minority Leader, informed Plaintiff that Plaintiff's email was inappropriate because Plaintiff had previously spoken with the Minority Leader and Jeff Winkler, as well as Wendy Baldo, Majority Chief of Staff, and her concerns had been addressed.

14.    Plaintiff requested a pay raise setting forth that she had had just discovered that her pay was substantially lower than her non-African male counterparts.

15.    Plaintiff received no response to her increase in pay request.

16.    During that week in February 2015, Plaintiff had to leave work and travel to Seattle to be with her son who was hospitalized due to a medical emergency.

17.    Plaintiff informed Defendant that she would be going to Seattle.

18.    Plaintiff was informed that she would have to use annual leave for her time off.

19.    Plaintiff kept in contact with Defendant while she was out of state.

20.    Plaintiff performed some of her work duties while in Seattle.

21.    On or about February 20, 2015, Defendant informed Plaintiff that she was terminated for insubordination and abandonment of her job.

22.    All conditions precedent to the filling of this lawsuit have been met.

**FIRST CLAIM FOR RELIEF**
(Racial Discrimination in Violation of Title VII)

23.    Plaintiff incorporates by reference herein all previous allegations as though set forth fully herein.

24.    Defendant discriminated against and/or harassed Plaintiff based on her race, in violation of Title VII.

25.    Defendant discriminated against Plaintiff by subjecting her to different terms and conditions of employment than non-African American employees.

26.    Defendant discriminated against Plaintiff by subjecting her to discipline based on her race.

27.    Defendant subjected Plaintiff to discrimination by targeting her for

termination and terminating her employment based on her race.

28.     Defendant's actions were intentional, deliberate, willful, malicious, and conducted with reckless disregard of Plaintiff's rights.

29.     Plaintiff was discriminatorily paid less than non-African American employees performing the same services and job duties.

30.     As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer lost income, lost fringe benefits, mental anguish, emotional distress, pain and suffering, humiliation, inconvenience, harm to reputation and loss of enjoyment of life.

## SECOND CLAIM FOR RELIEF
(Retaliation in Violation of Title VII)

31.     Plaintiff incorporates by reference all previous allegations as though set forth fully herein.

32.     Defendant retaliated against and/or harassed Plaintiff based on her protected activity, including her internal inquiries of unequal pay in violation of Title VII.

33.     Defendant retaliated against Plaintiff by terminating her on the basis of her engagement in protected activity.

34.     Defendant's actions were intentional, deliberate, willful, malicious, and conducted with reckless disregard of Plaintiff's rights.

35.     As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer lost income, lost fringe benefits, mental anguish, emotional distress, pain and suffering, humiliation, inconvenience, harm to reputation and loss of enjoyment of life.

36.     Defendant retaliated against Plaintiff by subjecting her to different terms and conditions of employment on the basis of her protected activity.

37.     Defendant retaliated against Plaintiff by subjecting her to discipline based on her protected activity.

38.     Defendant subjected Plaintiff to retaliation by terminating her employment based on her protected activity.

39.     Defendant's actions were intentional, deliberate, willful, malicious, and conducted with reckless disregard of Plaintiff's rights.

40.     As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer lost income, lost fringe benefits, mental anguish, emotional distress, pain and suffering, humiliation, inconvenience, harm to reputation and loss of enjoyment of life.

41.     Although Plaintiff's job duties and responsibilities were the same as men she was paid less.

### THIRD CLAIM FOR RELIEF
(Sex Discrimination in Violation of Title VII)

42.     The preceding allegations are incorporated by reference herein as though fully set forth.

43.     Defendant discriminated against Plaintiff based upon her sex by, including but limited to paying her less than her male counterparts performing the same services and job functions.

44.     Defendant discriminated against Plaintiff by subjecting her to different terms and conditions of employment than male counterparts.

45.     Defendant discriminated against Plaintiff by subjecting her to discipline based on her sex.

46.     Defendant subjected Plaintiff to discrimination by targeting her for termination and terminating her employment based on her sex.

47.    Defendant's actions were intentional, deliberate, willful, malicious, and conducted with reckless disregard of Plaintiff's rights.

48.    Plaintiff was discriminatorily paid less than non-African American male employees performing the same services and job duties.

49.    As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer lost income, lost fringe benefits, mental anguish, emotional distress, pain and suffering, humiliation, inconvenience, harm to reputation and loss of enjoyment of life.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

A.    For an award of economic damages, including back pay with pre-judgment interest, in an amount sufficient to make Plaintiff whole for past and future lost income and benefits and other economic losses suffered by Plaintiff resulting from Defendant's conduct;

B.    For an award of compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial;

C.    For an award of compensatory damages for mental anguish, emotional distress, pain and suffering, humiliation, inconvenience, harm to reputation, loss of enjoyment of life and other losses incurred by Plaintiff as a result of Defendants' conduct;

D.    For an award of attorneys' fees and related expenses;

E.    For an award of Plaintiff's costs of suit incurred herein;

F.    For reinstatement and restoration of seniority; and,

G.    For an award of such other relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

 Plaintiff demands a jury trial on all claims and issues set forth herein.

DATED this 24th day of March 2017.


/s/ Guy D. Knoller
Guy D. Knoller
Attorney for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on March 24 2017 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing and a copy was also e-mailed to:


N. Todd McKay
Assistant Attorney General
1275 W. Washington
Phoenix, Arizona  85007-2997
Attorney for Defendant
N.ToddMcKay@azag.gov


/s/ Debbie A. Wallen
Debbie A. Wallen