Mark Brnovich
Attorney General

N. Todd McKay, #017369
Assistant Attorney General
1275 West Washington
Phoenix, Arizona 85007-2926
Telephone: (602) 542-7653
Facsimile: (602) 542-7644
Todd.McKay@azag.gov

*Attorneys for Defendant Arizona Senate*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| TALONYA ADAMS | Case No: CV-17-00822-PHX-DLR |
|---|---|
| Plaintiff, | **ANSWER** |
| vs. | |
| ARIZONA SENATE | |
| Defendant. | |

Defendant, Arizona Senate, through undersigned counsel, hereby answers and otherwise responds to Plaintiff's Second Amended Complaint ("Complaint") in this action as follows:

1. In response to paragraph 1, this paragraph contains no factual assertion but rather makes a legal assertion as to the legal basis of the Complaint. Accordingly, there is no factual assertion for Defendant to respond to, and the legal basis of the Complaint speaks for itself in that Plaintiff asserts to having brought this action pursuant to Title VII. Defendant also denies the allegations of paragraph 1 to the extent they purport to state a viable legal basis for the Complaint.

## **PARTIES**

2. In response to paragraph 2 of the Complaint, Defendant is without sufficient information or knowledge to admit the allegations therein and, therefore, denies the same.

3. In response to paragraph 3 of the Complaint, Defendant admits the allegations therein.

**JURISDICTION**

4. In response to paragraph 4, this paragraph contains no factual assertion but rather makes a legal assertion as to the jurisdictional basis of the Complaint. Accordingly, there is no factual assertion for Defendant to respond to, and the asserted jurisdictional basis of the Complaint speaks for itself. Defendant also denies the allegations of paragraph 4 to the extent they purport to state a viable legal or jurisdictional basis for the Complaint.

5. In response to paragraph 5, this paragraph contains no factual assertion but rather makes a legal assertion as to the jurisdictional basis of the Complaint and/or proper venue for this action. Accordingly, there is no factual assertion for Defendant to respond to, and the jurisdictional and/or venue assertions of the Complaint speak for themselves. Defendant also denies the allegations of paragraph 5 to the extent they purport to state a viable legal or jurisdictional basis for the Complaint, or a proper venue for this action.

**GENERAL ALLEGATIONS**

6. In response to paragraph 6 of the Complaint, Defendant admits the allegations therein.

7. In response to paragraph 7 of the Complaint, Defendant denies the allegations therein.

8. In response to paragraph 8 of the Complaint, Defendant denies the allegations therein, and further affirmatively alleges that the decision by Plaintiff's managerial and supervisory leadership to dismiss her was made due to her multiple instances of inappropriate and/or unacceptable conduct, failures to adhere to directions/protocols and unauthorized workplace absences.

9. In response to paragraph 9 of the Complaint, Defendant denies the allegations therein.

10. In response to paragraph 10 of the Complaint, Defendant denies the allegations therein.

11. In response to paragraph 11 of the Complaint, Defendant denies the allegations therein.

12. In response to paragraph 12 of the Complaint, Defendant admits only that in February 2015 Plaintiff contacted Mr. Winkler and all members of the Senate Democratic leadership by e-mail regarding her status on the staff, workload, pay and/or workplace absence matters. Insofar as there are additional allegations in paragraph 12 that require a response, Defendant denies the same.

13. In response to paragraph 13 of the Complaint, Defendant admits only that in February 2015 Arizona Senate Minority Leader, Senator Katie Hobbs, advised Plaintiff that her e-mail to all members of the Senate Democratic leadership regarding her status on the staff was inappropriate. Insofar as there are additional allegations in paragraph 13 that require a response, Defendant denies the same.

14. In response to paragraph 14 of the Complaint, Defendant admits only that in February 2015 Plaintiff requested a pay raise. Insofar as there are additional allegations in paragraph 14 that require a response, Defendant denies the same.

15. In response to paragraph 15 of the Complaint, Defendant denies the allegations therein.

16. In response to paragraph 16 of the Complaint, Defendant is without sufficient information or knowledge to admit the allegations therein and, therefore, denies the same.

17. In response to paragraph 17 of the Complaint, Defendant admits the allegations therein.

18. In response to paragraph 18 of the Complaint, Defendant admits the allegations therein.

19. In response to paragraph 19 of the Complaint, Defendant admits that Plaintiff did make minimal contact with Defendant while she was out of state but affirmatively alleges that Plaintiff did not keep in acceptable or sufficient contact while she was out of state particularly given the fact that she had failed to acceptably or sufficiently complete the work she was to have completed prior to leaving town.

20. In response to paragraph 20 of the Complaint, Defendant admits that while she was out of town Plaintiff did belatedly complete a minimal amount of the work she was to have completed prior to leaving town, but affirmatively alleges that Plaintiff did not ever acceptably or sufficiently complete the majority of the work she was to have completed prior to leaving town.

21. In response to paragraph 21 of the Complaint, Defendant admits only that on or about February 20, 2015 Defendant informed Plaintiff that she was terminated. Insofar as there are additional allegations in paragraph 21 that require a response, Defendant denies the same.

22. In response to paragraph 22, this paragraph contains no factual assertion but rather makes a legal assertion as to the legal basis of the lawsuit. Accordingly, there is no factual assertion for Defendant to respond to, and Plaintiff's legal assertion speaks for itself. Defendant also denies the allegations of paragraph 22 to the extent they purport to state a viable legal basis for this lawsuit.

**FIRST CLAIM FOR RELIEF**
(Racial Discrimination in Violation of Title VII)

23. In response to paragraph 23 of the Complaint, Defendant restates and realleges all responses to the Complaint set forth above as if fully set forth herein in response to this First Claim for Relief.

24. In response to paragraph 24 of the Complaint, Defendant denies the allegations therein.

4

1  25. In response to paragraph 25 of the Complaint, Defendant denies the allegations therein.

2  26. In response to paragraph 26 of the Complaint, Defendant denies the allegations therein.

3  27. In response to paragraph 27 of the Complaint, Defendant denies the allegations therein.

4  28. In response to paragraph 28 of the Complaint, Defendant denies the allegations therein.

5  29. In response to paragraph 29 of the Complaint, Defendant denies the allegations therein.

6  30. In response to paragraph 30 of the Complaint, Defendant denies the allegations therein.

**SECOND CLAIM FOR RELIEF**
(Retaliation in Violation of Title VII)

31. In response to paragraph 31 of the Complaint, Defendant restates and realleges all responses to the Complaint set forth above as if fully set forth herein in response to this Second Claim for Relief.

32. In response to paragraph 32 of the Complaint, Defendant denies the allegations therein.

33. In response to paragraph 33 of the Complaint, Defendant denies the allegations therein.

34. In response to paragraph 34 of the Complaint, Defendant denies the allegations therein.

35. In response to paragraph 35 of the Complaint, Defendant denies the allegations therein.

36. In response to paragraph 36 of the Complaint, Defendant denies the allegations therein.

37. In response to paragraph 37 of the Complaint, Defendant denies the allegations therein.

38. In response to paragraph 38 of the Complaint, Defendant denies the allegations therein.

39. In response to paragraph 39 of the Complaint, Defendant denies the allegations therein.

40. In response to paragraph 40 of the Complaint, Defendant denies the allegations therein.

41. In response to paragraph 41 of the Complaint, Defendant denies the allegations therein.

## THIRD CLAIM FOR RELIEF
(Sex Discrimination in Violation of Title VII)

42. In response to paragraph 42 of the Complaint, Defendant restates and realleges all responses to the Complaint set forth above as if fully set forth herein in response to this Third Claim for Relief.

43. In response to paragraph 43 of the Complaint, Defendant denies the allegations therein.

44. In response to paragraph 44 of the Complaint, Defendant denies the allegations therein.

45. In response to paragraph 45 of the Complaint, Defendant denies the allegations therein.

46. In response to paragraph 46 of the Complaint, Defendant denies the allegations therein.

47. In response to paragraph 47 of the Complaint, Defendant denies the allegations therein.

48. In response to paragraph 48 of the Complaint, Defendant denies the allegations therein.

49. In response to paragraph 49 of the Complaint, Defendant denies the allegations therein.

50. Furthermore, Defendant denies each and every allegation set forth in the Complaint not expressly and specifically admitted herein in paragraphs 1-49 of this Answer above.

## AFFIRMATIVE DEFENSES

51. This Court lacks subject matter jurisdiction with respect to this action and the claims asserted.

52. Plaintiff has failed to exhaust required and available administrative proceedings and remedies.

53. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

54. Defendant's actions with respect to Plaintiff were non-discriminatory and non-retaliatory, and done for legitimate business reasons.

55. Assuming, *arguendo*, any discrimination or retaliation occurred, Defendant exercised reasonable care to prevent and correct such behavior, and/or did not know, nor should it have known, of any alleged discriminatory or retaliatory conduct. For example, Defendant had channels available to employees to make complaints of discrimination and/or retaliation and Plaintiff unreasonably failed to take advantage of such channels and did not make any such complaints; thus Defendant did not know, nor should it have known, of any alleged discriminatory or retaliatory conduct.

56. Assuming, *arguendo*, Plaintiff participated in a protected activity and her participation in a protected activity was a motivating factor for any employment practice, Defendant would have taken the same actions regardless of Plaintiff's sex or participation in a protected activity, and her participation in a protected activity was not the "but for" cause of the employment practice.

57. Plaintiff is not entitled to punitive damages, or a jury trial.

1     58.    Plaintiff's claims fail due to untimely assertion.

2     59.    Plaintiff's damages, if any, are barred, in whole or in part, to the extent she failed to take reasonable, diligent and necessary steps to mitigate her damages, if any.

60.    Discovery may reveal the basis for additional affirmative or other defenses including any additional affirmative defenses listed in Rule 8 of the Federal Rules of Civil Procedure. Defendant therefore reserves the right to amend its Answer to add any other such additional affirmative or other defenses revealed during discovery.

WHEREFORE, Defendant prays that:

A.    Plaintiff's Complaint be dismissed in its entirety with prejudice and that Plaintiff take nothing by her Complaint;

B.    Judgment be entered against Plaintiff and in Defendant's favor;

C.    Defendant be awarded its costs of defense and reasonable attorneys' fees herein; and

D.    The Court award Defendant such other and further relief as it deems appropriate under the circumstances.

DATED this 7th day of April, 2017.

            Mark Brnovich
            Attorney General

            s/ N. Todd McKay
            N. Todd McKay
            Assistant Attorney General
            *Attorneys for Defendant Arizona Senate*

I certify that I electronically
transmitted the attached document
to the Clerk's Office using the
CM/ECF System for filing and
transmittal of a Notice of Electronic
Filing to the following this 7th day of April, 2017:

Guy D. Knoller
Law Offices of Guy David Knoller, P.L.L.C.
7321 N. 16th Street
Phoenix, Arizona 85020
Attorney for Plaintiff

s/ Deb Sawyer
#5860685