**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Talonya Adams,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Arizona Senate,<br><br>　　　　Defendant. | No. CV-17-00822-PHX-DLR<br><br>**ORDER** |

Plaintiff Talonya Adams served as a policy advisor for Defendant Arizona Senate until her termination in February 2015. She filed suit against Defendant in state court two years later, alleging she was paid less than coworkers due to her race and sex and was fired for complaining about the disparate treatment. (Doc. 1-2 at 3-10.) Defendant thereafter removed the action to this Court, asserting that the Court has federal question jurisdiction over Plaintiff's claims brought under Title VII, 42 U.S.C. § 2000e et seq. (Doc. 1.) The amended complaint asserts three Title VII claims: race discrimination, sex discrimination, and retaliation. (Doc. 10.)

Defendant has filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). (Doc. 13.) The motion is fully briefed. (Docs. 18, 21.) For reasons stated below, the motion is denied.[1]

---

[1] The request for oral argument is denied because the issues are adequately briefed and oral argument would not aid the Court's decision. *See* LRCiv 7.2(f).

**I. Rule 12(b)(1) Standard**

Federal courts are courts of limited jurisdiction and "possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause of action lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). Under Rule 12(b)(1), dismissal is proper when subject matter jurisdiction is lacking. *See Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc.*, 583 F.2d 426, 431 n.5 (9th Cir. 1978).

**II. Discussion**

In order to maintain a Title VII action, a plaintiff must show that she was an "employee." Title VII defines "employee" as "an individual employed by an employer" with four exceptions: (1) any person elected to public office in any State or political subdivision, (2) any person chosen to be on the officer's personal staff, (3) an appointee on the policy making level, or (4) an immediate adviser with respect to the exercise of the constitutional or legal powers of the office. 42 U.S.C. § 2000e(f).

Individuals who fall within the last three exceptions are not without recourse, however, as the Government Employee Rights Act (GERA) confers Title VII rights on those individuals (but not the elected official herself). § 2000e-16c(a). Such individuals must file a discrimination claim with the EEOC, which may provide appropriate relief. § 2000e-16c(b)(1). Unlike Title VII proceedings, which provide for *de novo* review of EEOC actions in district court, an individual proceeding under GERA must seek judicial review in the circuit courts. § 2000e-16c(c); *see Alaska v. EEOC*, 564 F.3d 1062, 1066 (9th Cir. 2009).

Plaintiff alleges that the Court has subject matter jurisdiction under the federal question statute, 28 U.S.C. § 1331, and Title VII's jurisdictional provision, 42 U.S.C. § 2000e-5(f)(3). (Doc. 10 ¶ 4.) Defendant does not dispute that the Court has subject

matter jurisdiction over Title VII claims, *see Lum v. City & Cnty. of Honolulu*, 963 F.2d 1167, 1168 (9th Cir. 1992), and in fact removed the action from state court on this basis, (Doc. 1 ¶ 2). Rather, Defendant contends that Plaintiff must seek redress under GERA because she is not an "employee" under Title VII. (*Id.* at 3-7.)

Whether Plaintiff meets Title VII's definition of "employee," however "goes to the merits of her case and not to the Court's subject-matter jurisdiction." *Donatello v. Cnty. of Niagara*, No. 15-CV-39V, 2016 WL 3090552, at *6 (W.D.N.Y. June 2, 2016). Significantly, the meaning of "employee" for Title VII purposes is set forth in a definitional provision of the statute, 42 U.S.C. § 2000e(f). Title VII's jurisdictional provision , § 2000e-5(f)(3), says nothing about the plaintiff having to prove that she is an "employee" in order for the district court to have subject matter jurisdiction over the action.

In a similar context, the Supreme Court has found that whether a defendant is an "employer" for purposes of Title VII is a question going to the merits of a plaintiff's claim, not one of jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 504 (2006). In *Arbaugh*, the Court considered the provision of Title VII that limits application of the statute only to employers with fifteen or more employees, 42 U.S.C. § 2000e(b). The Court reasoned that Congress could have made this numerical threshold "'jurisdictional,' just as it has made an amount-in-controversy threshold an ingredient of diversity jurisdiction under 28 U.S.C. § 1332." *Id.* at 514-15. But because the fifteen-employee threshold appears in a separate definitional provision that does not speak in jurisdictional terms, and neither § 1331 nor Title VII's jurisdictional provision, § 2000e-5(f)(3), specifies any threshold ingredient akin to § 1332's monetary floor, the Court held that "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue." *Id.* at 515-16.

The same is true here with respect to whether Plaintiff is an "employee" for purposes of her Title VII claims. "Congress included the definition of 'employee' in the same section as the definition of 'employer' at issue in *Arbaugh*, *see* 42 U.S.C. §

2000e(f), and has not suggested that the definition of 'employee' has any greater jurisdictional significance than the definition of 'employer.'" *Harris v. Attorney Gen. of the U.S.*, 657 F. Supp. 2d 1, 8 (D.C. Cir. 2009). Similarly, Title VII's jurisdictional provision, § 2000e-5(f)(3), not only omits a numerical threshold of employees for application of the statute, it also does not require a plaintiff to allege she is an employee in order for jurisdiction to exist. In short, Plaintiff's "employee status is an element of [her] Title VII claims rather than a matter of subject matter jurisdiction." *Xie v. Univ. of Utah*, 243 Fed. Appx. 367, 371 (10th Cir. 2007).

Based on the clear rule stated in *Arbaugh*, and its application by other courts to similar facts, the Court finds that the question of Plaintiff's "employee" status is non-jurisdictional. Thus, because "the issue of Plaintiff's 'employee' status is non-jurisdictional, it is not the proper subject of a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction." *Levin v. Madigan*, 697 F. Supp. 2d 958, 963 (N.D. Ill. 2010). Defendant's Rule 12(b)(1) motion therefore is denied. *See Donatello*, 2016 WL 3090552, at *8 (denying Rule 12(b)(1) motion because "no combination of facts in [the] case would change the conclusion that § 2000e(f) is non-jurisdictional"); *Price v. Waste Mgmt., Inc.*, No. ELH-13-02535, 2014 WL 1764722, at *5 (D. Md. Apr. 30, 2014) (denying Rule 12(b)(1) motion because the existence of an employment relationship between the parties is an element of the plaintiff's Title VII claim for relief and not a limitation on subject matter jurisdiction); *Andreas v. Nw. Mut. Life Ins. Co.*, No. 07-CV-00312, 2009 WL 10669240, *2 (D.N.M. Jan. 28, 2009) (citing *Arbaugh* for the proposition that the "question whether a plaintiff is an employee versus an independent contractor is no longer considered jurisdictional"); *Helm v. Kansas*, No. 08-2459-JAR, 2009 WL 2168886, at *4 (D. Kan. July 21, 2009) (denying Rule 12(b)(1) motion because the plaintiff's "status as an 'employee' is an element of her Title VII claim").

Defendant claims that its motion is based solely on GERA, and that it is not arguing that subject matter jurisdiction is lacking because Plaintiff is not an employee under Title VII. (Doc. 21 at 2-3). All that is needed for GERA to apply, Defendant

asserts, is that Plaintiff was chosen by a public official to serve on a policymaking level. (*Id.* at 4.) But this is just another way of saying that Plaintiff is not an employee under Title VII. In other words, GERA would be Plaintiff's sole recourse only if she falls within one of the exceptions to the definition of "employee" in Title VII. *See* 42 U.S.C. § 2000e(f).

**III. Conclusion**

In short, Defendant's contention that its motion is based solely on GERA misses the mark. Although Defendant "couches the issue as one of divestiture by application of GERA, its motion ultimately asks the Court to dismiss [P]laintiff's case for lack of jurisdiction *because* she is not an employee." *Helm*, 2009 WL 2168886, at *4. Stated differently, the question is not whether the Court would have jurisdiction over a GERA claim (it would not), but whether Plaintiff is limited to seeking relief under GERA because she is not an employee under Title VII. As explained above, this latter question goes to the merits of Plaintiff's Title VII claims and does not raise jurisdictional concerns.[2]

//
//
//
//
//
//
//
//
//

---

[2] Defendant notes that other courts have dismissed for lack of jurisdiction based on GERA. (*Id.* at 8-9.) The cases cited, however, pre-date *Arbaugh* and the other case law discussed above. *See Dyer v. Radcliffe*, 169 F. Supp. 2d 770 (S.D. Ohio Mar. 30, 2001); *Guy v. Illinois*, 958 F. Supp. 1300 (N.D. Ill 1997). Moreover, both *Dyer* and *Guy* resolved the question of whether the plaintiff was an employee for purposes of Title VII under a Rule 12(b)(6) standard, not under Rule 12(b)(1). *Dyer*, 169 F. Supp. 2d at 773-75; *Guy*, 958 F. Supp. at 1305-06.

**IT IS ORDERED** that Defendant's motion to dismiss for lack of subject matter jurisdiction (Doc. 13) is **DENIED**.[3]

Dated this 5th day of July, 2017.

*Douglas L. Rayes*
United States District Judge

---

[3] It is worth noting that Defendant did not move to dismiss under Rule 12(b)(6) and, and this point, has not sought summary judgment. The Court therefore need not address on the present jurisdictional motion whether Plaintiff is an employee under Title VII.