Talonya Adams
40 N. Central Avenue, Suite 1459
Phoenix, Arizona 85004
Telephone: (602) 343-1838
talonya@gmail.com

*Plaintiff Pro Se*

Mr. Todd McKay
Assistant Attorney General
1275 West Washington
Phoenix, Arizona 85007

Todd.McKay@azag.gov

*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| TALONYA ADAMS<br><br>            Plaintiff,<br><br>vs.<br><br>ARIZONA SENATE<br><br>            Defendant. | Case No: CV-17-00822-PHX-DLR<br><br>**JOINT STATEMENT RE DISCOVERY DISAGREEMENT AND RESPONSE TO DEFENDANT'S NOTICE TO THE COURT AND REQUEST TO VACATE** |

Pursuant to the Court's Minute Entry (Doc. 42) filed, November 15, 2017, the Plaintiff hereby files this Joint Report re Discovery Disagreement[1].

**1. The details of the conference or conferences**

For the duration of this case, Plaintiff has never met Defendant's counsel, Mr. McKay, in person. She has only spoken with Mr. McKay, on three occasions, all

---

[1] Defendant's Counsel never responded to one of Plaintiff's calls and did not respond to emails

occurring in August 2017, prior to exchange of discovery responses. On August 29, 2017, Defendant's counsel mailed (without a courtesy email) uncertified initial discovery documents. On or about September 6, 2017, Arizona State Senate Chief of Staff Wendy Baldo certified the August 29 disclosures. With the exception of less than 30 pages (many blank, some illegible) all documents were already in Plaintiff's possession. On August 31, 2017, Mr. McKay, the beneficiary of five stipulations, refused to stipulate to a protective order and denied to Plaintiff's initial request for a discovery extension and demanded Plaintiff's dates of availability to immediately notify the court of Plaintiff's alleged bad faith actions. On August 31, 2017 Plaintiff replied with her availability and requested the first of no less than ten good faith requests[2] to meet and confer with opposing counsel. For brevity purposes, Plaintiff stipulates to the outstanding discovery issues regarding deficient responses to Plaintiff's Requests for Production, as stated in Defendant's email dated Monday, November 20, 2017 marked as Exhibit B in Defendant's Notification to the Court and Request to Vacate (No.43).

Defendant's Second Amended and Supplemental Initial Discovery Protocol Disclosures subsections e, f, k, and l are responded to as *"non-applicable."* Subsection f;

---

[2] Plaintiff issued requests to meet and confer on no less than the following dates: September 8, 2017, September 22, 2017, October 2, 2017, October 19, 2017, October 20, 2017, October 23, 2017, October 27, 2017 (letter), November 13, 2017 and November 14, 2017.

To date all 7XX pages of discovery provided by Defendant to date is consists of the following (a) EEOC charge file (AZSEN0001-0503); (b) Plaintiff's pre-litigation public records request (AZSEN0504-589); (c) Plaintiff's Thunderbird emails (AZSEN0590-592; (d) Unemployment benefits (AZSEN593-598); (e) 2003 Arizona Legislative Manual (AZSEN0599-691); (f) 2016 Legislative Employee Handbook (AZSEN0692-712). Items b, c, e and partially f are duplicates. already produced in (a) the EEOC charge file.

alleges no documents were relied upon to make the employment decisions at issue in this lawsuit. Subsections a, b, c, d, g, j and n reference the EEOC charge file and pre-litigation public records requests already in Plaintiff's possession. Subsection h, references AZSEN713-734 entitled Arizona Legislative Handbook dated January 2013, which contains metadata that may indicate it was created in September 2017. Subsection i: Defendant responds "…during the time of Plaintiff's employment Defendant did not have a written job description in place for the position that Plaintiff held." Plaintiff was a policy advisor.

No client verification has occurred since the Baldo Declaration dated September 6, 2017. Defendant's supplemental and/or amended discovery reaffirm a lack of substantial federally and state required retention records have not been, and per Mr. McKay are not required to be, verified or certified by the public state agency. If the documents do not exist, Plaintiff believes this may rise to the nefarious activities in play during Plaintiff's employment at the Arizona Senate. Plaintiff further contends that omissions and character degradation of this magnitude be verified or certified by the Arizona State Senate, not Mr. McKay. Moreover, Mr. McKay, the beneficiary of five discovery extension delays, will not: stipulate to a protective order, certify the asserted omissions held by the public state agency, respond to Plaintiff's calls, provide litigation holds, comply with mandatory settlement conferences, discuss or resolve pending objections, respond to requests to schedule depositions for week of December 4 or 11, 2017, disclose a witness list contact information, produce a privilege or work-product log or schedule a time for Plaintiff's

inspection of laptops and documents. Only after scheduling the discovery dispute hearing, did Mr. McKay produce AZSEN0748-803, an organic set of documents that reference text messages and cell phone activity, all of which has never been provided to Plaintiff, or the EEOC.

Due to the fact Plaintiff has exhausted sincere efforts to resolve outstanding discovery issues and attempted numerous times to schedule a personal consultation with Mr. McKay a timely and proper request for judicial invention was pursued. Given that the viability of Plaintiff's case is contingent upon fair discovery, effective depositions and sufficient and actual disclosure of records and documents in possession of the Arizona State Senate, Plaintiff kindly requests that the Court proceed with hearing scheduled for November 22, 2017 to allow both parties to resolve outstanding discovery matters and set a course for future anticipated disputes.

Moreover, Defendant's statements in his 9-page Notification To The Court And Request to Vacate November 22, 2017 Discovery Dispute Conference/Hearing Requested By Plaintiff pro se by Arizona Senate re: [42] Set/Reset Hearings is further evidence the parties are at an impasse and should utilize the hearing on November 22, 2017 to address litigation and discovery concerns to date.

RESPECTFULLY SUBMITTED this 21st day of November 2017.

/s/ Talonya Adams
Talonya Adams, *Plaintiff*