Mark Brnovich
Attorney General

N. Todd McKay, Bar No. 017369
John Fry, Bar No. 020455
Assistant Attorneys General
2005 N. Central Avenue
Phoenix, Arizona 85004-1592
Telephone:   (602) 542-7653
               (602) 542-7677
Facsimile:    (602) 542-7644
Todd.McKay@azag.gov
John.Fry@azag.gov
*Attorneys for Defendant Arizona Senate*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Talonya Adams,<br><br>                    Plaintiff,<br><br>vs.<br><br>Arizona Senate,<br><br>                    Defendant. | No: CV-17-00822-PHX-DLR<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE (DOC. 111) REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND/OR STATEMENT OF FACTS** |

On Friday, April 13, 2018, Defendant, Arizona Senate, through undersigned counsel, filed its Motion for Summary Judgment (Doc. 102) and Statement of Facts (Doc. 103). On Monday, April 16, 2018, the Senate filed a short Notice of Errata (Doc. 104) to correct two record citation errors. These documents (Docs. 102, 103 and 104) constitute the entirety of the Senate's dispositive motion filings.

On May 9, 2018, Plaintiff filed an unopposed Motion to Extend Time to File Response to Defendant's Motion for Summary Judgment (First Request) (Doc. 109) by sixteen days (until May 30, 2018) based on family and scheduling issues, having retained legal counsel to assist in the preparation and filing of her response, and vacation and

work availability. The Senate did not oppose this request, and on May 11, 2018, the Court entered its Order granting Plaintiff her requested extension of time (Doc. 110).

At 11:54 p.m. on the deadline of May 30, 2018, Plaintiff filed a 35-page document captioned "Plaintiff's Response to Defendant's Statement of Facts in Support of Defendant's Motion for Summary Judgment and Controverting Statement of Facts" (Doc. 111). With respect to this same document however, Plaintiff's ECF docket filing captioned this filing as "RESPONSE to Motion re: [102] MOTION for Summary Judgment." Other than seeking an untimely further extension of time for a further contemplated filing of some sort--*after* the May 30, 2018 response deadline had already passed (Doc. 112, *see also* Doc. 113)--Doc. 111 constitutes the entirety of Plaintiff's response filing to the Senate's dispositive motion filings.

Accordingly, the Senate hereby files this Reply to and/or regarding Plaintiff's May 30, 2018 filing (Doc. 111).

**A. Plaintiff's Doc. 111 Does Not Comply with the Federal Rules of Civil Procedure, Local Rules of Civil Procedure, or this Court's June 16, 2017 Scheduling Order (Doc. 60); Accordingly, the Court may Deem Defendant's Separate Statement of Facts to be Undisputed, Disregard Plaintiff's Improper, Impermissible and Unsupported Assertions, and Deem the Granting of Defendant's Motion for Summary Judgment To Be Consented To By Plaintiff**

Local Rule/LRCiv. 56.1(d) permits the party opposing a motion for summary judgment to timely file a responsive memorandum, setting forth in relevant part:

> **(d) Deadline for Responsive and Reply Memoranda.**
>
> Notwithstanding the provisions of Rule 7.2 (c), (d), and (f), Local Rules of Civil Procedure, the opposing party may, unless otherwise ordered by the Court, have thirty (30) days after service within which to serve and file a responsive memorandum in opposition.

Here, the Court granted Plaintiff forty-seven (47) days, until May 30, 2018, to file her responsive memorandum in opposition to Defendant's Motion for Summary Judgment. Furthermore, the Court's June 16, 2017 Scheduling Order (Doc. 60), at ¶8(d), also

2

provided that "[f]ailure to respond to a (dispositive) motion within the time periods provided . . . will be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily pursuant to LRCiv 7.2(i)." Here, it does not appear that Doc. 111 constitutes a legitimate, proper or timely responsive memorandum in opposition to Defendant's motion for summary judgment and, if not, such failure by Plaintiff is thus deemed a consent to the granting of the motion.

Moreover, with respect to the length of a response to a dispositive motion, LRCiv. 7.2(e) sets forth in relevant part:

> **(e) Length of Motions, Memoranda and Objections.**
>
> (1) Unless otherwise permitted by the Court, a motion including its supporting memorandum, and the response including its supporting memorandum, may not exceed seventeen (17) pages, exclusive of attachments and any required statement of facts.

Here, the Court did not permit otherwise; nevertheless, Plaintiff's Doc. 111 is thirty-five (35) pages long.

Additionally, Federal Rule of Civil Procedure 56(c) mandates that "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials [in the record.]" Fed. R. Civ. P. 56(c)(1).

Furthermore, LRCiv. 56.1(b) requires any party opposing a motion for summary judgment to also file a statement, *separate* from that party's memorandum of law, setting forth (*emphasis added*):

> (1) for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph *and a reference to the specific admissible portion of the record supporting the party's position if the fact is disputed*; and (2) any additional facts

3

> that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party. Each additional fact must be set forth in a separately numbered paragraph *and must refer to a specific admissible portion of the record where the fact finds support.*

Here, Plaintiff failed to file such required statement separate and apart from any responsive memorandum of law in opposition. Rather, Plaintiff improperly filed only one document, Doc. 111. *See McClure v. Country Life Ins. Co.*, No. CV-15-02597-PHX-DLR, 2017 WL 3268841, at *2 (D. Ariz. Aug. 1, 2017):

> The rule distinguishes between a separate statement of facts and a memorandum of law because the two documents serve different purposes. The court should be able to glean which facts, if any, are genuinely disputed by reviewing the parties' separate and controverting statements of facts. Working from that baseline of facts, the court then looks to the parties' memoranda of law to determine whether any genuinely disputed matters are material under governing law, or whether the movant is entitled to judgment as a matter of law. Thus, factual disputes should be aired in the parties' separate statements, while legal disputes should be addressed in their memoranda of law. The court may deem a movant's separate statement of facts to be true if the non-moving party does not comply with these rules. *See Szaley v. Pima Cty.*, 371 Fed.App'x., 734, 735 (9th Cir. 2010).

Plaintiff's single 35-page submission did not comply with these rules, and thus under *McClure* the Court may deem the Senate's separate statement of facts to be true.

With respect to the length of Plaintiff's required controverting statement of facts separate and apart from any responsive memorandum of law in opposition under LRCiv. 56.1(b), the Court's Scheduling Order (Doc. 60), at ¶8(c), specified that "[s]tatements of fact required by Local Rule of Civil Procedure 56.1 shall not exceed ten pages in length, exclusive of exhibits." Plaintiff's Doc. 111 has no exhibits attached, but even without any exhibits is thirty-five (35) pages long.

Additionally, pages 3-25 of Doc. 111 wholly fail to comply with the requirements of LRCiv. 56.1(b) to set forth a reference to the specific admissible portion of the record

1 supporting the party's position regarding any allegedly disputed facts, or to set forth a
2 reference to a specific admissible portion of the record where any additional facts find
3 support. Indeed, pages 3-25 of Doc. 111 do not contain a single proper citation to the
4 record for any controverting statement of purported "fact," or any additional statement of
5 purported "fact." Rather pages 3-25 of Doc. 111 are based entirely on bare unsupported
6 assertions, conclusory statements, and improper explanation and/or argument. It is not
7 the Court's task "to scour the record in search of a genuine issue of triable fact." *Keenan*
8 *v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55
9 F.3d 247 251 (7th Cir. 1995)). Accordingly, the Court need not give any weight to the
10 newly created improperly cited or bare assertions, conclusory statements, and improper
11 explanation and/or argument on which Doc. 111 is entirely based, and may deem as true
12 the Senate's statement of facts in support of its motion for summary judgment. *See*
13 *Graham v. Holder*, No. CV 12–00066–PHX–JAT, 2013 WL 5445525, at **2-3 (D. Ariz.
14 Sept. 30, 2013):

> Failure of the non-moving party to comply with LRCiv 56.1(b) is ground for the Court to disregard a controverting statement of facts and deem as true the moving party's separate statement of facts in support of the motion for summary judgment.
>
> Even if the Court were to consider the additional facts Plaintiff has raised in his response . . . he has failed to support these alleged facts by reference to specific admissible portions of the record in compliance with LRCiv 56.1(b). Essentially, Plaintiff has offered no proof of the factual allegations he has made. Further, Plaintiff has failed to set forth controverting and additional facts in numbered paragraphs pursuant to LRCiv 56.1(b). A district court does not have a duty to search for evidence that would create a factual dispute. Where a party offers a legal conclusion or statement of fact without proper evidentiary support, the Court will not consider that statement.

(Internal citations omitted). Likewise, in *Pierson v. City of Phoenix*, No. CV 16–02453–PHX–DLR, 2017 WL 4792122, at *1 (D. Ariz. Oct. 24, 2017), this Court explained as follows:

> Defendant submitted a separate statement of facts setting forth each material fact upon which it relies in its memorandum of law. (See Doc. 36.) Each paragraph cites to specific evidence in the record against which no admissibility objections have been raised. In violation of LRCiv 56.1(b), however, Plaintiff did not submit a separate statement of correspondingly numbered paragraphs indicating whether he disputes or admits the facts asserted by Defendant, along with additional facts that he believes preclude summary judgment. Because Plaintiff failed to submit a separate statement of facts, his memorandum of law fails to "include citations to the specific paragraph in the statement of facts that supports assertions made in the memorand[um.]" LRCiv. 56.1(e). Although courts generally construe the pleadings of pro se litigants liberally, "pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Accordingly, the Court deems Defendant's separate statement of facts to be undisputed for purposes of this order. *Szaley.*, 371 Fed.Appx. at 735.

In a related vein, this Court has held that LRCiv 56.1(b) "requires the controverting party to provide a specific record reference supporting the party's position if a fact is disputed; it does not permit explanation and argument supporting the party's position to be included in the response to the moving party's statement of facts." *Hunton v. American Zurich Ins.Co.*, No. CV-16-00539-PHX-DLR, 2018 WL 1182552, at *3 (D. Ariz. March 7, 2018) (*citing Pruett v. Arizona*, 606 F. Supp. 2d 1065, 1075 (D. Ariz. 2009). When reviewing the non-movant's separate controverting statement of facts, "the Court therefore may disregard everything but the word 'admitted' or 'disputed,' and the corresponding references to the record." *Id.; see also, McClure*, 2017 WL 3268841, at *2:

> CCS [Co-Defendant CC Services, Inc.] correctly notes that many paragraphs in McClure's controverting statement of facts do not comply with Rule 56.1(b) because they contain

> legal arguments over the significance or effect of facts, rather than disputes over the factual matter itself.
>
> The Rule requires the controverting party to provide a specific record reference supporting the party's position if a fact is disputed; it does not permit explanation and argument supporting the party's position to be included in the response to the moving party's statement of facts. Argument may be made in the response or reply brief on the motion for summary judgment, but within the page limits.
>
> CCS's objections are well-taken and, for purposes of this order, the Court will disregard each of those paragraphs except for the word "controverted" and the references to the record.
>
> …
>
> Lastly, CCS objects to paragraph 20 of McClure's controverting statement of facts because it does not cite to any portion of the record for evidentiary support. CCS's objection is sustained. Paragraph 20 of McClure's separate statement contains no reference to the record and, instead, advances legal arguments more appropriately made in the response memorandum. The Court therefore will not consider it for purposes of this order.

(Internal citations omitted).

    Here, pages 3-25 of Doc. 111 include both improper explanation and argument, and make no proper citations to admissible portions of the record before the Court. Accordingly, for these additional reasons, the Court may deem Defendant's separate statement of facts to be undisputed for purposes of determining its motion for summary judgment, and disregard Plaintiff's improper explanation and argument in pages 3-25 of Doc. 111, particularly given that Plaintiff also then failed to make any proper citations to any admissible portions of the record.

    Lastly, as referenced above in *Pierson*, 2017 WL 4792122, at *1, LRCiv. 56.1(e) requires, in relevant part, that "[m]emoranda of law filed . . . in opposition to a motion

7

for summary judgment . . . must include citations to the specific paragraph in the statement of facts that supports assertions made in the memoranda regarding any material fact on which the party relies . . . in opposition to the motion." Here, Plaintiff's Doc. 111 wholly fails to comply with this LRCiv. 56.1(e) requirement as well.

A plaintiff, even if pro se, must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"). *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.1986) (pro se litigants "should not be treated more favorably than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates.")

In this case, Plaintiff is both an attorney herself, and also sought and obtained her sixteen-day extension of time (Docs. 109 and 110) to respond to Defendant's Motion for Summary Judgment (Doc. 102), in part, on the grounds that she had "retained legal counsel to assist in the preparation and filing of her response." (Doc. 109 at page 2, ¶5).

**B. Plaintiff's Doc. 111 Presents No Admissible Evidence or Supported Legal Argument to Defeat Summary Judgment With Respect To Her Claims of Unequal Pay or other Discrimination Based on Race or Sex under Title VII**

Regarding her claim(s) of unequal pay or other discrimination based on race (or sex), Plaintiff's Doc. 111 presents no admissible evidence or supported legal argument to defeat summary judgment with respect to either the third or fourth prongs of her *prima facie* case. *See* Motion for Summary Judgment, at 9:26-10:21. Likewise, Plaintiff's Doc. 111 presents no admissible evidence (much less the requisite "*specific* and *substantial*" evidence), or supported or even comprehensible legal argument, to defeat summary judgment by demonstrating that the Senate's proffered reasons for paying Plaintiff $60,000 per year (or terminating her) were merely a pretext for unlawful

discrimination based on race or sex. *See* Motion for Summary Judgment, at 11:11-13:25.

Therefore, summary judgment is proper with respect to Plaintiff's wholly unsupported claims of unlawful discrimination based on race or sex under Title VII, *i.e.*, Counts One and Three of her Second Amended Complaint.

**C. Plaintiff's Doc. 111 Presents No Admissible Evidence or Supported Legal Argument to Defeat Summary Judgment With Respect To Her Claim of Unlawful Retaliation under Title VII**

Regarding her claim of unlawful retaliation in violation of Title VII, Plaintiff's Doc. 111 presents no admissible evidence (much less evidence satisfying the heightened "*but-for causation*" standard), or supported legal argument, to defeat summary judgment with respect to either the first or third prongs of a *prima facie* case of retaliation. *See* Motion for Summary Judgment, at 14:17-16:15. Nor does Plaintiff's Doc. 111 present any admissible evidence (much less the requisite "*specific* and *substantial*" evidence), or supported or comprehensible legal argument, to defeat summary judgment by demonstrating that the Senate's proffered reasons for terminating her employment were merely a pretext for unlawful retaliation under Title VII. *See* Motion for Summary Judgment, at 16:23-17:14.

Therefore, summary judgment is proper with respect to Plaintiff's wholly unsupported claim of unlawful retaliation under Title VII, *i.e.*, Count Two of her Second Amended Complaint.

RESPECTFULLY SUBMITTED this 14th day of June, 2018.

Mark Brnovich
Attorney General

/s/ N. Todd McKay
N. Todd McKay
John Fry
Assistant Attorneys General
*Attorneys for Defendant Arizona Senate*

1  I certify that I electronically
2  transmitted the attached document
   to the Clerk's Office using the
3  CM/ECF System for filing and
   transmittal of a Notice of Electronic
4  Filing to the following CM/ECF
5  registrant, this 14th day of June, 2018, to:

6  Talonya Adams
   2 North Central Avenue
7  Suite 1800
   Phoenix, Arizona 85004
8  talonya@gmail.com
9  *Plaintiff Pro Se*

10

   /s/  Angeline M. Sagasta
11 #7092806

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28