**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

_____

| | | |
|---|---|---|
| Talonya Adams, | ) | |
| | ) | No.  CV-17-00822-PHX-DLR |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Phoenix, Arizona |
| | ) | July 2, 2019 |
| Arizona Senate, | ) | 9:31 a.m. |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**BEFORE:   THE HONORABLE DOUGLAS L. RAYES, JUDGE**

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**TELEPHONIC CONFERENCE**

Official Court Reporter:
Jennifer A. Pancratz, RMR, CRR, FCRR, CRC
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc 42
Phoenix, Arizona 85003-2151
(602) 322-7198

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

**A P P E A R A N C E S**

For the Plaintiff:

    Talonya Adams, Esq.
    In propria persona
    2 N. Central Avenue, Suite 1800
    Phoenix, AZ 85004

For the Defendant:

    Michael D. Moberly, Esq.
    Ryley Carlock & Applewhite PA
    1 N. Central Avenue, Suite 1200
    Phoenix, AZ 85004

**P R O C E E D I N G S**

(Proceedings commenced at 9:31 a.m.)

THE COURTROOM DEPUTY: Civil Case No. 17-822, Adams versus Arizona Senate, on for telephonic conference.

Would the parties please announce for the record.

MS. ADAMS: Talonya Adams, plaintiff pro se.

MR. MOBERLY: Michael Moberly, Ryley Carlock, on behalf of the defendant.

THE COURT: Okay. Good morning.

MR. MOBERLY: Good morning.

THE COURT: We're having this conference call at your request. I've received your joint memorandum regarding the pretrial issues. Let's talk about them.

So first there's the question about the stipulated pretrial exhibits?

MS. ADAMS: Correct.

THE COURT: And, Ms. Adams, you feel like they're not -- Mr. Moberly's not cooperating in stipulating to the admission of these exhibits? Is that what I'm reading here?

MS. ADAMS: I think we had -- we had a discussion this morning. Yes, Your Honor, that is my position to some extent.

On June 13th I went through defendant's list of exhibits, and I identified exhibits that I could stipulate to. Some were duplicates and represented in plaintiff's list; some were not.

1           Again, on the 21st, prior to submitting the final
2    proposed pretrial conference --
3           THE COURT:  Okay.
4           MS. ADAMS:  -- I stipulated to additional exhibits not
5    represented in plaintiff's list.
6           THE COURT:  So I'm somewhat familiar with the history.
7    I'm just -- my first question is, what is it you want me to do?
8           MS. ADAMS:  I would like to get an understanding, Your
9    Honor, of whether or not I'm going to be required to use my
10   eight hours of trial time establishing authenticity,
11   foundation, and admission of exhibits.  100 percent of my
12   exhibits, none are stipulated to that are not duplicative.
13          THE COURT:  Well, what is it you want me to do?  I
14   mean, the understanding has to come from you and counsel,
15   Mr. Moberly.  I can't force him to stipulate to these things.
16          MS. ADAMS:  Okay.
17          THE COURT:  So I'm trying to understand.  Do you want
18   me to do something?
19          MS. ADAMS:  Yes.  I would like you to have the Arizona
20   State Senate, who happens to be the client of the Attorney
21   General's Office, who happens to be the client of Mr. Moberly,
22   to sit down and find -- at least make a good faith effort as to
23   whether or not they can stipulate to any of plaintiff's
24   exhibits.
25          THE COURT:  Well, I expect both counsel to cooperate

1   fully so we're not wasting time at trial.  But I can't stand
2   here right now and tell you that, "Mr. Moberly, you're not
3   being cooperative so therefore I'm ordering you to stipulate to
4   something."  I can't do that.
5           If you find that you're not -- that you can't get a
6   commitment from him on the admissibility of a document, I
7   suggest you prepare to produce the foundation to have it
8   admitted at trial.
9           MS. ADAMS:  Okay.
10          THE COURT:  All right?
11          And like I told both counsel, I am not a fan of seeing
12  people make -- an attorney make the other attorney work extra
13  hard and use their time just laying foundation when it's
14  obvious the foundation can be laid.  If he forces you to bring
15  in custodians of records and it looks like it's being done just
16  as a matter of an inconvenience to you and to use up your time,
17  we'll adjust the time if that's necessary.  Okay?
18          MS. ADAMS:  I appreciate that, Your Honor.
19          THE COURT:  All right.
20          MR. MOBERLY:  Your Honor, for the -- okay.  For the
21  record, I have no intention of --
22          THE COURT:  I don't --
23          MR. MOBERLY:  -- of doing that.
24          THE COURT:  You don't need to defend yourself now.
25  I'm just telling you that that's how I look at things.

1         MR. MOBERLY:  Okay.

2         THE COURT:  Okay?  I mean, I --

3         MR. MOBERLY:  Fair.  That's fair.

4         THE COURT:  It needs to be -- this case needs to be tried in a fair way that both sides get a chance to present the evidence.  And just so you understand, I think I've mentioned this, I look at a trial as a search for the truth.  And in that regard, I like the jury to have as much information as possible and as much time as possible.

10         All right.  Plaintiff's trial testimony format options.  Okay, that's a good question, Ms. Adams.  I'm glad you brought that up.

13         My preference would be, and I think this is how we should do it, is have a question-answer format.  And I've had it done before where the witness gets up on the stand and says, "My question is this," and then answers the question.  How do you feel about that?

18         MS. ADAMS:  I think that is -- I prefer a question-and-answer format.  Would it be feasible to have a third party ask the questions?

21         THE COURT:  Who do you have in mind?

22         MS. ADAMS:  I don't have anyone in mind.  I didn't -- I mean, but I can -- I can ask a lawyer friend if they can appear simply for the purpose of asking the questions.

25         THE COURT:  I don't have a problem with that.

|   |   |
|---|---|
| 1 | Mr. Moberly, do you have a problem with that? |
| 2 | MR. MOBERLY: No. Either approach is fine with me, |
| 3 | Your Honor. |
| 4 | THE COURT: Okay. So we'd explain to the jury that |
| 5 | the third person is here not as a lawyer representing you but |
| 6 | to assist in your testimony by asking questions that you |
| 7 | prepared for him to ask you. |
| 8 | MS. ADAMS: Okay. |
| 9 | THE COURT: Okay? |
| 10 | MS. ADAMS: Yes. Yes. |
| 11 | THE COURT: I think that'll work fine. Okay. |
| 12 | MS. ADAMS: In regards to admission of documents, I |
| 13 | guess we can do it -- we can do it in that format. That's |
| 14 | fine. Thank you, Your Honor. |
| 15 | THE COURT: Okay. Witness availability? Ms. Adams? |
| 16 | MS. ADAMS: Yes. Here, there is -- there are two |
| 17 | individuals that have conflicts of interest -- there are |
| 18 | others, but I think we can work them around in rebuttal -- |
| 19 | THE COURT: Wait, stop, stop. Hold on. You said |
| 20 | conflicts of interest. Did you mean conflicts of time? |
| 21 | MS. ADAMS: Thank you. Scheduling conflicts. |
| 22 | THE COURT: Yeah. |
| 23 | MS. ADAMS: Yes. |
| 24 | One in particular is Steve Farley. He's a former |
| 25 | senator. He's running for mayor in a very tight race and |

1  resides in Tucson.  It would take him one full day to come out
2  and testify, and he had requested to do an affidavit in lieu of
3  testimony.
4           Opposing counsel does not agree.  And --
5           THE COURT:  Well, we can do it by telephone.  If you
6  want to do it telephonically, or we've done it videoconference
7  too, if you want to do that.
8           MS. ADAMS:  Okay.
9           THE COURT:  We need to set that up, though.  Is that
10 what you want to do?  Have you talked to him about that idea?
11          MS. ADAMS:  I haven't talked to -- I haven't spoken to
12 him about that idea, but I think the travel time -- if he could
13 avoid the travel time, that would be helpful.
14          THE COURT:  All right.  Well, you'll need some
15 coordination with the IT people here to set up if you want to
16 do a video.  Or telephone's much easier.  We could just -- we
17 have the telephones already set up in the courtroom with the
18 speakers on them so they're set up to our system, and we could
19 have it done that way very easily.  But if you want it video,
20 it would be more complicated, but we can do that too.
21          MS. ADAMS:  I think that's a great recommendation.
22          THE COURT:  All right.
23          MS. ADAMS:  I can reach out to him and then
24 communicate back to the Court and counsel within 24 hours.
25          (The Court and the courtroom deputy confer.)

|   |   |
|---|---|
| 1 | THE COURT: All right. I'm going to give you the name |
| 2 | of the person at the courts you need to coordinate this with. |
| 3 | MS. ADAMS: Okay. |
| 4 | THE COURT: And her phone number so that you can -- if |
| 5 | you decide to do a video, you can get ahold of this person and |
| 6 | set that up. |
| 7 | MS. ADAMS: Okay. |
| 8 | THE COURT: We're looking up the phone number right |
| 9 | now. |
| 10 | MS. ADAMS: Thank you, Your Honor. |
| 11 | THE COURT: So, Ms. Adams, you'll have your questions |
| 12 | all written out for your questioner to ask you, then. |
| 13 | MS. ADAMS: Correct. |
| 14 | THE COURT: Here's the person you need to get ahold |
| 15 | of: Stacy Verkayk. It's spelled V-E-R-K-A-Y-K. Her phone |
| 16 | number is 602-322-7163. |
| 17 | MS. ADAMS: 7163, okay. |
| 18 | THE COURT: And explain to her that you're a litigant |
| 19 | in this case in my courtroom. We've discussed this, and if you |
| 20 | want -- and you want to do a videoconference -- videoconference |
| 21 | testimony with a witness in Tucson, and I believe she can help |
| 22 | get it set up with you. Okay? |
| 23 | MS. ADAMS: Okay. Thank you. |
| 24 | THE COURT: Okay. Next we have defendant's second |
| 25 | amended proposed verdict form. |

1           We'll worry about verdict forms when we get further
2  down the road at trial.  I don't think we need to get this
3  resolved now.
4           MS. ADAMS:  Okay.
5           THE COURT:  All right.  Now, just so we understand, at
6  trial, the question of damages regarding back pay, front pay,
7  and/or reinstatement is an issue that I'll decide.  And we'll
8  do that at a separate hearing after this case is tried if there
9  is, in fact, a verdict for plaintiff.  Okay?
10          MS. ADAMS:  Understood.
11          THE COURT:  So there won't be --
12          MR. MOBERLY:  Okay, Your Honor.
13          THE COURT:  And there won't be a need for evidence on
14 those issues at this trial.  If there's evidence regarding the
15 back pay issue that relates to an issue that is relevant to an
16 issue in front of the jury, I'll let that in.  But the other
17 things, the front pay and reinstatement, really isn't an issue
18 that needs to be presented to the jury in any form of evidence
19 or argument.
20          MS. ADAMS:  Okay.
21          THE COURT:  All right. And back pay is the same, but
22 there could be -- I'm not ruling out the idea that some
23 evidence could come in regarding back pay if it is relevant to
24 other issues in the case or to damages.
25          MS. ADAMS:  Okay.

1   THE COURT: Other than those damages, the equitable
2  damages of back pay, front pay, and reinstatement.
3   Okay. Is there anything else we need to take up at
4  this time?
5   MS. ADAMS: I have one pending question on impeachment
6  evidence, Your Honor.
7   THE COURT: Okay.
8   MS. ADAMS: Is that just provided to the court in a
9  sealed envelope prior to trial?
10   THE COURT: Yes. It's provided to the Clerk of the
11  Court. And it's -- impeachment is just pure impeachment. It's
12  not anything that could be used for anything else.
13   MS. ADAMS: Okay.
14   THE COURT: I practiced as a judge and as a lawyer in
15  state court, and in state court, all exhibits got disclosed,
16  even impeachment. And I found that to be much more effective
17  because there wasn't any question about what was impeachment,
18  what wasn't, and what was -- and there weren't any unfair
19  surprises.
20   But in federal court, the impeachment is put in a
21  sealed package and presented to the clerk before trial.
22   MS. ADAMS: Okay.
23   THE COURT: All right?
24   Okay. Anything else?
25   MS. ADAMS: No, Your Honor.

```
1              MR. MOBERLY:  No, Your Honor.
2              THE COURT:  All right.  Then I'll see you guys at
3    trial.
4              MS. ADAMS:  Thank you.
5              MR. MOBERLY:  Thank you.
6              THE COURT:  Okay.  Bye-bye.
7              MS. ADAMS:  Bye-bye.
8              MR. MOBERLY:  Bye.
9              (Proceedings concluded at 9:43 a.m.)
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                    C E R T I F I C A T E
 2
 3         I, JENNIFER A. PANCRATZ, do hereby certify that I am
 4   duly appointed and qualified to act as Official Court Reporter
 5   for the United States District Court for the District of
 6   Arizona.
 7         I FURTHER CERTIFY that the foregoing pages constitute
 8   a full, true, and accurate transcript of all of that portion of
 9   the proceedings contained herein, had in the above-entitled
10   cause on the date specified therein, and that said transcript
11   was prepared under my direction and control.
12         DATED at Phoenix, Arizona, this 2nd day of July,
13   2019.
14
15
16
                     s/Jennifer A. Pancratz_____
17                   Jennifer A. Pancratz, RMR, CRR, FCRR, CRC
18
19
20
21
22
23
24
25
```