**RYLEY CARLOCK & APPLEWHITE**
One North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4417
Telephone 602.440.4800
Fax 602.257.9582
Michael D. Moberly – 009219
mmoberly@rcalaw.com
Lorena C. Van Assche – 025408
lvanassche@rcalaw.com
*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Talonya Adams,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Arizona Senate,<br><br>　　　　　　Defendant. | Case No.: 2:17-CV-00822-DLR<br><br>**DEFENDANT'S OBJECTION TO PLAINTIFF'S BILL OF COSTS** |

Defendant hereby submits its objection to Plaintiff's Bill of Costs in accordance with LRCiv 54.1(b).

Plaintiff's Bill of Costs does not comply with the requirement of LRCiv 54.1(b) that "where available, documentation of requested costs in all categories must be attached." In fact, not a single category of the costs Plaintiff is seeking – let alone "all categories" as contemplated by the rule – is supported by the required documentation.

Plaintiff's failure to produce supporting documentation makes it impossible for the Clerk to determine whether the costs being claimed were in fact incurred, and, if so, whether they were incurred in the amount Plaintiff is claiming. More fundamentally, the failure to provide supporting documentation prevents the Clerk from determining whether some of the requested costs are even taxable.

As one example, Plaintiff has requested "Fees and disbursements for printing" in the amount of $1,711.08, with no further explanation or elaboration. Some or all of those alleged printing costs *might* be taxable under LRCiv 54.1(e)(5). However, Plaintiff's inclusion of a

separate category of costs – again without documentary support – for "Fees for exemplification of the costs of making copies of any materials where the copies are necessarily obtained for use in the case" suggests that her claim for "Fees and disbursements for printing" might reflect the type of "other copy costs [that] are *not* taxable except by prior order of the Court." LRCiv 54.1(e)(5) (emphasis added).

The critical point is that the Clerk simply cannot determine, based on the Bill of Costs Plaintiff has submitted, what amount of the costs she is claiming should be taxed. Because Plaintiff failed to comply with the mandate of LRCiv 54.1(a), and because that failure makes it impossible for the Clerk to determine which of the costs she is claiming are properly taxable and were actually incurred, Plaintiff's Bill of Costs should be denied.

RESPECTFULLY SUBMITTED this 13th day of November, 2019.

**RYLEY CARLOCK & APPLEWHITE**

By: *Michael D. Moberly*
    Michael D. Moberly
    Lorena C. Van Assche
    *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2019, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of a COPY of the foregoing, and also mailed and e-mailed a COPY of the foregoing, this 13th day of November, 2019 to:

Talonya Adams
2 North Central Avenue, Suite 1800
Phoenix, Arizona 85004
talonya@gmail.com
*Plaintiff Pro Se*

*Suzy Walker*