**TALONYA ADAMS**
Two North Central Avenue
Suite 1900
Phoenix, Arizona 85004
(602) 343-1838
*ta@1700westlaw.com*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Talonya Adams | Case No:  CV-17-00822-PHX-DLR |
| Plaintiff, | |
| v. | **MOTION TO ALTER OR AMEND JUDGMENT** |
| Arizona Senate | |
| Defendant. | |

Plaintiff Talonya Adams hereby moves pursuant to Rule 59 of the Federal Rules of Civil Procedure to amend the judgment under Rule 59(e) for the following errors of law or fact in the Court's decision. See *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (banc) (Rule 59 is available to correct errors of law or fact upon which the judgment is based.").

*Plaintiff Is the Prevailing Party on All Claims and Is Entitled to Recover Attorneys' Fees.*

First, it is not in dispute that Plaintiff is entitled to attorneys' fees. (Doc. 214 at 32). Title VII of the Civil Rights Act of 1964 provides that: "In any action or proceeding under this title the court, in its discretion, may allow the prevailing party … a reasonable attorney's fee." 42 U.S.C. § 2000e-5(k). In order to be entitled to an award of attorneys' fees and costs in a Title VII case, it is required that a plaintiff be a prevailing party.  Plaintiff is the prevailing party on all claims. Plaintiff was disallowed to provide testimony on attorney's fees at the evidentiary hearing.  (Doc.

214 at 17) Mr. Moberly asserted to the Court at the August evidentiary hearing that Ms. Adams was "entitled" to attorneys' fees and costs.

> THE COURT: All right. What about attorneys' fees and costs?
>
> MR. MOBERLY: Well, attorneys' fees and costs, I would not — I mean, we don't have those numbers actually laid out in the fashion that we will at some point.
>
> THE COURT: Okay.
>
> MR. MOBERLY: She's entitled to them. You know, we —
>
> (Doc. 214 at 32.)[1]

Notably, the Arizona Senate's legal defense has been the full resources of the Arizona Attorney General's Office. Additionally, in 2019, John Fry of the Attorney General's Office retained his former law partner Mr. Michael Moberly of Ryley Carlock & Applewhite. From February 12, 2019 to September 10, 2019, Mr. Moberly and his firm has been paid $18,592.92 (4/12/2019); $14,255.56 (4/23/2019); $14,163.17 (5/24/2019), $32,459.92 (6/24/2019), $44,536.24 (7/23/2019) and $42,389.41 (8/27/2019) of taxpayer dollars. *See* Exhibit A.


Plaintiff, Talonya Adams has incurred legal fees during the commencement of her litigation, when she was represented by legal counsel and after the close of discovery in 2019 during pre-trial, trial and post-trial matters, including but not limited to reinstatement matters. Evidence of attorneys' fees were disallowed at the evidentiary hearing. (Doc. 194; Doc. 217 at 17:3-10). The Court denied Plaintiff attorneys' fees. Plaintiff hereby requests the court amend the October 17, 2019 order denying attorneys' fees and amend o allow an award of reasonable attorneys' fees she incurred during the litigation against the Arizona State Senate

---

[1] *See Reporter's Transcript of Proceedings Evidentiary Hearing dated August 14, 2019*

from 2015 to the present. As with all litigants in trial and post-trial matters, Plaintiff's aggregate balance of attorneys' fees was unknown at time.

*Post-Termination Damages.*

Plaintiff understand the Court's position regarding post-termination damages and for purposes of preserving a record hereby respectfully requests this Court uphold the June 21, 2019 pre-trial conference order in its entirety, with emphasis on its application to post-termination *wages*. As previously raised on numerous occasions, the Arizona Senate has a duty to prove a failure to mitigate. Although, Ms. Adams did mitigate her damages, the record is woefully deficient of any attempt by or evidence from the Arizona Senate to prove a failure to mitigate, for *any* period of time. The Senate's petition to bar recovery of post-termination benefits in its motion entitled Motion Preclude Award of Back or Front Pay for the Period After Plaintiff Stopped Drawing Employment Benefits is a second bite at the apple, post-trial and in direct contradiction to the pre-trial order and is a critical barrier to the granted equitable reinstatement as intended by 42 U.S.C. 2000e-5(g)(1).

Plaintiff respectfully requests this Court to amend the October 17, 2019 judgment with respect to the Court's June 21, 2019 Final Pre-trial Conference Order. Pre-trial, the Court limited post-termination wages for the period after she "stopped drawing unemployment." Plaintiff testified that she received her last payment in November 2015. (Doc. 162.) There is no contradictory evidence in the record. The State of Arizona/Arizona Senate administers the unemployment program. The State of Arizona/Arizona Senate had actual, direct knowledge and automatic duty initially disclose the unemployment benefit dates during discovery. The Court limited unemployment evidence at trial. Even after Plaintiff filed and was granted a motion to compel—

3

it did not. Further, the Court disallowed any new evidence at the evidentiary hearing. (Doc. 194.) Plaintiff respectfully request that the Court amend the October 17, 2019 judgment to extend the post-termination wages and back pay period from two to nine months.

### Calculation of Post Termination Wage Damages.

On July 12, 2019, a jury unanimously determined that the Arizona State Senate discriminated against Plaintiff based upon her salary. (Doc. 177.) For the duration of her tenure at the Arizona State Senate, Plaintiff's salary was $60,000. (Doc. 214 at 6.) The Court's use of the $60,000.00 discriminatory salary that the Arizona Senate paid Ms. Adams at the time her illegal termination to calculate post-termination back pay is improper.

Plaintiff respectfully request that this Court use the $108,160.00 annualized salary the Arizona Senate awarded to the Caucasian male policy advisors that replaced her.  This is a fair basis to measure what Ms. Adams' policy role was worth. Therefore, Plaintiff request the Court amend the monthly post-termination salary from $5,000 per month to $9,013.33 per month.

### Bar Dues.

The Arizona Senate pays state bar association dues as a fringe benefit to licensed attorneys. (Doc. 214 at 47-48.) Plaintiff paid Arizona State Bar Association dues in the amount of $490 (2016); $505 (2017); $505 (2018); and $505 (2019). (Doc. 214 at 57.) As a means of reinstatement or back pay, Plaintiff is entitled to recover bar dues paid from 2015 to 2019. Plaintiff requests the judgment reflect reimbursement of the stated bar dues in the amount of $2,005.00.

RESPECTFULLY SUBMITTED this 14th day of November, 2019.

BY: /s/ Talonya Adams

4