**RYLEY CARLOCK & APPLEWHITE**
One North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4417
Telephone 602.440.4800
Fax 602.257.9582
Michael D. Moberly – 009219
mmoberly@rcalaw.com
Lorena C. Van Assche – 025408
lvanassche@rcalaw.com
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Talonya Adams,<br><br>                Plaintiff,<br><br>v.<br><br>Arizona Senate,<br><br>                Defendant. | No. CV-17-00822-PHX-DLR<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT** |

**RESPONSE**

Defendant Arizona Senate hereby responds to Plaintiff Talonya Adams' Motion to Alter or Amend Judgment and requests that the Court deny the motion for the reasons set forth in the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     Introduction**

This is a case in which Ms. Adams alleged that the Arizona Senate violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e to 2000e-17, by discriminating against her on the basis of her race and sex and retaliating against her for engaging in statutorily protected activity. At the conclusion of a four-day jury trial that resulted in a verdict in favor of Ms. Adams and ended on July 12, 2019, the Court scheduled a separate evidentiary hearing, to be held on August 14, 2019, to address "the remaining damages at issue." (Doc. 176)

During the August 14 hearing, Ms. Adams indicated that she was seeking not only back pay and reinstatement, but what she characterized as "special damages." Reporter's Transcript of Proceedings dated Aug. 14, 2019 ("Aug. 14 Transcript"), quoted and cited portions of which are attached hereto as Exhibit A, at 15. She asserted that these damages included her attorneys' fees and costs, as well as Arizona bar dues she paid for the years 2016 through 2019. *See id.* at 15-16, 57.

Ms. Adams was not awarded attorneys' fees or damages attributable to her bar dues, and she challenges those rulings in her present motion. She also argues for the use of a different hypothetical salary than the one the Court used to calculate her post-termination back pay award, and finally, in order to preserve the record, she once again argues for a more extended period of post-termination back pay. None of these arguments provide a legitimate basis for altering or amending the Judgment.

## II.  Argument

### A.  Plaintiff is Not Entitled to Recover Attorneys' Fees

Ms. Adams begins her motion by asking the Court to amend its October 17, 2019 Order (Doc. 219) "to allow an award of reasonable attorneys' fees she incurred during the litigation." Plaintiff's Motion to Alter or Amend Judgment (Doc. 237), hereinafter referred to as "Plaintiff's Motion," at 2. This request is both untimely and unwarranted by the evidence presented at the August 14 hearing, or at any time subsequent to that hearing.

Ms. Adams initially asserts that the Senate's counsel conceded during the August 14 hearing that she is "entitled" to attorneys' fees and costs. Plaintiff's Motion, at 2. This statement obviously was a reference to a prevailing Title VII's plaintiff's *presumptive* entitlement to attorneys' fees. *See Morris-Smith v. Moulton Niguel Water Dist.*, 44 F. Supp. 2d 1084, 1085 (C.D. Cal. 1999) (stating that "in Title VII actions a 'prevailing plaintiff ordinarily is to be awarded attorney's fees'" (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417 (1978))), *aff'd*, 234 F.3d 1277 (9th Cir. 2000).

A prevailing plaintiff still must *prove* both the amount and the reasonableness of those fees in order to recover them. As the court in *Molina v. J.F.K. Tailor Corp.*, No. 01 Civ. 4016 (RLC) (KNF), 2004 U.S. Dist. LEXIS 7872 (S.D.N.Y. Apr. 30, 2004) explained:

> A prevailing plaintiff in a Title VII action may recover reasonable attorney's fees. . . . [H]owever, a party seeking an award of attorney's fees must support that request with contemporaneous time records that show, "for each attorney, the date, the hours expended, and the nature of the work done." Attorney fee applications that do not contain such supporting data "should normally be disallowed."

*Id.* at *24-25 (quoting *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983)).

The Senate's counsel referred to this requirement when he was asked by the Court at the August 14 hearing about the Senate's position concerning Ms. Adams' claim for attorneys' fees and costs. The Senate's counsel responded to that inquiry as follows: "Well, attorneys' fees and costs, I would not – I mean, *we don't have those numbers actually laid out in the fashion that we will at some point.*" Aug. 14 Transcript, at 32 (emphasis added). Ms. Adams ignores this aspect of the record in arguing that the Senate has acknowledged her entitlement to an award of attorneys' fees.

Ms. Adams' request is also premised on the assertion that the Court "disallowed" the presentation of evidence concerning her attorneys' fees. Plaintiff's Motion, at 2. This argument is something of a red herring, in that Ms. Adams states later in her motion that her "aggregate balance of attorneys' fees was unknown" at the time of the August 14 hearing, even though she had been on at least constructive notice since the conclusion of the jury trial more than a month earlier that she would need to present evidence in support of any attorneys' fees she claimed. Plaintiff's Motion, at 3. This fact alone was sufficient to warrant the Court's refusal to award her attorneys' fees. *See generally Lockheed Minority Solidarity Coalition v. Lockheed Missiles & Space Co.*, 406 F. Supp. 828, 832 (N.D. Cal. 1976) ("Attorneys who handle plaintiffs' Title VII cases must establish a system of keeping time that lends itself to judicial scrutiny in considering awards of attorneys'

3

fees. If the problems of proof are insurmountable, . . . disputed claims of time will have to be disallowed.").

In any event, the only portion of the record Ms. Adams cited in support of this argument does not support it. In this regard, Ms. Adams cited only the following exchange she had with the Court, which was prompted by its inquiry concerning the amount of attorneys' fees and costs she was claiming:

> Ms. Adams: As it relates to attorneys' fees listed, $6500 pretrial were submitted in this document.
>
> The Court: Okay. And *costs, taxable costs* are normally submitted in the form of [a] statement of costs at the end of the judgment.
>
> Ms. Adams: Okay.
>
> The Court: Okay?
>
> Ms. Adams: Okay.

Aug. 14 Transcript, at 17 (emphasis added), cited in Plaintiff's Motion, at 2.[1]

The Court clearly did not "disallow" evidence pertaining to the amount of attorneys' fees Ms. Adams claimed to have incurred during this exchange. It merely advised her as to the proper procedure for seeking the recovery of taxable costs. *See* LRCiv 54.1(a). Indeed, the portion of the record upon which Ms. Adams relies was immediately preceded by a statement from the Court advising Ms. Adams that "[f]ees and costs are *different*." Aug. 14 Transcript, at 17 (emphasis added).

---

[1] The Court subsequently – and accurately – characterized the "document" to which Ms. Adams referred during this exchange as "a skeletal list calculating the damages she [was seeking] to recover" that "lacks accessible evidentiary support indicating to the Court that the amounts sought are reasonable, recoverable, and founded in law and fact." October 17, 2019 Order (Doc. 219), at 3 (emphasis and footnote omitted).

4

Later in the August 14 proceedings the Court and Ms. Adams did have the following exchange, although Ms. Adams did not cite it in her motion:

> Ms. Adams: . . . I think that's the extent of the damages. Initially – I don't know if Your Honor is interested in hearing about initial attorneys' fees or costs.
>
> The Court: That's something that will be cited at a separate time, in a separate pleading.
>
> Ms. Adams Okay.
>
> The Court: You'll file an application for attorneys' fees, and they'll have a chance to object if you have an itemization.

Aug. 14 Transcript, at 63-64.

Again, the Court was not disallowing the presentation of evidence pertaining to Ms. Adams' attorneys' fees in this exchange. It instead was simply directing Ms. Adams to the governing local rule, which requires the party seeking an award of fees to establish her eligibility for and entitlement to such an award, as well as the reasonableness of the requested award. LRCiv 54.2(c).

However, the applicable rule also requires that party to "file and serve a motion for award of attorneys' fees . . . (along with a supporting memorandum of points and authorities) *within fourteen (14) days of the entry of judgment*." LRCiv 54.2(b)(2) (emphasis added). Despite this requirement, it has now been well over a month since the Judgment in this case was entered, and Ms. Adams has yet to submit a motion for attorneys' fees or the required supporting memorandum.

Ms. Adams's failure to submit such a motion is inexplicable in light of an email exchange she had with the Senate's counsel from October 21 through October 24, 2019 in which she indicated she would be submitting both a Bill of Costs and a motion for attorneys' fees "early [the] next week in response to the October 17, 2019 Order." *See* Declaration of Michael D. Moberly attached hereto as Exhibit B. Submission of a claim

5

for attorneys' fees within that time frame would have been timely. However, Ms. Adams did not submit (and still has never submitted, with her present motion or otherwise) a claim for attorneys' fees. Nor did she request an extension of the time within which such a claim was required to be submitted.[2]

Under the circumstances, Ms. Adams' failure to present evidence of the attorneys' fees she incurred can hardly be blamed on the Court (or for that matter, on anyone else). By completely failing to comply with the requirements of the applicable rule to which the Court directed her, and with which she appears to have been familiar, Ms. Adams must be deemed to have waived any claim for the recovery of attorneys' fees. *See Holy Trinity Greek Orthodox Church v. Church Mut. Ins. Co.*, No. CIV-04-1700-PHX-SMM, 2006 U.S. Dist. LEXIS 46459, at *3-4 (D. Ariz. July 6, 2006) ("LRCiv 54.2(b)(1) provides that *unless otherwise provided by statute or court order*, a party seeking an award of attorney's fees and related non-taxable expenses must file and serve a motion for attorneys' fees and related non-taxable expenses within fourteen days of the entry of judgment in the action.") (emphasis added).

### B. Plaintiff is Not Entitled to an Adjustment of Her Post-Termination Damages Award

Ms. Adams asks the Court to "amend the October 17, 2019 judgment to extend the post-termination wages and back pay period from two to nine months." Plaintiff's Motion, at 4. The Court's Order was explicit in this regard:

> On June 21, 2019, the Court ordered that Ms. Adams could not present evidence on damages regarding past lost wages for the period after she "stopped drawing unemployment benefits" due to her failure to produce mitigating evidence in discovery. (Doc. 162.) The evidentiary record reflects that Ms. Adams stopped drawing unemployment benefits on April 11, 2015. Therefore, she may only recover post-termination damages from February 13 until April 11, 2015, or the span of approximately two months.

---

[2] Oddly, Ms. Adams' present motion and the accompanying attachment do set forth in some detail the amount of attorneys' fees the *Senate* has incurred in this matter. Had she devoted the same energy to gathering evidence of her own attorneys' fees, perhaps she might have been able to present that evidence in the manner and within the time required by the applicable rule.

6

Court's Order dated October 17, 2019, at 4-5 (footnotes omitted).

Ms. Adams argues that the Court's handling of the issue was erroneous because she "testified that she received her last payment in November 2015," and there purportedly is "no contradictory evidence in the record." Plaintiff's Motion, at 3. The latter statement is, of course, flatly incorrect. *See* Aug. 14 Transcript, at 78-85.

The Court's ruling reflects (and effectively enforces) its earlier ruling on the Senate's motion in limine (Doc. 132) that Ms. Adams was precluded from recovering post-termination back pay for any period of time in which she had not produced evidence during discovery of her efforts to mitigate her damages. (Doc. 162). Ms. Adams' testimony as to that issue at the August 14 hearing was not supported by the evidence she produced in response to the Senate's discovery requests, and the Court properly limited her post-termination damages accordingly. As the Ninth Circuit has observed, district courts are "vested with broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial." *Campbell Indus. V. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980).

In addition, Ms. Adams' argument is merely a rehash of arguments she has made previously, and that the Court has repeatedly rejected. Indeed, Ms. Adams herself asserts that her arguments have "previously [been] raised on numerous occasions." Plaintiff's Motion, at 3. Her present motion provides no basis for revisiting the Court's repeated rejection of those arguments.[3]

### C. The Court's Calculation of Plaintiff's Post-Termination Back Pay Was Appropriate

Ms. Adams also argues that the Court improperly calculated her post-termination wages using a salary figure of $60,000. She maintains that the Court should have used "the $108,160.00 annualized salary the Arizona Senate awarded to the Caucasian male policy advisor[] that replaced her." Plaintiff's Motion, at 4. This is the same figure Ms. Adams

---

[3] In fairness to Ms. Adams, she states in her motion that she "understands the Court's position regarding post-termination damages," and that she is merely reasserting her prior arguments "for purposes of preserving a record." Plaintiff's Motion, at 3.

7

suggested at the August 14 evidentiary hearing, where she testified that in calculating the award: "I used the number that my replacement – my white male counterpart replacement was paid, which I believe was the equivalent of $108,000 a year."  Aug. 14 Transcript, at 59.

The argument is meritless.  The "replacement" to which Ms. Adams refers, Mark Bogart, was a highly experienced independent contractor the Senate hired as a temporary replacement solely to complete the remainder of the legislative session that was in progress at the time Ms. Adams' employment was terminated.  Aug. 14 Transcript, at 76-77.  Noting this distinction when it ruled on the Senate's pretrial motion for summary judgment, the Court specifically held that Mr. Bogart is "not [an] appropriate comparator[]" for Ms. Adams.  Order dated February 7, 2019 (Doc. 123), at 11 n.4.  His salary therefore clearly is not the one the Court should have used in computing the amount of Ms. Adams' post-termination back pay.

Ms. Adams also fails to cite any legal authority in support of her argument.  That authority establishes that an award of back pay is an equitable remedy within the Court's discretion.  *See Kaplan v. Int'l Alliance of Theatrical & Stage Employees & Motion Picture Machine Operators*, 525 F.2d 1354, 1363 (9th Cir. 1975) ("The discretion to award back pay for violations of Title VII is statutorily provided." (citing 42 U.S.C. § 2000e-5(g))).

Inasmuch as the decision whether to award back pay at all is a matter within the Court's discretion, the Court clearly "has the discretion to determine the *amount* to be awarded."  *Id.* (emphasis added).  Moreover, in making that determination "[n]o mathematical certainty is required in the computation."  *Id.* at 1362; *see also Thornton v. East Texas Motor Freight*, 497 F.2d 416, 421 (6th Cir. 1974) ("[W]hether back pay should be awarded at all is a matter of discretion.  Likewise . . . after the decision to award back pay has been made, the formula of computation . . . [is a] matter[] within the discretion of the District Court.").

The Court acted well within this discretionary authority in selecting the salary it used to calculate Ms. Adams' post-termination back pay award.  Ms. Adams' only asserted

8

basis for challenging that selection is clearly wrong. There was no error in the Court's handling of this issue, and Ms. Adams' request that the Judgment be altered or amended to reflect the use of the comparative salary for which she argued should be denied.

### D. Plaintiff Is Not Entitled to Recover Her Bar Dues

Finally, Ms. Adams asserts that she is entitled to recover bar dues she paid from 2015 to 2019 in the amount of $2,005.00. This is consistent with testimony she provided at the August 14, hearing. *See* Aug. 14 Transcript, at 16, 57. However, Ms. Adams failed to provide any evidentiary support for her claim, either at the August 14 evidentiary hearing or during pretrial discovery, and that continues to be the case with respect to her present motion.

The Court properly refused to award her damages attributable to this expenditure based solely on Ms. Adams' unsubstantiated testimony. As the Court made clear in its October 17 Order, it "may not simply take her at her word that undisclosed documents support her requests." October 17, 2019 Order (Doc. 219), at 3 n.4. Indeed, the Court addressed this issue again in a telephonic hearing as recently as November 15, 2019, where the following exchange took place:

> Ms. Adams: I was claiming . . . fringe benefits that would have accrued. . . . And it could have been the case that the Court granted those damages and then also granted front pay. The Court did not do that.
>
> \* \* \*
>
> The Court: Let me interrupt you. It's not whether I granted it. It's whether you had the opportunity to claim them, which you did. But you didn't produce the documents that were required that I ordered you to produce three times, and therefore, as a sanction, you weren't allowed to make some of those claims.

9

Reporter's Transcript of Proceedings dated November 15, 2019, at 18-19, the quoted portion of which is attached hereto as Exhibit C.

In short, the Court's repeated rulings on this issue have been correct, and Ms. Adams' motion provides no basis for revisiting those rulings again.

### III. Conclusion

For the foregoing reasons, the Arizona Senate respectfully requests that Ms. Adams' Motion to Alter or Amend Judgment be denied.

RESPECTFULLY SUBMITTED this 27th day of November, 2019.

**RYLEY CARLOCK & APPLEWHITE**

By: *Michael D. Moberly*
Michael D. Moberly
Lorena C. Van Assche
*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2019, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of a COPY of the foregoing, and also mailed and e-mailed a COPY of the foregoing, this 27th day of November, 2019 to:

Talonya Adams
2 North Central Avenue, Suite 1800
Phoenix, Arizona 85004
talonya@gmail.com
*Plaintiff Pro Se*

*Suzy Walker*