**RYLEY CARLOCK & APPLEWHITE**
One North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4417
Telephone 602.440.4800
Fax 602.257.9582
Michael D. Moberly – 009219
mmoberly@rcalaw.com
Lorena C. Van Assche – 025408
lvanassche@rcalaw.com
*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Talonya Adams,<br><br>         Plaintiff,<br><br>v.<br><br>Arizona Senate,<br><br>         Defendant. | No. CV-17-00822-PHX-DLR<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR NEW TRIAL** |

## REPLY

**I.    Ms. Adams Cites No Trial Evidence In Her Response to the Senate's Motion**

Plaintiff Talonya Adams acknowledges at the outset of her response to the Senate's motion for new trial that the motion is premised on the contention that the jury's verdict on her retaliation claim was contrary to the clear weight of the evidence. She nevertheless spends the next several pages summarizing and quoting from jury instructions, and providing a largely irrelevant summary of the procedural history of the case.

It is not until the final two pages of her response that Ms. Adams specifically addresses the Senate's key contention. At that point, Ms. Adams makes the factually unsubstantiated assertion that the evidence she presented "supported the proposition that [she] had been the subject of abrupt, retaliatory adverse action due to her prior protected activity – complaints that every Caucasian male received a raise in 2014 when all female Democratic staffers did not." Plaintiff's Response in Opposition to Defendant Arizona Senate's Motion to [sic] for a New Trial ("Plaintiff's Response"), at 5-6. She argues that the jury therefore properly found that she "had proven, by a preponderance of the evidence

that she complained that she was being discriminated against on the basis of race or sex with respect to her pay and was terminated for that reason." *Id.* at 6 (emphasis omitted).

However, Ms. Adams actually presented *no evidence* that she complained that "every Caucasian male received a raise in 2014 when all female Democratic staffers did not," or that "she was being discriminated against on the basis of race or sex with respect to her pay," and she does not and cannot cite any record evidence to support those assertions in her response. Indeed, her response fails to cite a single page, paragraph or even a line from the evidentiary record at trial.

As discussed in the Senate's motion, the evidence actually presented at trial establishes that in her only relevant communications with representatives of the Senate, Ms. Adams simply (1) asked the Senate's Chief of Staff about "the protocol to request a raise," (2) requested a meeting with several Democratic senators to discuss her "status on the Democratic Caucus staff," and (3) requested a meeting with her immediate supervisor to discuss "a salary increase," asserting only that her workload had substantially increased and that she had "not received a raise in the three sessions [she had] been in the Senate." Defendant's Motion for New Trial, at 3-4 (quoting trial exhibits).

In none of these instances – or on any other occasion – did Ms. Adams' make any allegation of discrimination. The evidence she presented is therefore insufficient, as a matter of law, to support the jury's verdict on her retaliation claim. In addition to the cases cited in the Senate's motion, numerous other courts have reached this conclusion. *See, e.g.*, *Palmer v. University of Illinois*, No. 16-CV-2091, 2017 U.S. Dist. LEXIS 220197, at *19 (C.D. Ill. Nov. 20, 2017) ("Asking for a pay raise . . . without indicating a connection to a protected class, is not a protected activity."), *aff'd*, 727 F. App'x 218 (7th Cir. 2018); *Yeger v. Institute of Culinary Education, Inc.*, No. 14CV8202-LTS, 2017 U.S. Dist. LEXIS 10753, at *54 (S.D.N.Y. Jan. 25, 2017) ("Plaintiff did not engage in any protected activity when she asked for a raise . . . as she did not mention that she felt discriminated against on the account of her age, gender, religion or medical condition."); *Cammarata v. Board of Regents of University of Nebraska*, No. 8:08CV130, 2009 U.S. Dist. LEXIS 95313, at *15

(D. Neb. Oct. 13, 2009) ("A plaintiff must do more than request a raise . . . in order to engage in a protected activity. She must also link the refusal to grant such requests to sex discrimination.').

The Seventh Circuit examined the rationale for the holdings in these cases in *Miller v. American Family Mutual Insurance Co.*, 203 F.3d 997 (7th Cir. 2000). In that case the court held that the plaintiff's complaints concerning her "general displeasure with being paid less than her co-workers" did not constitute protected activity because she "said nothing to indicate that . . . discrimination was an issue." *Id.* at 1008 (emphasis omitted). The court explained: "An employee can honestly believe she is the object of discrimination, but if she never mentions it, a claim of retaliation is not implicated, for an employer cannot retaliate when it is unaware of any complaints." *Id.*

In this case, Ms. Adams did not even complain to anyone at the Senate that she was "being paid less than her co-workers," let alone "indicate that . . . discrimination was an issue." *Id.* She simply expressed a desire to discuss a potential raise because her workload had increased and she had not received a raise during the time she had been employed at the Senate. Under *Miller* and all of the other pertinent authority that has been cited to the Court, this is not sufficient to support the jury's finding of retaliation. *See generally O'Dell v. Trans World Entertainment Corp.*, 153 F. Supp. 2d 378, 391 n.6 (S.D.N.Y. 2001) ("An employer is not clairvoyant and cannot be expected to divine that a general complaint . . . is a masked grievance of [discrimination]."), *aff'd*, 40 F. App'x 628 (2d Cir. 2002).

**II.     Ms. Adams Mischaracterizes The Post-Trial Evidence**

In an apparent attempt to overcome the fatal deficiency in the evidence she presented at trial, Ms. Adams turns to alleged evidence outside the trial court record. In particular, she asserts that "Arizona State Senate Chief of Staff Wendy Baldo has since testified to retaliation and discriminatory acts, at post trial evidentiary hearings." Plaintiff's Response, at 6.

As an initial matter, what Ms. Baldo may or may not have testified to in post-trial proceedings is irrelevant to the question of whether the evidence Ms. Adams presented at

trial was sufficient to sustain the jury's verdict. *See Baxter v. Parris*, No. 1:13-cv-01306-JDB-egb, 2015 U.S. Dist. LEXIS 159224, at *15 (W.D. Tenn. Nov. 25, 2015) (noting that post-trial evidence "can have no bearing on the sufficiency of the evidence introduced at trial"); *United States v. French*, 3:08-CR-0066-LRH-RAM, 2009 U.S. Dist. LEXIS 106274, at *10 (D. Nev. Oct. 29, 2009) (holding that "'new' evidence is irrelevant to the sufficiency of the evidence provided at trial").

Even more fundamentally, Ms. Adams cites nothing to support her characterization of Ms. Baldo's testimony, and insofar as the retaliation claim that is at issue here is concerned, that characterization is false. The pertinent portion of Ms. Baldo's post-trial testimony was as follows:

> The Court:     The question was, do you feel like Ms. Adams was discriminated against?
>
> The Witness:   Yes.
>
> By Ms. Adams:
>
> Q:             Based on her race?
>
> A:             I don't believe so.
>
> Q:             Based on her sex?
>
> A:             Yes.
>
> Q:             Do you believe Ms. Adams was retaliated against?
>
> A:             *I don't believe so.*

Reporter's Transcript of Proceedings dated August 14, 2019, at 94 (emphasis added).[1]

### III.  The Senate's Motion Is Procedurally Appropriate

One final aspect of Ms. Adams' response calls for a response. Ms. Adams describes the Senate's present motion as "repetitive," and as its "third motion for new trial."

---

[1] A copy of the quoted portion of the transcript is attached hereto as Exhibit A.

4

Plaintiff's Response, at 1, 3. The characterizations are specious, and Ms. Adams makes no argument, and certainly cites no authority, suggesting that the Senate's present motion is barred by the submission of its earlier motions. It clearly is not.

For example, Ms. Adams' assertion that her retaliation claim survived the Senate's previous motion for summary judgment is no bar to its present motion. *See Comeaux v. State*, No. 06-00341 BMK, 2007 U.S. Dist. LEXIS 83220, at *4 (D. Haw. Nov. 8, 2007) ("[T]he denial of a motion for summary judgment does not preclude a party from making those same arguments once again at some later stage in the case." (citing *Preaseau v. Prudential Insurance Co. of America*, 591 F.2d 74, 79-80 (9th Cir. 1979))).[2]

Indeed, the Ninth Circuit has explained that "'at times the issues may be such that only after the agony of a full-blown trial may it authoritatively be determined that there was never really [a] decisive issue of fact at all.'" *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 772 (9th Cir. 1981) (quoting *Robbins v. Milner Enterprises, Inc.*, 278 F.2d 492, 497 (5th Cir. 1960))). In this respect, "[a]t each successive 'look' provided by the Rules of Civil Procedure the court's basis for taking a case from the jury *broadens*." *Id.* (emphasis added).

Ms. Adams also observes that the Senate's Rule 50(a) motion at the close of her case "excluded" its present argument concerning her retaliation claim. Plaintiff's Motion, at 2. However, Ms. Adams does not assert that the fact that it was not asserted at that time constitutes a waiver of the Senate's present argument, and it clearly does not. *See Freund v. Nycomed Amersham*, 347 F.3d 752, 765 (9th Cir. 2003) (holding that "a motion for new trial does not have to be preceded by a Rule 50(a) motion"); *Manfred v. Superstation, Inc.*, 365 F. App'x 856, 857 (9th Cir. 2010) ("A litigant who files a *Federal Rule of Civil Procedure* 59 motion for a new trial . . . is not required to file a Rule 50(a) motion first." (citing *Freund*)).

---

[2] As noted in the Senate's motion, Ms. Adams' claim survived summary judgment only because she submitted a personal declaration that was inconsistent with, and effectively repudiated by, the evidence she subsequently presented at trial.

## IV. Conclusion

For all of the foregoing reasons and those asserted in the Senate's motion, the motion should be granted and a new trial directed to be held on Ms. Adams' retaliation claim.

RESPECTFULLY SUBMITTED this 19th day of December, 2019.

**RYLEY CARLOCK & APPLEWHITE**

By: *Michael D. Moberly*
     Michael D. Moberly
     Lorena C. Van Assche
     *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2019, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of a COPY of the foregoing, and also mailed and e-mailed a COPY of the foregoing, this 19th day of December, 2019 to:

Talonya Adams
2 North Central Avenue, Suite 1800
Phoenix, Arizona 85004
talonya@gmail.com
*Plaintiff Pro Se*

*Suzy Walker*