# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Talonya Adams, | No. CV-17-00822-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Senate, | |
| Defendant. | |

In this case, Ms. Adams claimed—and the jury found—that Defendant discriminated against her in terms of her salary, compensatory leave time, and annual leave accrual rate because of her race and sex. The Court refers to these theories as discrimination claims. Ms. Adams also claimed—and the jury found—that Defendant terminated her for complaining that she was being discriminated against in terms of pay based on her race and sex. (*See* Docs. 154, 177.) The Court refers to this theory as a retaliation claim.

In finding for Ms. Adams on her retaliation claim, the jury answered yes to the following question: "Has Ms. Adams proven, by a preponderance of the evidence, that she complained that she was being discriminated against on the basis of race or sex with respect to her pay and was terminated for that reason." (Doc. 177 at 3.) Defendant has moved for a new trial on this claim only. (Doc. 234.) Defendant argues that a new trial is warranted because Ms. Adams did not, in fact, present evidence that she complained she was being

discriminated against on the basis of race or sex with respect to her pay.[1]  Defendants contend that Ms. Adams presented evidence only that she sought a raise, without mention of race- or sex-based discrimination.  Accordingly,

**IT IS ORDERED** that the parties shall appear for oral argument on Defendant's Motion for New Trial (Doc. 234) on **January 23, 2020 at 3:30 PM** in Courtroom 606, 401 West Washington Street, Phoenix, AZ 85003 before Judge Douglas L. Rayes.  Ms. Adams shall come to the hearing prepared to direct the Court to the portions of the trial evidentiary record where she presented evidence to the jury that she complained she was being paid less than her coworkers **because of her race or sex**.  In addition, the parties shall come prepared to discuss how granting a new trial on Ms. Adams' retaliation claim would impact the remedies previously ordered by the Court.

**IT IS FURTHER ORDERED** that the parties shall prepare and bring to the oral argument a table of authorities, in alphabetical order, which includes all the authorities on which the parties will rely at the oral argument.

Dated this 3rd day of January, 2020.

Douglas L. Rayes
United States District Judge

---

[1] Pursuant to Ninth Circuit precedent, to establish a claim for unlawful retaliation under Title VII, Ms. Adams was required to present evidence that (1) she engaged in protected activity; (2) she thereafter was subjected by Defendant to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action. *See Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 894 (9th Cir. 2005). Specifically, to meet Title VII's protected activity prong, Ms. Adams was required to show that she expressed opposition to a practice engaged in by Defendant that was made unlawful by Title VII.  42 U.S.C. § 2000e-3(a). Relevant here, the standard obligated Ms. Adams to demonstrate that she complained to Defendant that she was being discriminated against on the basis of race or sex with respect to her pay—thereby expressing opposition to behavior deemed unlawful under Title VII.