**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

_____

| | | |
|---|---|---|
| **Talonya Adams,** | ) | |
| | ) | No. **CV-17-822-PHX-DLR** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Phoenix, Arizona |
| | ) | March 10, 2020 |
| **Arizona Senate,** | ) | 9:32 a.m. |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**BEFORE:   THE HONORABLE DOUGLAS L. RAYES,  JUDGE**


**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**ORAL ARGUMENT**

**APPEARANCES:**
For the Plaintiff:
    In Propria Persona
    By:  **Talonya Adams**
    2 North Central Avenue, Suite 1800
    Phoenix, Arizona 85004

For the Defendant:
    Ryley Carlock & Applewhite
    By:  **Michael D. Moberly,** Esq.
    1 North Cental Avenue, Suite 1200
    Phoenix, Arizona 85004

Official Court Reporter:
Candy L. Potter, RMR, CRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc 36
Phoenix, Arizona 85003-2151
(602) 322-7246

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

—CV-17-822-PHX-DLR – March 10, 2020—

1          (Proceedings begin at 9:32 a.m.)

2               THE CLERK:  Civil case number 17-822, Adams versus

3     Arizona Senate, on for oral argument.

4               Counsel, please announce for the record.

5               MS. ADAMS:  Good morning, Your Honor, Talonya Adams,          09:32:22

6     plaintiff.

7               THE COURT:  Good morning.

8               MR. MOBERLY:  Mike Moberly on behalf of the defendant,

9     Your Honor.

10              THE COURT:  Good morning.                                     09:32:31

11              Okay.  We're here on defendant's motion for new trial.

12     It's a very narrow issue.

13              Mr. Moberly, you filed the motion, and your argument

14     essentially is, one of the things that a plaintiff in a

15     retaliation case must prove is that he or she made a complaint          09:32:44

16     before being terminated about not -- concerning the pay, and

17     made that complaint alleging that the pay discrepancy was based

18     on sex or race.

19              Is that true, is that your position?

20              MR. MOBERLY:  That's exactly correct.                         09:33:04

21              THE COURT:  My question to you at this point is this:

22     We've already had a hearing on damages, and your client

23     indicated that they wanted Miss Adams to come back to work for

24     them, and that was based on the retaliation claim.

25              What is the purpose of a new trial if we grant -- if I        09:33:22

1  grant a new trial?

2       MR. MOBERLY:  Your Honor, I think as a practical

3  matter the new trial would simply address the compensatory

4  damages issue.  Because we do not know what portion of the

5  compensatory damage was attributable to the claim that we have    09:33:36

6  not challenged for sex and race discrimination pay and the

7  retaliation claim.

8       THE COURT:  Okay.

9       MR. MOBERLY:  As a practical matter, if you were to

10  grant a new trial, the order of reinstatement, I guess,          09:33:50

11  presumably would be vacated.  But there's no intention to let

12  Miss Adams go as a result simply of that.

13       So I think it's simply a trial on the issue of

14  compensatory damages.

15       THE COURT:  Okay.  And what is the amount of damages        09:34:06

16  that you think would need to be retried?

17       MR. MOBERLY:  Well, because it was a cap, it's the

18  300,000.  So we're all in basically.

19       THE COURT:  Okay.

20       MR. MOBERLY:  We could do better, we couldn't do            09:34:17

21  worse, essentially.

22       THE COURT:  All right.  Okay.

23       Miss Adams, the case law seems to support

24  Mr. Moberly's position that the evidence the jury should have

25  is some evidence that you complained to someone about the pay    09:34:32

UNITED STATES DISTRICT COURT

—— **CV–17–822–PHX–DLR – March 10, 2020** ——

1   based on sex or race, and that you told them you were

2   complaining and felt like you were being discriminated because

3   of your sex or race.  And I didn't see any cases that suggest

4   otherwise.  Did you?

5             MS. ADAMS:  Your Honor, I did find a case.  It's a ––   09:34:51

6   the case caption is *Clark v. City of Tucson,* it's a 2020 case.

7   It was signed and filed –– it was signed on February 24th,

8   2020.  It was filed on February 26, 2020.  And I have a copy

9   for Your Honor and opposing counsel.

10            THE COURT:  Okay.  And for the record, what's the     09:35:11

11  citation of that case?

12            MS. ADAMS:  The citation of the case, at this time

13  only the Westlaw citation is available.  It's 2020 WL 914524.

14            THE COURT:  Okay.  And you haven't shared that with

15  counsel yet?                                                    09:35:29

16            MS. ADAMS:  Your Honor, I have not.

17            THE COURT:  Okay.  All right.  Well, let's take a look

18  at it.

19            MS. ADAMS:  May I approach, Your Honor?

20            THE COURT:  You may.                                  09:35:39

21            And just –– we don't like surprises in court.  So if

22  you have something you're going to show the Court, please

23  always show counsel before you show me, before we get started.

24  That would make it a lot easier.

25            MS. ADAMS:  Yes, Your Honor.                          09:35:57

1          THE COURT:  This is a long –– this looks like it's

2    about 20 –– 18 pages.  Is there a particular area you want me

3    to look?

4          MS. ADAMS:  Sure.  I think there are two areas to

5    address.  One I think I partially addressed in my response to          09:36:09

6    the motion for a new trial.

7          THE COURT:  I didn't see this case cited in your

8    response.

9          MS. ADAMS:  This case didn't exist at the time in

10   which my response was filed.          09:36:20

11         THE COURT:  Okay.  Well, where are you directing us?

12         MS. ADAMS:  First is as it relates to the Senate

13   approaching this Court for a motion for new trial on the basis

14   of insufficiency of the evidence.

15         THE COURT:  Just tell me where you want me to look.          09:36:34

16         MS. ADAMS:  Sure.  Page 1.

17         THE COURT:  Okay.  Is there a particular ––

18         MS. ADAMS:  Where it says, "Judgment as a matter of

19   law," Your Honor.

20         THE COURT:  Okay.          09:36:42

21         MS. ADAMS:  Here the Court ruled –– the Arizona

22   District Court ruled that a party must file a pre-verdict

23   motion pursuant to Federal Rules of Civil Procedure 50(a).  He

24   did not.  He moved for a Rule 50(a) motion on the issue of race

25   and sex at the close of my case.  He did not move ––          09:37:02

1          THE COURT:  Wait, wait.

2          MS. ADAMS:  -- on the issue of retaliation.

3          THE COURT:  Was this -- the case that we're looking

4     at, was that a motion for new trial?

5          MS. ADAMS:  It was in part a motion for -- a renewal          09:37:15

6     as judgment as a matter of law and for a motion for a new

7     trial.  Yes, Your Honor.

8          THE COURT:  Direct me to where the Court discusses the

9     requirement to file a motion in a motion for new trial.

10         MS. ADAMS:  Well, I think that's -- I think that's one     09:37:32

11    of the issues, Your Honor.

12         THE COURT:  Okay.

13         MS. ADAMS:  Is that he's asking for a motion for new

14    trial, he's not asking for renewal of the judgment as -- he's

15    not asking for renewal of the motion for judgment as a matter     09:37:46

16    of law because he never moved for judgment as a matter of law.

17          And I -- I think I understand the Court's position,

18    but I'd like to preserve the record that --

19         THE COURT:  I haven't stated a position, I'm just

20    trying to understand what your argument is.                        09:38:01

21         MS. ADAMS:  My argument is is that a judgment of

22    a -- as a matter of law, a Rule 50(a) motion on the issue of

23    retaliation should have been brought during trial.

24          In this case on page 2 says there's two reasons why.

25    First is to preserve the sufficiency of evidence as a question     09:38:19

CV-17-822-PHX-DLR – March 10, 2020

1    of law.  A subsequent motion will then allow the District Court

2    to reexamine its decision not to direct a verdict as a judgment

3    as a matter of law, rather than to engage in an impermissible

4    re-examination of facts found by the jury.

5         Second, the second purpose of the motion for a                09:38:41

6    redirected verdict is to call the claimed deficiency in the

7    evidence to the attention of the Court and to opposing counsel

8    at a time when the opposing party is still in a position to

9    correct the deficiency.

10        THE COURT:  Okay.  Let me read this.  Okay?                   09:38:58

11        MS. ADAMS:  Okay.

12        Second --

13        THE COURT:  Well, let me read it.

14        MS. ADAMS:  Oh, yes, Your Honor.

15        THE COURT:  So this first portion of the order you're         09:41:01

16   referring to is referring to Rule 50(a) of the Rules of Civil

17   Procedure.

18        MS. ADAMS:  Yes, Your Honor.

19        THE COURT:  I was under the impression this was a

20   Rule 59 motion.                                                    09:41:16

21        MS. ADAMS:  Your Honor, Mr. Moberly cites it as a

22   Rule 59 motion, but it goes to the sufficiency of the evidence.

23   And his motion to the Court is nearly identical to the -- his

24   closing argument statements that he made to a jury that

25   rejected the claims.  He's now asking this Court to reexamine      09:41:33

1    and weigh those claims.

2            THE COURT:  I understand all that.  But I'm wondering,

3    is the same requirement that there be issues raised at trial

4    that is required in Rule 50(a) a requirement under Rule 59?

5    That's my only question.                                   09:41:57

6            MS. ADAMS:  It's a fair question before the Court, and

7    I do not know the legal answer to that.  I know the effect is

8    the same, the Court's engagement of an impermissible

9    re-examination of facts found by the jury.

10           THE COURT:  Okay.  All right.  I see your argument    09:42:20

11    here and I see the issues raised in this case you've just

12    cited, at least as the judgment as a matter of law.

13           Is there some other portion you want to refer me to

14    now?

15           MS. ADAMS:  Yes, Your Honor.  On page 11.  This -- the  09:42:54

16    *Clark* case outlines the Ninth Circuit's three ways to show that

17    retaliation was a substantial or motivating factor beyond an

18    adverse employment action.

19           Those three ways, a first, a plaintiff can introduce

20    evidence regarding the proximity and time between the protected  09:43:20

21    action and the alleged retaliatory employment decision.

22           Roughly second, a plaintiff can introduce evidence

23    that his employer expressed opposition to his speech, either to

24    him or others.

25           And third, the plaintiff can introduce evidence that   09:43:34

─── **CV-17-822-PHX-DLR – March 10, 2020** ───

1  his employer's proffered explanations for the adverse

2  employment action were false and pretextual.

3           So there are three ways to show retaliation.

4           Mr. Moberly in his motion, he cites one.  And he

5  states an incorrect or his version or his client's perspective       09:43:55

6  of the facts.  Facts in dispute in the trial record, weighed in

7  deliberation by a jury that ruled against Mr. Moberly's client

8  on every single count.

9           THE COURT:  Okay.  So you're arguing, I think, the

10  third; right?                                                        09:44:23

11          MS. ADAMS:  I am arguing both the third, and I do

12  believe that the trial record is sufficient, Your Honor.

13          Just to respond to Mr. Moberly, one compensatory

14  damages issue that you asked him about, this jury awarded a

15  verdict of $1 million --                                             09:44:35

16          THE COURT:  No, no, no, I understand all that.

17          MS. ADAMS:  Fair enough.

18          THE COURT:  What we're trying to find here is, where

19  is the evidence that there was a request for a pay raise in a

20  complaint that I'm not getting paid like everybody else because      09:44:51

21  of my sex or race.  That's what Mr. Moberly's argument is, and

22  that's what some of the cases he cited suggest, that there has

23  to be at least that beforehand.

24          And we know what the jury found, but he's saying the

25  jury found it based on no evidence.                                  09:45:05

1        MS. ADAMS:  Right.  That is what he's saying.

2        THE COURT:  And I'm asking you for the evidence.

3        MS. ADAMS:  So I think a couple of things.

4        First, I would ask the Court for Mr. Moberly to make

5   his argument.  He alleges that there is no -- he first alleges          09:45:24

6   there is no evidence.  Second, he alleges --

7        THE COURT:  I've read everything, so I know what he

8   argues.  I'm asking you -- he's arguing that one of the pieces

9   of evidence that a person has to prove in making a claim for

10  retaliation is that there was something that was being              09:45:52

11  retaliated against, and that being protected activity.  And the

12  protected activity you're alleging here was that, I complained

13  about the difference in pay based on sex and race.  And he's

14  saying you never put any evidence in the record that you did

15  that.  You complained of pay, but you never said, I'm being        09:46:13

16  paid differently because of my sex or race.  At least his

17  argument is that.

18        And I'm asking you, is there evidence that you did do

19  that?

20        MS. ADAMS:  Yes, Your Honor, I think there is evidence        09:46:24

21  that I did do that.

22        THE COURT:  Okay.  That's where I'm trying to get to.

23  Just show me in the record where it is and we'll be done.

24        MS. ADAMS:  Your Honor, may I approach?

25        THE COURT:  You may.                                          09:46:40

1        Have you shown Mr. Moberly what you're going to show

2   me?

3        MS. ADAMS:  It's the closing argument.  He was there,

4   it's in his possession, and it's cited in his brief.

5        THE COURT:  Whatever you're going to show the Court,        09:46:47

6   always show the other side ahead of time before we get into

7   court.

8        I'm talking about evidence, I'm not talking about

9   argument.  Is there something in here that's evidence?

10        MS. ADAMS:  Does the Court not consider closing        09:47:03

11   arguments evidence?

12        THE COURT:  Absolutely not.

13        MS. ADAMS:  Fair enough.

14        THE COURT:  In fact, it's improper to argue things in

15   closing argument that aren't in evidence.        09:47:14

16        MS. ADAMS:  Mr. Moberly did in his brief, Your Honor.

17        So, Your Honor, I have the Jury Trial Day 2 Testimony

18   of Talonya Adams, and the Jury Trial Day 3 Testimony of Talonya

19   Adams.

20        May I approach?        09:48:03

21        THE COURT:  Now we're getting where I want to go.

22   Show me the evidence and then we can end this.

23        Miss Adams, you can have that closing argument back,

24   that's not going to be something I'll be relying on.

25        Okay.  Is there a page and line you want me to look at        09:48:23

1   in this testimony?

2           MS. ADAMS:  Yes, Your Honor.

3           I think we can start with page 17.

4           THE COURT:  Okay.

5           MS. ADAMS:  I think for context page 16, line 21 might   09:48:52

6   be a better place to start.

7           THE COURT:  I'll read this to myself, you don't need

8   to read it.

9           MS. ADAMS:  Okay.

10          THE COURT:  Tell me when I should stop.  I'm at 17   09:49:24

11  now.

12          MS. ADAMS:  Okay.  Through 17 and up to page 18,

13  line 8.

14          THE COURT:  Okay.  All right.  Is there somewhere

15  in -- I didn't see anywhere where you talked about complaining   09:50:06

16  about the pay scales based on sex or race.  Is there something

17  I missed there?

18          MS. ADAMS:  This is in regards to the email that I had

19  sent to Wendy Baldo regarding a pay raise.

20          THE COURT:  Okay.  I don't think anyone's disagreeing,   09:50:23

21  at least from the defense, that you complained about a pay

22  raise.  He's just saying you never linked it to your sex or

23  race, which is what the retaliation you allege was for, the

24  protected conduct of complaining about a pay raise based on sex

25  or race.  It's not protected conduct to complain about a pay   09:50:39

1    raise generally.

2            MS. ADAMS:  So to be clear, Your Honor, document 174

3    is the jury verdict.  Line 7 is what Mr. Moberly cites in his

4    motion.  The question is, has –– question number 7 ––

5            THE COURT:  Let me interrupt you just for a second.    09:50:59

6    I'm not sure where you're going with this.  But what's said in

7    closing arguments, opening statements, or what the jury found

8    isn't what I'm looking for.  I'm looking for what was the

9    evidence.  That's all I'm looking at, is there evidence.

10           MS. ADAMS:  Mr. Moberly in his motion for a new trial    09:51:12

11   cited the jury verdict question number 7 as the basis of the

12   jury's affirmative answer for which the evidence is

13   insufficient.

14           THE COURT:  So?  I mean, you can't claim that there's

15   evidence in front of a jury because the jury made a finding.    09:51:39

16   The argument they're making is the jury made a finding and it

17   lacked evidence, that's why he's asking for a new trial.

18           MS. ADAMS:  Your Honor, I think the question is

19   whether or not Miss Adams complained she was being

20   discriminated against on the basis of race or sex –– not and –– 09:51:57

21   or sex with respect to her pay and was terminated for that

22   reason.

23           THE COURT:  Exactly.  That's what I want to see.

24   Where is the evidence of that?

25           MS. ADAMS:  Mr. Moberly argues in closing arguments    09:52:09

CV-17-822-PHX-DLR – March 10, 2020

1    that it would have had to have occurred between February 12th

2    and February 20th.  February 12th, the date in which the

3    article was published.  February 20th, in which the Senate for

4    the first time alleges a fact in dispute, Miss Adams was

5    terminated.                                                    09:52:31

6          I disagree.  I had gone to Wendy Baldo.  And there's

7    evidence in the record, prior communication to Wendy Baldo.

8          THE COURT:  That's what I want.  I want to see what

9    the evidence in the record is of that communication where you

10   complained about pay discrimination based on your sex or race.  09:52:47

11         MS. ADAMS:  So page 19 of the Talonya Adams direct

12   examination, the second day of trial --

13         THE COURT:  Okay.  Is that the first -- is that the

14   one you just handed me?

15         MS. ADAMS:  Correct, Your Honor.                         09:53:08

16         THE COURT:  Okay.  I am with you.

17         MS. ADAMS:  Page 19, lines 7 through 9.

18         THE COURT:  My recollection, correct me if I'm wrong,

19   this same issue came up in motion for summary judgment, and you

20   filed an amended affidavit addressing this issue in the motion  09:53:34

21   for summary judgment.  So you're aware this issue -- this was

22   something that had to be presented in evidence.  But you didn't

23   apparently, as far as I've seen, no one's presented me evidence

24   yet, testify that you complained about the pay discrimination

25   because you felt it was based on a sex or race discrimination.   09:53:55

1    MS. ADAMS:  Your Honor, I'm looking for the trial

2  testimony of the meeting with Miss Baldo on or about February

3  12th.

4    THE COURT:  All right.  While you're doing that I'm

5  going to ask Mr. Moberly some questions.                    09:54:37

6    MS. ADAMS:  Thank you, Your Honor.

7    THE COURT:  Mr. Moberly, why don't you address the

8  question that she's raised, first as set forth in that order --

9  that 2020 case regarding judgment as a matter of law.

10    Why isn't the requirement on a motion for new trial   09:54:58

11  that you filed those kind of motions during trial?

12    MR. MOBERLY:  I'm sorry, I didn't hear the last thing

13  you said.

14    THE COURT:  This case talks about certain motions that

15  need to be filed during trial to preserve the posttrial motion.   09:55:11

16  Why isn't that a requirement under Rule 59?

17    MR. MOBERLY:  Well, I suppose -- I suppose there is an

18  argument that perhaps it should be.  In the Ninth Circuit it

19  clearly is not.  And we cited two controlling cases on page 5

20  of our reply in support of the motion for new trial that we   09:55:28

21  filed on December 19th.

22    THE COURT:  Does that apply to a motion for new trial

23  for lack of evidence?

24    MR. MOBERLY:  Correct.

25    THE COURT:  Okay.  So the cases you've cited talk   09:55:41

UNITED STATES DISTRICT COURT

1    about -- there's a lot of reasons you can file a motion for new

2    trial, one of them is generally that, hey, the evidence doesn't

3    support the verdict.  And that's what you've raised.

4         And you're saying the Ninth Circuit law allows a

5    motion for new trial for lack of evidence to be filed without          09:55:56

6    having filed the motions during trial that are set out in this

7    new case she just brought.

8         MR. MOBERLY:  I believe that's what these two cases

9    hold.  And, in fact, one of them, although I don't remember

10   which of the two, actually draws the exact distinction between          09:56:12

11   a motion for new trial and a renewed motion for judgment as a

12   matter of law.

13        THE COURT:  Okay.  All right.  And a judgment as a

14   matter of law, to preserve that there has to be motions filed

15   during the trial.                                                        09:56:28

16        MR. MOBERLY:  Correct.

17        THE COURT:  But for a motion for new trial you're

18   saying it's not required.

19        MR. MOBERLY:  That's correct.

20        THE COURT:  All right.  Secondly, she's pointed out        09:56:34

21   this -- in this order that at least this case, the *Clark versus*

22   *City of Tucson* gives three different ways in which retaliation

23   can be established.  First, the plaintiff can introduce

24   evidence regarding the proximity and time between the protected

25   action and the alleged retaliatory employment decisions.               09:56:52

UNITED STATES DISTRICT COURT

CV-17-822-PHX-DLR – March 10, 2020

1            And in that I understand what they're talking about is

2    that the protected action would have to be a complaint about

3    being treated differently based on sex or race.

4            Do you see it the same?

5            MR. MOBERLY:  Yep.                                      09:57:09

6            THE COURT:  So one is -- I think that's the argument

7    you're making is, there's no evidence that she complained about

8    discrimination based on sex or race, so there's no way to prove

9    that this is a retaliatory action.

10           But the third one, that plaintiff can introduce         09:57:22

11   evidence that his employer's proffered explanations for the

12   adverse employment action were false and pretextual.  What

13   about that?

14           MR. MOBERLY:  Well, the problem is this, that goes to

15   the three-part test under *McDonnell Douglas* and *Burdine* where  09:57:36

16   you show -- the plaintiff has to show basically a prima facie

17   case.  The employer gets a chance to articulate its reason.

18   The plaintiff then gets to show that there was -- that the

19   articulated reason is pretext.

20           In this case our argument is that --                    09:57:54

21           THE COURT:  So let me back up.  You're saying that

22   under the case law the pretextual argument isn't available to

23   establish the prima facie case, it's only to rebut the defense

24   that there was a legitimate reason.

25           MR. MOBERLY:  Well, that's maybe a little overbroad, I   09:58:16

UNITED STATES DISTRICT COURT

1    think.

2         THE COURT:  Is that -- is that what you're saying?

3         MR. MOBERLY:  It's close.  My point is that the

4    deficiency here is that there has not been a showing of

5    protected activity.  And that is part of the prima facie case        09:58:28

6    that you can't remedy by showing that the employer's

7    articulated reason is pretextual.

8         And the reason is -- and we see this cited in the

9    cases all the time -- courts aren't super personnel

10   departments.  Employers are entitled to get things wrong.           09:58:43

11   They're even lawfully entitled to lie about it as long as the

12   lie is not based on protected activity.

13        And in this case there is no protected activity, no

14   evidence that would show this employer that there was a claim

15   of race and sex discrimination in pay.                              09:59:02

16        THE COURT:  So you're saying, the starting point in

17   any retaliation claim is protected activity.

18        MR. MOBERLY:  That's correct.

19        THE COURT:  And protected activity by definition

20   requires in these facts a complaint that Miss Adams was being       09:59:15

21   discriminated against on pay based on her sex or race.

22        MR. MOBERLY:  And I make that point based on the case

23   law that you referred to --

24        THE COURT:  My question, is that yes or no?

25        MR. MOBERLY:  Yes.                                             09:59:31

 1              THE COURT:  Okay.  And you're saying that even though

 2     she may have produced evidence that the Senate's explanation

 3     for why she was terminated was pretextual, that doesn't get her

 4     over the hump of having to prove that there was protected

 5     activity to begin with.                                          09:59:49

 6              MR. MOBERLY:  That's correct.

 7              THE COURT:  Okay.  All right.  Anything else you want

 8     to add?

 9              MR. MOBERLY:  No, Your Honor.

10              THE COURT:  All right.  Miss Adams?                      09:59:56

11              MS. ADAMS:  Yes.

12              THE COURT:  Anything else you want -- I'm still

13     looking for the protected activity -- the evidence of protected

14     activity in the record.  That's what I really want you to point

15     to me.                                                           10:00:07

16              MS. ADAMS:  Thank you.

17              And while I look for it, Your Honor, it would be

18     helpful if Mr. Reilly (sic) can be able to cite his cases.

19              *Coleman v. Home Health Resources Incorporated* is the

20     motion for summary judgment, never makes it to trial.           10:00:16

21              *Brown v. VHS of Michigan,* motion for summary judgment,

22     never makes it to trial.

23              *Silver Sage Partners Limited versus* --

24              THE COURT:  Whoa, whoa, stop, stop.  I'm not

25     sure -- I'm not sure what you're arguing here.                   10:00:30

1       MS. ADAMS:  I think the argument is they do the

2   *McDonnell Douglas* analysis pretrial as a motion for summary

3   judgment in advance of -- or in anticipation of the fate of the

4   case.  They certainly don't go to trial and ever get to a

5   Rule 50(a) motion.                                              10:00:49

6       So I'd like to know what case law is he referencing

7   that allows -- that allows for a Rule 59 motion posttrial,

8   having never motioned for a Rule 50(a) during trial

9   pre-verdict.

10      THE COURT:  Okay.  All right.  Well, I'll take a look   10:01:06

11  at the cases he cites and figure that out.

12      In the meantime, I'd like you to focus on finding in

13  the record for me where the evidence was presented that you

14  complained about discrimination and pay based on your sex or

15  race.                                                           10:01:23

16      If you need a few moments, we can take a recess.

17      MS. ADAMS:  I think that would be helpful, Your Honor.

18      THE COURT:  Okay.  All right.  Let's take 15 minutes.

19  We'll come back at 10:15.

20      MS. ADAMS:  Thank you, Your Honor.                         10:01:32

21    (Recess at 10:01 a.m., until 10:19 a.m.)

22      THE COURT:  Okay.  Miss Adams, did find the evidence

23  in the record?

24      MS. ADAMS:  Yes, Your Honor.

25      So I would point Your Honor to Jury Trial Day 3,           10:19:26

—CV-17-822-PHX-DLR – March 10, 2020—

1   Testimony of Talonya Adams, page 8.

2            THE COURT:  Let me see.  Is that the transcript of 70

3   pages?

4            MS. ADAMS:  Correct, Your Honor.  Document 243.

5            THE COURT:  Page 8?                                      10:19:48

6            MS. ADAMS:  Yes, Your Honor.

7            THE COURT:  Okay.

8            MS. ADAMS:  Lines 9, continued through page 9,

9   line 13.

10           THE COURT:  Line -- I'm sorry, through what?            10:20:16

11           MS. ADAMS:  Page 8, line 9.

12           THE COURT:  I've read that.  But how far do I go?

13           MS. ADAMS:  Okay.  To page 9, line 13.

14           THE COURT:  Okay.  Okay.  All right.  This tells how

15   you felt.  Is there any evidence though that you told somebody  10:20:54

16   that you felt that the reason you weren't getting a raise was

17   because of your race or sex?

18           MS. ADAMS:  Page 10, line 13.

19           THE COURT:  Okay.  Line 13 through?

20           MS. ADAMS:  Through the end of page 10.                 10:21:20

21           THE COURT:  Okay.  Okay.  So I'm looking at page 10,

22   lines 22 through 25.  That seems to be the best testimony that

23   would support your position.

24           MS. ADAMS:  Yes, Your Honor.  If you continue on to

25   page 11.                                                        10:22:03

CV-17-822-PHX-DLR – March 10, 2020

1          THE COURT:  Yeah.

2          MS. ADAMS:  Exhibit 236 was introduced.

3          And at page 9 speaks about the request -- initial

4   request to meet with Wendy Baldo regarding an HR issue.

5          THE COURT:  I'm sorry.  Page 11 talks about      10:22:17

6   Exhibit 236.  And I didn't hear what you said after that.

7          MS. ADAMS:  Lines 9 through 21.

8          THE COURT:  Okay.  Okay.  Anywhere else?

9          MS. ADAMS:  Page 12, starting at line 6 going all the

10  way down.                                                 10:23:18

11         THE COURT:  Page 12, line 6 through 25?

12         MS. ADAMS:  Yes, Your Honor.

13         THE COURT:  Okay.

14         MS. ADAMS:  Page 13, lines 1 through 6.

15         THE COURT:  Okay.                                  10:24:44

16         MS. ADAMS:  Page 44, lines 3 through 5.

17         THE COURT:  You mean 3 and 4?

18         MS. ADAMS:  Yes.  Yes, Your Honor.

19         THE COURT:  Okay.

20         MS. ADAMS:  In addition to that, line 17 --        10:25:13

21         THE COURT:  Still on page 44?

22         MS. ADAMS:  Correct.

23         -- through 25.

24         THE COURT:  17 through 25?

25         MS. ADAMS:  Yes.                                   10:25:42

1           THE COURT:  Okay.

2           MS. ADAMS:  Page 45, lines 5 -- if you want the

3     question, lines 1 through 8.

4           THE COURT:  Okay.  Remind me, what was Exhibit 236?

5           MS. ADAMS:  Correct.                                    10:26:18

6           THE COURT:  What was Exhibit 236?

7           MS. ADAMS:  Okay.  Thank you, Your Honor.

8           Exhibit 236 was an email request to meet with Wendy

9     Baldo involving a human resource issue --

10          THE COURT:  Okay.                                       10:26:29

11          MS. ADAMS:  -- that was sent in early February.

12          THE COURT:  All right.  Any more?

13          MS. ADAMS:  Page -- page 57, line 21 through 25,

14    through page 58, line 13.

15          THE COURT:  Okay.                                       10:27:36

16          MS. ADAMS:  Page -- and then page 67, starting at

17    line 14 going through line 23.

18          THE COURT:  Any more?

19          MS. ADAMS:  There is one citation in Jeff Winkler's

20    trial testimony, Your Honor.                                  10:29:01

21          THE COURT:  Okay.  Do you have that?

22          MS. ADAMS:  Yes.  May I approach?

23          THE COURT:  Yes.

24          Have you shown that to Mr. Moberly?

25          MS. ADAMS:  Yes, Your Honor.                            10:30:10

CV-17-822-PHX-DLR – March 10, 2020

1        Excuse me.  May I approach, Your Honor?

2        THE COURT:  You may.

3        MS. ADAMS:  Thank you.

4        Page 34 for Jeff Winkler trial testimony, line 24

5   through 25, going through line 35 --                      10:31:35

6        THE COURT:  You mean page 35?

7        MS. ADAMS:  Thank you.

8        Page 35, lines 1 through 4.

9        THE COURT:  All right.  Anything else?

10       MS. ADAMS:  Your Honor, there is trial testimony in    10:32:07

11  evidence as it relates to the Family Medical Leave Act and

12  other forms of compensation, which I do believe is pay.  To the

13  extent the Court's interested, I'm happy to share that.

14  Otherwise I do not have anything else as it relates to the

15  trial record.                                              10:32:25

16       THE COURT:  Well, what I'm looking for is evidence

17  that you made complaints that you were being treated

18  differently because of your sex or race.  Is there something

19  else?

20       MS. ADAMS:  No, Your Honor.                           10:32:33

21       THE COURT:  Okay.  All right.  So here's where we are:

22  Mr. Moberly filed his motion back in November 13th.  Your

23  response didn't raise any of these factual issues.  I issued an

24  order back in January 6th setting this oral argument,

25  specifically pointing out that I needed you to show me where in  10:32:54

—CV-17-822-PHX-DLR – March 10, 2020—

1    the record it is.

2          Today's the first time, March 10th, that we see this,

3    so I think in fairness Mr. Moberly should have a chance to

4    respond to this.

5          Do you want to file a written response, Mr. Moberly,          10:33:07

6    or do you want to argue?  This is the first time you've seen

7    these transcripts, I assume, that she's raising.

8          MR. MOBERLY:  I guess I would prefer a written

9    response, Your Honor, but it shouldn't take me too long to

10   prepare that.                                                        10:33:22

11         THE COURT:  Okay.  In fairness, I think -- this has

12   been out there since November, and the first time the Court or

13   the defense sees the position you're taking regarding the

14   transcripts that support your argument that there was protected

15   activity was today.  So Mr. Moberly didn't have this              10:33:37

16   information available to him when he filed his reply to your

17   response, so his reply really wasn't very useful to me.  I need

18   to see what his reply is now that we have the evidence I was

19   asking for.

20         How much time do you need, Mr. Moberly?                     10:33:53

21         MR. MOBERLY:  Could I have until a week from today?

22         THE COURT:  Okay.  So the supplemental reply based on

23   the new evidence alleged in today's hearing from -- the

24   defendant's supplemental reply will be due by no later than

25   March 17th.                                                       10:34:10

UNITED STATES DISTRICT COURT

1          Okay.  Is there anything else we need to take up?

2          MS. ADAMS:  Yes, Your Honor.

3          I would like Mr. Moberly to cite the case law that he

4   was referencing as it relates to a Rule 59 motion prior to

5   posttrial without ever --                                    10:34:29

6          THE COURT:  Well, you can talk to Mr. Moberly

7   afterwards if you want that case law.  I've got the motion, the

8   response.

9          You address your comments to the Court, not to

10  Mr. Moberly.  Okay?                                          10:34:42

11         MS. ADAMS:  Yes, Your Honor.

12         THE COURT:  So that's how we'll do it.

13         I'm sorry, but I've got the case law he cited.  I'll

14  look at it.  If it's not there, it's not there.

15         And if you want some -- Mr. Moberly to help you find   10:34:52

16  the cases he's citing, he can give you that when we leave

17  today.

18         Okay.  We'll stand in recess.  Bye-bye.

19         MS. ADAMS:  Thank you, Your Honor.

20      (Proceedings concluded at 10:35 a.m.)                     10:35:04

21

22                          -oOo-

23

24

25

CV-17-822-PHX-DLR – March 10, 2020

1

2

3

4                    C E R T I F I C A T E

5

6          I, CANDY L. POTTER, do hereby certify that I am duly

7    appointed and qualified to act as Official Court Reporter for

8    the United States District Court for the District of Arizona.

9          I FURTHER CERTIFY that the foregoing pages constitute

10   a full, true, and accurate transcript of all of that portion of

11   the proceedings contained herein, had in the above-entitled

12   cause on the date specified therein, and that said transcript

13   was prepared under my direction and control.

14         DATED at Phoenix, Arizona, this 11th day of March,

15   2020.

16

17

18                              s/Candy L. Potter_____
19                              Candy L. Potter, RMR, CRR

20

21

22

23

24

25