**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Talonya Adams,<br><br>    Plaintiff,<br><br>v.<br><br>Arizona Senate,<br><br>    Defendant. | No. CV-17-00822-PHX-DLR<br><br>**ORDER** |

A jury found, among other things, that the Arizona Senate ("Senate") terminated Ms. Adams in retaliation for her complaining that she was being paid less because of her race and sex, in violation of Title VII of the Civil Rights Act of 1964. In doing so, the jury answered yes to the following question: "Has Ms. Adams proven, by a preponderance of the evidence, that she complained that she was being discriminated against on the basis of race or sex with respect to her pay and was terminated for that reason." (Doc. 177 at 3.) The Senate wants a new trial on this claim because, in its view, Ms. Adams presented no evidence that she made such a complaint.[1] (Doc. 234.) The Court will grant the Senate's

---

[1] The Senate's failure to raise this argument in a Rule 50(a) motion before the case was submitted to the jury does not constitute waiver or preclude it from moving for a new trial now. *Freund v. Nycomed Amersham*, 347 F.3d 752, 765 (9th Cir. 2003). *Clark v. City of Tucson*, No. CV-14-02543-TIC-CKJ, 2020 WL 914524 (Feb. 24, 2020), on which Ms. Adams relies to argue to the contrary, does not address waiver of the right to bring a motion for new trial. Rather, *Clark* found that a defendant could not move for renewed *judgment as a matter of law* on issues not raised at trial in its oral judgment as a matter of law. *Id.* The Ninth Circuit has explained, "unlike a motion for judgment as a matter of law, a motion for new trial does not have to be preceded by a Rule 50(a) motion prior to submission of the case to the jury." *Freund*, 347 F.3d at 765 (citing *Williams v. Fenix & Scisson, Inc.*,

motion.

To prevail on her retaliation claim, Ms. Adams was required to prove that the Senate subjected her to an adverse employment action because she engaged in activity protected by Title VII. *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000) (citations omitted). An employer cannot retaliate against an employee for expressing opposition to employment practices prohibited by Title VII. 42 U.S.C § 2000e-3(a). The unlawful employment practice to which Ms. Adams claims she expressed opposition was disparate pay based on race or sex. (Doc. 154.) Critically, complaining about pay, alone, is not protected activity unless the complaint also communicates concerns about unlawful discrimination. *See Coleman v. Home Health Resources, Inc.*, 269 F. Supp. 3d 935, 942 (D. Ariz. 2017). Therefore to establish that she was retaliated against because she complained to her employer that her lesser pay was the result of race or sex discrimination, the law required Ms. Adams to present the jury with evidence that she in fact complained to her employer that her lesser pay was the result of race or sex discrimination. Evidence that Ms. Adams merely complained of pay discrepancies, generally, without reporting her belief that such discrepancies were based on race or sex discrimination is insufficient. *Id.*

Ms. Adams failed to respond to the Senate's motion for new trial. (Doc. 249.) Failure to respond is deemed consent to the granting of a motion. LRCiv 7.2(i). However, the Court, sua sponte, gave Ms. Adams an additional opportunity to file a response. In her response, Ms. Adams failed to cite any evidence from the trial record that she had complained to her employer that she believed her lesser salary was the result of sex or race discrimination. The Court therefore issued an order setting oral argument and, giving her a third opportunity, directed Ms. Adams to come prepared to present "the portions of the trial evidentiary record where she presented evidence to the jury that she complained she was being paid less than her **coworkers because of her race or sex**." (Doc. 252 at 2)

---

608 F.2d 1205, 1207 (9th Cir.1979) (holding that failure to move for directed verdict nullifies a motion for judgment notwithstanding the verdict, but leaves open for review a motion for new trial)).

(emphasis in original).  At the March 10, 2020 oral argument, when Ms. Adams was still unable to direct the court to any portion of the trial transcript where the pertinent testimony could be found, the Court took a recess to give her yet another opportunity to do so.   After the recess Ms. Adams directed the Court to portions of the trial transcript that, in her view, constituted evidence that she had complained to her employer that she was being paid less than her coworkers because of her race or sex.  The Court will address this evidence, in turn.

Beginning with the July 10, 2019 transcript, Ms. Adams cites her testimony on page 16 line 21 through page 18 line 8, and page 19 lines 7 through 9.  This testimony encompasses Ms. Adams' discovery of the Senate pay schedules which showed she was being paid less than some of the other employees.  This testimony describes  her email to Ms. Baldo asking how to request a pay raise.  There was no testimony that she expressed a concern to Ms. Baldo that the discrepancy was due to her race or sex.

Next, the Court turns to the July 11, 2019 transcript.  Ms. Adams cites her testimony from page 8 line 9 through page 9 line 13, in which she asserted that "looking back" she felt she was discriminated against based on her race and sex.  This testimony describes what she felt after her termination, but it does not show that Ms. Adams, at the time, complained to anyone at the Senate regarding race or sex discrimination being the basis for her lesser pay.

Second, Ms. Adams directs the Court to page 10 line 13 through page 11 line 21.  This testimony reflects that Ms. Adams discussed with Ms. Baldo her belief that she was being discriminated against, generally.  However, this testimony does not indicate that Ms. Adams alleged sex or race discrimination, particularly.  The distinction between general discrimination and discrimination based on race or sex is relevant because employers can lawfully discriminate against an employee for many reasons (for example, educational attainment or experience), but not based on characteristics protected by Title VII (such as race, sex, religion, or national origin).  *Aragon v. Republic Silver State Disposal Inc.*, 292 F.3d 654, 658 (9th Cir. 2002).   Nowhere in this cited evidence does Ms. Adams state that

she believed she was being treated differently because of her race or sex. Moreover, her testimony at trial was that the differential treatment that Ms. Adams alleged to Ms. Baldo involved Ms. Adams' workload, not her pay. Whether Ms. Adams was terminated for complaining about disproportionate workload based on race or sex was not the question posed to the jury. (*See* Docs. 123, 154, 177.)

Third, Ms. Adams cites pages 12 and 13 of her testimony. This testimony directly undercuts her case. In this testimony, Ms. Adams states, "I didn't walk in there and say, 'I feel like I'm being discriminated based on my race,'" and admits, "it was not the work of women per se" that resulted in different treatment. Within these pages, Ms. Adams also notes that she complained to Ms. Baldo about the hiring of Jeff Winkler over Patsy Osmon. This is not the retaliation claim she sought to prove to the jury. This is not evidence that she complained that the discrepancy in her pay was the result of her sex or race.

Fourth, pages 44 and 45 of her testimony, to which Ms. Adams directs the Court, address Ms. Adams' unhappiness with Mr. Winkler, and her complaints to Ms. Baldo about democratic staff working in the basement without windows. Once more, these complaints do not concern her pay or sex or race.

Fifth, Ms. Adams cites page 57 line 21 to page 58 line 13 and page 67 lines 14 through 23 of her testimony, which concern her discovery of and conversations with coworkers regarding Senate salaries. Once again, this testimony does not indicate that Ms. Adams complained to anyone at the Senate about sex or race discrimination.

Finally, Ms. Adams directs the Court to the July 11, 2019 testimony of Mr. Winkler, in which he declared that Ms. Adams never made an allegation of discrimination to him and that he was unaware of her making such allegations to anyone else in the Senate. This testimony obviously does not support Ms. Adams' case.

In sum, despite ample opportunity to do so, Ms. Adams has not identified any evidence presented to the jury that she complained to her employer about race or sex discrimination in terms of pay, which is the specific protected activity upon which her

retaliation claim is based.[2]  Consequently, the jury could not properly find for Ms. Adams on her retaliation claim.

**IT IS ORDERED** that the Senate's motion for new trial on the retaliation claim (Doc. 234) is **GRANTED**.  The parties' motions to amend the clerk's judgment (Docs. 235, 237) are therefore denied as moot.

**IT IS FURTHER ORDERED** that the parties shall participate in a telephonic conference with the Court at **10:00 AM on April 10, 2020** to discuss how to proceed. Counsel for the Senate shall make the necessary arrangements for the call.  All parties participating shall do so via landline only.  The use of cellular phones will not be permitted.

Dated this 23rd day of March, 2020.

Douglas L. Rayes
United States District Judge

---

[2] Notably, this retaliation claim survived summary judgment because Ms. Adams submitted a declaration that, liberally construed, linked her complaints about pay to concerns over race discrimination. (Doc. 123 at 13; Doc. 117 at 34-35.) Ms. Adams did not testify to the same during trial, however.