**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Talonya Adams,<br><br>                  Plaintiff,<br><br>v.<br><br>Arizona Senate,<br><br>                  Defendant. | No. CV-17-00822-PHX-DLR<br><br>**ORDER** |

Before the Court is the Arizona Senate's (the "Senate") motion for determination of damages at second jury trial, which is fully briefed. (Docs. 279, 285, 286.) The Senate's motion is granted for the following reasons.[1]

This matter was tried before a jury, which found in favor of Ms. Adams on both her discrimination claim and her retaliation claim. The jury returned one combined damage award for both claims. On March 24, 2020, the Court granted the Senate's motion for new trial on Ms. Adams' retaliation claim because, despite the jury's verdict, a review of the trial record showed that Ms. Adams had not presented the evidence necessary to prevail on her retaliation claim at trial. The Court explained that the jury could not properly find for Ms. Adams on that claim because she had not presented evidence at trial that she

---

[1] The Senate's request for oral argument is denied because oral argument will not help the Court resolve the motion. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f); *Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

complained to her employer about race or sex discrimination in terms of pay—the specific protected activity providing the basis for her retaliation claim. (Doc. 265.)

The question facing the Court is how to apportion damages awarded by the jury for emotional distress and/or loss of enjoyment of life for both claims, jointly, when only one claim was supported by the evidence. During the September 22, 2020 conference, the Court asked the parties to file briefs addressing how to determine damages at the second trial.[2] The Senate submitted its damages motion on October 16, 2020. (Doc. 279.) The motion is now ripe.

**I. Compensatory Damages**

Because the jury's compensatory damages award does not describe the amount attributable to each claim, the Court must vacate the entire award. *See Bone v. Refco, Inc.*, 774 F.2d 235, 242 (8th Cir. 1985) (vacating entire general damages verdict and remanding for new trial where the court could not determine "how much of the award was predicated" on an erroneously submitted claim); *Okeke v. N.Y. & Presbyterian Hospital*, 275 F. Supp. 3d 470, 487 (S.D.N.Y. 2017) (vacating entire general damages award after the court ordered a new trial on the plaintiff's termination claims because "the jury did not distinguish between emotional distress resulting from the [p]laintiff's termination" versus other claims). The Court must therefore retry the entire damages issue at the second trial.

Procedurally, at the second trial, the jury will be told that the Senate has been found liable on Ms. Adams' race and sex discrimination claim and that their sole responsibility as to that claim is to fix damages in connection with it. *See Okeke*, 275 F. Supp. 3d at 487. As to the retaliation claim, the jury will be told that it is to determine both the liability and damages issues in their entirety. In other words, at the retrial, the jury will first decide whether Ms. Adams has established liability on her retaliation claim. If the jury finds the Senate liable, the jury must then determine Ms. Adams' damages for the retaliation claim.

---

[2] Ms. Adams spends a significant portion of her response arguing that the Senate's motion should be denied because it constitutes an untimely motion for reconsideration. (Doc. 285 at 4-7.) Ms. Adams is mistaken. The Court specifically directed the parties to brief the damages issue at the September 22, 2020 conference. The Senate's motion does not constitute a motion for reconsideration.

However, regardless of the jury's conclusion as to Ms. Adams' retaliation claim, the jury is also responsible for deciding the damages to be awarded for Ms. Adams' discrimination claim.

**II.  Back Pay**

Because Ms. Adams' post-termination portion of her back pay award (Doc. 219) stems from her retaliation claim, the Court must vacate the post-termination portion of its back pay award.[3]  *See Okeke*, 275 F. Supp. at 487 (vacating back pay award arising from the plaintiff's discriminatory termination claims after the court granted a new trial on those claims).  Contrary to Ms. Adams' contention, the Seventh Amendment does not give her the right to have the post-termination back pay amount determined by the jury at the second trial.  *See Lutz v. Glendale Union High Sch., Dist. No. 205*, 403 F.3d 1061, 1069 (9th Cir. 2005) (citing *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 415-16 (1975)) ("[T]here is no right to have a jury determine the appropriate amount of back pay under Title VII . . . Instead, back pay remains an equitable remedy to be awarded by the district court in its discretion.").  However, should Ms. Adams prevail on her retaliation claim at the second jury trial, the Court will reinstate its original post-termination back pay award.

**IT IS ORDERED** that the Senate's motion for determination of damages at second jury trial (Doc. 279) is **GRANTED.**

**IT IS FURTHER ORDERED** that the jury's compensatory damages award, capped at $300,000, is **VACATED.**  The jury will determine a new compensatory damages award at the second trial, to be capped at $300,000.

/ / /

/ / /

/ / /

---

[3] The Court's pre-termination damages award—$38,693.48 in back pay and approximately $ 4,900.00 in pre-termination benefits—is unaffected by the Court's ruling.

**IT IS FURTHER ORDERED** that the Court's post-termination portion of its back pay award, in the amount of $10,000, is **VACATED.** Should Ms. Adams prevail on her retaliation claim at the second trial, the award shall be reinstated.

Dated this 14th day of December, 2020.

*[Signature]*
Douglas L. Rayes
United States District Judge