WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Talonya Adams, | No. CV-17-00822-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Senate, | |
| Defendant. | |

Before the Court are the Arizona Senate's (the "Senate") motions in limine to exclude evidence of discrimination (Doc. 300) and evidence of back pay and benefits (Doc. 301). Ms. Talonya Adams has failed to file a response, and the deadline to do so has passed. Pursuant to Local Rule of Civil Procedure 7.2(i), lack of response may be deemed consent to the granting of motions, and the Court may dispose of them summarily. Nevertheless, the Court has considered both motions on the merits and finds them well-taken for the following reasons.

First, Ms. Adams shall be foreclosed from introducing evidence at trial in support of her claim that the Senate discriminated against her on the basis of race and/or sex. The Senate's motion for new trial did not challenge the jury's finding regarding Ms. Adams' discrimination claim. Rather, the only matters at issue during the forthcoming trial will be the Senate's potential liability on Ms. Adams' retaliation claim and the amount of compensatory damages to which she is entitled. Proof that an employer engaged in

unlawful discrimination is not an element of a Title VII retaliation claim; thus, discrimination evidence is not necessary to the jury's assessment of Ms. Adams' retaliation claim. *Sias v. City Demonstration* Agency, 588 F. 2d 692, 695 (9th Cir. 1978). Moreover, the Court has already ruled that the jury at the second trial will be told that the Senate has been found liable on Ms. Adams' race and sex discrimination claim. Thus, allowing Ms. Adams to nevertheless submit evidence to the jury related to her undisturbed discrimination claim would confuse the issues before the jury and waste Court time and resources. Fed. R. Evid. 403.

Second, Ms. Adams shall not be permitted to introduce evidence at trial of back pay and benefits. The Court has already ruled on Ms. Adams' entitlement to back pay, and noted that, while its post-termination portion of the back pay award was necessarily vacated by its ruling on the motion for new trial, the award would be reinstated in the event Ms. Adams prevails on her retaliation claim in the second trial. Furthermore, back pay is a discretionary equitable remedy awarded by the district court; a plaintiff's entitlement to back pay is not a jury consideration. *Viveros v. Donahoe*, No. CV 10-08593 MMM (Ex), 2012 WL 12883966, at *2 (C.D. Cal. May 22, 2012). Consequently, introduction of such evidence would be irrelevant. Fed. R. Civ. P. 401-402. Accordingly,

**IT IS ORDERED** that the Senate's motions in limine (Docs. 300, 301) are **GRANTED.**

Dated this 30th day of June, 2021.

Douglas L. Rayes
United States District Judge