**RYLEY CARLOCK & APPLEWHITE**
3200 North Central Avenue, Suite 1600
Phoenix, AZ 85012-2401
Telephone 602.440.4800
Fax 602.257.9582

Michael D. Moberly – 009219
mmoberly@rcalaw.com
*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Talonya Adams,<br><br>            Plaintiff,<br><br>v.<br><br>Arizona Senate,<br><br>            Defendant. | Case No.  CV-17-00822-PHX-DLR<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO BIFURCATE TRIAL** |

## RESPONSE

Defendant Arizona Senate hereby responds to Plaintiff's Motion to Bifurcate Trial (Doc. 334) and requests that the Court deny the motion for the reasons set forth in the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     Introduction

Less than a week before the three-day trial in this matter, and after the final pretrial conference at which the issue was not discussed, Plaintiff has moved to bifurcate the trial so that the issues of liability and damages are tried separately.  Whatever merit the bifurcation of those issues might have under other circumstances, it is not feasible or appropriate at this late stage of the proceedings in the present case.  Plaintiff's motion should be denied.

### II.     Analysis

The parties in this case agreed to a three-day trial, and have been preparing their respective cases accordingly.  At the final pretrial conference on November 1, 2021, the

Court and the parties discussed some of the challenges presented in trying the case within that time frame, even as presently postured.  Bifurcation was not mentioned, and it seems highly unlikely that the bifurcated trial Plaintiff is seeking could be completed within the allotted time.

Plaintiff herself has presented nothing to support her contention that bifurcating the issues of liability and damages would further the interests of judicial economy in this case. *See* Plaintiff's Motion to Bifurcate Trial (Doc. 334), at 1.  Plaintiff's motion merely makes vague references to "witness availability" and the need to "streamline witness trial appearances and/or testimony."  *Id.* at 3, 4.  However, her motion contains no discussion whatsoever as to how those issues would be impacted by the bifurcation of trial, or vice versa.

Far from "streamlining" testimony, bifurcation undoubtedly would require one or more witnesses in the case – particularly Plaintiff herself – to be called more than once. Bifurcation also would require the giving of two separate sets of jury instructions, and the presentation of two separate sets of opening statements and closing arguments, further lengthening the time of trial.  Perhaps most significantly, bifurcation would require two separate periods of jury deliberation.  Neither the parties nor the Court has any ability to limit or control the time the jury would take to deliberate on the first (liability) phase in Plaintiff's proposed bifurcated trial.

The principal case cited in Plaintiff's motion is *Hopkins v. Dow Corning Corp.*, 33 F.3d 1116 (9th Cir. 1994).  However, the court in *Dow* was merely describing the procedural posture of the trial in that case.  The Ninth Circuit's opinion contains no discussion of the circumstances under which bifurcation might be appropriate.  In addition, as Plaintiff herself notes in her motion, in *Hopkins* "trial was bifurcated so that [the] liability issue could be determined first, and [a] second trial for damages would be held 'if needed.'"  Plaintiff's Motion to Bifurcate Trial (Doc. 334), at 4 (quoting *Hopkins*, 33 F.3d at 1119).

2

On at least two occasions the Court in this case has made it clear that the jury at the upcoming trial will be required to determine damages *regardless of its determination of the liability phase of Plaintiff's retaliation claim*.  *See* Minute Entry dated November 1, 2021 (Doc. 333), at 1 ("[R]egardless of the jury's conclusion as to Ms. Adams' retaliation claim, the jury is also responsible for deciding the damages to be awarded for Ms. Adams' discrimination claim." (quoting Doc. 287, at 2-3)).  Accordingly, unlike in *Hopkins*, there is no possibility that Plaintiff's requested bifurcation might avoid the need for the jury to determine damages in this case, and thus no similar judicial economy would result from bifurcation here.[1]

Finally, Plaintiff has presented no argument as to why the potential jury confusion to which she alludes cannot be adequately dealt with by the jury instructions and form of verdict.  In addition, both parties will have the opportunity to clarify the nature of the case in their closing arguments.  While the procedural posture of the case may be somewhat unusual, it is certainly not so complicated or confusing as to be beyond the comprehension of reasonable jurors to whom it is explained.  Bifurcation of the liability and damages issues is simply not necessary to avoid jury confusion.

**III.   Conclusion**

This case has been pending for several years, and it is time to bring the trial phase, at least, to a conclusion.  To that end, the parties have agreed the trial can be concluded in three days.  And as the Court indicated at the pretrial conference, jurors (not to mention parties and witnesses) rely on what they have been told about the time allotted for trial.  Plaintiff's eleventh-hour injection of the bifurcation issue risks undermining that objective, and should be rejected.  Her motion should be denied.

---

[1] In the only other Ninth Circuit case Plaintiff cited, *Huizar v. City of Anaheim (Estate of Diaz)*, 840 F.3d 592 (9th Cir. 2016), the Ninth Circuit merely noted that the trial court has the authority to bifurcate liability from damages in appropriate cases.  *See id.* at 601.  The court proceeded to make clear that it was "not announcing a rule that requires district courts always, usually, or frequently to bifurcate damages from liability," and stated that it "usually affirm[s] a trial judge's decision – to either bifurcate or keep things together – as within her discretion."  *Id.* at 603, 601.

RESPECTFULLY SUBMITTED this 3rd day of November 2021.

**RYLEY CARLOCK & APPLEWHITE**


By: /s/  Michael D. Moberly
Michael D. Moberly
*Attorneys for Defendant*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 3, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing.   COPY of the foregoing also mailed and e-mailed this 3rd day of November 2021 to:


**TALONYA ADAMS**
522 North Central Avenue
Ste. 25401
Phoenix, AZ 85004
Telephone 602.903.8809
talonya@gmail.com

By: */s/ Tina Kaminski*