**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Talonya Adams,<br><br>    Plaintiff,<br><br>v.<br><br>Arizona Senate,<br><br>    Defendant. | No. CV-17-00822-PHX-DLR<br><br>**ORDER** |

After a three-day trial, a jury returned a verdict on November 10, 2021, finding, among other things, that Plaintiff Talonya Adams "complained that she was being discriminated against on the basis of race or sex with respect to her pay and was terminated for that reason" by Defendant Arizona Senate, in violation of Title VII of the Civil Rights Act of 1964. (Doc. 352.) But, after the close of evidence and before the case was submitted to the jury, the Senate orally moved for judgment as a matter of law. The motion, made pursuant to Federal Rule of Civil Procedure 50, argues that Ms. Adams presented no credible evidence that she complained about disparate pay on the basis of sex or race. (Doc. 348.) For the reasons stated below, the Senate's Rule 50 motion is denied.

First, some background. Ms. Adams, an African-American woman, worked as a Policy Advisor at the Senate beginning in 2012. (Doc. 341 at 2.) During her tenure, her salary was $60,000, and she had no disciplinary record. (*Id.*) She asked for a raise on February 4th and 5th of 2015. On February 13, 2015, she read an article that informed her,

for the first time, of the salaries of other Senate employees. Later that month, while on approved family leave, Wendy Baldo notified her that her services were no longer needed and that she had been terminated. (*Id.*) Ms. Adams sued the Senate, alleging, among other things, that the Senate terminated her in retaliation for complaining about disparate pay based on sex and race. (Doc. 1-1, 12.)

An employer cannot retaliate against an employee for expressing opposition to employment practices prohibited by Title VII. 42 U.S.C § 2000e-3(a). To prevail on her retaliation claim, Ms. Adams was required to prove that the Senate terminated her because she engaged in activity protected by Title VII. *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000) (citations omitted). The unlawful employment practice about which Ms. Adams says she complained was disparate pay based on race or sex. (Doc. 341 at 3.)

The first trial in this case occurred in 2019. The jury found that the Senate terminated Ms. Adams in retaliation for complaining that she was being paid less because of her race and sex, in violation of Title VII (Doc. 177). The Senate sought a new trial, arguing that Ms. Adams presented no evidence that she actually made such a complaint. (Doc. 234.) The Court agreed. Ms. Adams presented evidence in the first trial that she complained about pay but not that her complaint about pay was related to concerns about unlawful discrimination. *See Coleman v. Home Health Resources, Inc.*, 269 F. Supp. 3d 935, 943 (D. Ariz. 2017) (complaining about pay, alone, is not protected activity unless the complaint also communicates concerns about unlawful discrimination). Thus, the Court granted the Senate's request for a new trial on the retaliation claim. (Doc. 265.)

And so the second trial began, with the parties appraised of the crucial issue: whether Ms. Adams complained about disparate pay based on sex or race. At the close of evidence, the Senate made a Rule 50 motion, reprising its earlier argument that Ms. Adams presented no credible evidence that she made such a complaint. (Doc. 348.) Ms. Adams claims she did, directing the Court to her own testimony. The Court agrees with Ms. Adams.

Rule 50 provides that "[i]f a party has been fully heard on an issue during a jury trial

and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may . . . resolve the issue against the party." The "legally sufficient evidentiary basis" standard "mirrors" the summary judgment standard. *Reeves v. Sanderson Plumbing Prods.*, Inc., 530 U.S. 133, 150 (2000). The moving party therefore must show an absence of a dispute of material fact and that it is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986). The question, then, is whether there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Fisher v. City of San Jose*, 558 F.3d 1069, 1074 (9th Cir. 2009) (en banc) (internal quotation omitted). The standard is "extraordinarily deferential" and "is limited to whether there was *any* evidence to support the jury's verdict." *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961-62 (9th Cir. 2009) (alteration in original). "[T]he court must draw all reasonable inferences in favor of the nonmoving party." *Reeves*, 530 U.S. at 150.

Two statements from the trial form this evidentiary basis. First, Ms. Adams testified that she met with Jeff Winkler and Katie Hobbs on February 4, 2015 and complained that men had received raises while she had not. And second, she testified that she asked Wendy Baldo for a raise on February 5, 2015 and told her that women were being paid less than men. With these statements, a reasonable jury could conclude that Ms. Adams complained to the decisionmakers about disparate pay based on sex.[1]

The Senate does not argue that Ms. Adams failed to testify that she made complaints about perceived disparities based on her sex on February 4 and 5. Instead, the Senate argues that no reasonable juror could believe those two statements in light of Ms. Adams' testimony that she first learned the salaries of other Senate employees by reading the February 13 article. The Senate contends that Ms. Adams couldn't have complained about pay disparities on February 4th or 5th if she did not know about pay disparities until

---

[1] Missing from these statements, and anywhere else in the record, is evidence that Ms. Adams complained to decisionmakers about disparate pay based on race. This evidentiary deficiency is of no moment, however, because the evidence concerning Ms. Adams' complaints about sex-based pay disparities is, itself, sufficient to support the conclusion that she engaged in protected activity.

- 3 -

1  February 13.  The Senate also made this argument in its closing argument to the jury.

2  Although the Senate has identified an inconsistency in Ms. Adams' testimony, such discrepancies go to credibility, which is an issue for the jury—not the Court—to resolve.[2] *See Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011).  "Because credibility issues cannot be resolved at the summary judgment stage," *Ross v. Prudential Ins. Co. of Am.*, No. CV 05-2936-PHX-DGC, 2006 WL 2460919, at *6 (D. Ariz. Aug. 23, 2006), and the Rule 50 standard "mirrors" the summary judgment standard, *Reeves*, 530 U.S. at 150, it necessarily follows that the Court cannot grant a Rule 50 motion when doing so requires it to make a credibility determination.[3]  At any rate, the jury heard the Senate's argument and implicitly rejected it by returning a verdict in Ms. Adams' favor.  In sum, though Ms. Adams presented no evidence that she complained about pay disparities based on race, she did testify that she complained about pay disparity based on sex.

**IT IS ORDERED** that Defendant's Rule 50 motion (Doc. 348) is **DENIED**.

Dated this 15th day of November, 2021.

_____
Douglas L. Rayes
United States District Judge

---

[2] A Rule 50 motion is not the proper tool to impugn witness credibility and then capitalize on it—rigorous cross-examination is. *United States v. Lindstrom*, 698 F.2d 1154, 1160 (11th Cir. 1983).

[3] This is especially true when, as here, a rational trier of fact could find the witness credible.  Based on the evidence presented, a jury reasonably could reconcile Ms. Adams' testimony by finding that Ms. Adams suspected she was being paid less because of her sex prior to February 4th or 5th, complained about this suspected pay disparity, and later had her suspicions confirmed by the February 13th article.