**RYLEY CARLOCK & APPLEWHITE**
3200 North Central Avenue, Suite 1600
Phoenix, AZ 85012-2401
Telephone 602.440.4800
Fax 602.257.9582
Michael D. Moberly – 009219
mmoberly@rcalaw.com
*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Talonya Adams,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Arizona Senate,<br><br>　　　　　　Defendant. | Case No. CV-17-00822-PHX-DLR<br><br>**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED FORM OF JUDGMENT** |

Defendant Arizona Senate objects to the following aspects of Plaintiff's proposed form of Judgment ("Plaintiff's proposed Judgment"):

　　　1.　　Plaintiff cites no authority for awarding pre-judgment interest on the entire amount of the judgment, including the compensatory damages award. *See* Notice of Lodging Plaintiff's Proposed Form of Judgment (Doc. 374), at 2. Although there appears to be no controlling Ninth Circuit precedent, courts that have addressed the issue have invariably held that "prejudgment interest [is] available to prevailing parties in Title VII cases only with respect to back pay awards." *EEOC v. Local 638*, 13 F. Supp. 2d 453, 470 (S.D.N.Y. 1998), *aff'd in part and rev'd in part on other grounds sub nom. City of New York v. Local 28, Sheet Metal Workers Int'l Ass'n*, 170 F.3d 279 (2d Cir. 1999); *see also Anderson v. Brennan*, 254 F. Supp. 3d 253, 262 (D. Mass. 2017) (noting that "prejudgment interest is generally not awarded on emotional distress damages" in Title VII cases), *aff'd*,

911 F. 3d 1 (1st Cir. 2018).[1]

2. Plaintiff offers no explanation for her proposal that pre- and post-judgment interest accrue on the entire amount of the judgment at the rate of 1.66%. The post-judgment interest rate, in particular, is governed by statute, and the currently applicable rate is well-below 1.66%. *See* 28 U.S.C. § 1961(a).

3. Plaintiff also provides no rationale for her request for "restoration of compensatory hours, vacation hours and sick leave hours, rather than liquidated monetary amounts of $2,220.40 and $2,704, respectively." Notice of Lodging Plaintiff's Proposed Form of Judgment (Doc. 374), at 2. Plaintiff's entitlement to compensation for those benefits was established in the Court's Order dated October 17, 2019 (Doc. 219), at 5 & nn.8 & 9. Those benefits comprise a portion of the back pay award the Court has repeatedly indicated is to be reinstated now that the jury in the second trial has found in her favor on her retaliatory termination claim. *See*, *e.g.*, Order dated December 14, 2020 (Doc. 287), at 3. Plaintiff presents no argument as to why the Court's original handling of the issue was erroneous, let alone why it should be revisited now. *See generally Unger v. Consolidated Foods Corp.*, 657 F.2d 909, 918 (7th Cir. 1981) ("It is well established that the trial court has broad discretion in awarding back pay and that its method of assessing the amount of back pay will be set aside only for an abuse of discretion."), *vacated on other grounds*, 456 U.S. 1002 (1982).

4. Finally, the four numbered introductory paragraphs of Plaintiff's proposed Judgment (Doc. 375), at 1-2 recite matters set forth elsewhere in the record. The inclusion of that information in the Judgment itself is unnecessary. *Cf. Richards v. Chime Financial, Inc.*, No. 19-cv-06864-HSG, 2021 U.S. Dist. LEXIS 97881, at *35 (N.D. Cal. May 24, 2021) ("The parties are . . . directed to file a short stipulated final judgment of two pages or less within 21 days from the date of this order. The judgment need not, and should not, repeat the analysis in this order.").

---

[1] Additional authority for and analysis supporting this proposition are contained in Defendant's Motion to Alter or Amend Judgment dated November 13, 2019 (Doc. 235), at 3-5.

RESPECTFULLY SUBMITTED this 30th day of November 2021.

RYLEY CARLOCK & APPLEWHITE

By: /s/ Michael D. Moberly
    Michael D. Moberly
    *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing. COPY of the foregoing mailed and e-mailed this 30th day of November 2021 to:

TALONYA ADAMS
522 North Central Avenue
Ste. 25401
Phoenix, AZ 85004

TALONYA ADAMS
P.O. Box 25401
Phoenix, AZ 85002
talonya@gmail.com

By: */s/* Tina Kaminski