**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Talonya Adams,

Plaintiff,

v.

Arizona Senate,

Defendant.

No. CV-17-00822-PHX-DLR

**ORDER**

This action was tried before a jury on July 9-12, 2019, and the jury rendered a verdict for Plaintiff Talonya Adams on her Title VII discrimination and retaliation claims, awarding her $1,000,000 in compensatory damages. (Doc. 177.) After an evidentiary hearing and related motion practice, the Court capped the compensatory damages at $300,000 pursuant to 42 U.S.C. § 1981a(b)(3)(D) and additionally awarded Ms. Adams $53,617.88 in back pay, of which $38,693.48 was for pre-termination back pay, $10,000 was for post-termination back pay, and $4,924.40 was for past lost benefits. The Court also ordered Ms. Adams reinstated. (Doc. 219.)

Soon after, the Senate sought and the Court granted a new trial on Ms. Adams' retaliation claim. (Docs. 234 & 265.) Because the jury's compensatory damages award did not describe the amount attributable to each claim, the Court determined that it had to vacate the entire compensatory damages award. (Doc. 287.) The new trial therefore was limited to three issues: (1) liability for retaliation, (2) compensatory damages for

discrimination, and (3) if Ms. Adams prevailed on her retaliation claim, compensatory damages for retaliation. (Docs. 265 & 287.) The Court also vacated the $10,000 post-termination back pay award because those damages stemmed from Ms. Adams' retaliation claim. The Court explained that it would reinstate this portion of the back pay award if Ms. Adams prevailed on her retaliation claim at the second trial. The remainder of the back pay award was unaffected by the Court's order granting a new trial. (Doc. 287.) And, although Ms. Adams' reinstatement stemmed from her retaliation claim, the Senate agreed that it would not seek to disturb the reinstatement order.

The second trial took place on November 8-10, 2021, and the jury rendered a verdict for Ms. Adams on her retaliation claim and awarded her $750,000 in compensatory damages on the discrimination claim and $2,000,0000 in compensatory damages on the retaliation claim. (Doc. 352.) The Court now must address some outstanding damages-related issues.

First, as before, the statutory cap of $300,000 in 42 U.S.C. § 1981a(b)(3)(D) applies. The Senate asks the Court to reduce the respective awards for the retaliation and discrimination claims on a pro rata basis to conform with the statutory cap; Ms. Adams asks that the Court cap the total compensatory damages verdict without specifically allocating a share per claim. (Docs. 371 & 374.) The Court agrees with Ms. Adams and will reduce the total compensatory damages award to $300,000 to conform with the statutory cap, without specifically allocating a share per claim, because it is clear from the verdict form that the jury's verdict on either claim can independently support an award of $300,000.

Second, per its previous order, the Court reinstates the $10,000 post-termination back pay award because Ms. Adams prevailed on her retaliation claim. The pre-termination back pay award remains unaffected by the new trial.[1]

Lastly, pre-judgment interest. Ms. Adams asks that the Court award pre-judgment

---

[1] Ms. Adams asks the Court to order the Senate to restore her sick time and vacation time, not award them as damages. The Court already ruled on these issues, and those rulings were unaffected by the order granting a new trial. (Docs. 219, 287.)

interest on the total damages award, including compensatory damages, but she cites no case, Ninth Circuit or otherwise, that supports assessing pre-judgment interest for compensatory damages in this context. Indeed, the Ninth Circuit has not allowed an award for pre-judgment interest for compensatory damages in discrimination cases because those damages, unlike backpay, are not fixed before trial. *Criswell v. W. Airlines, Inc.*, 709 F.2d 544, 557 (9th Cir. 1983). The Court therefore awards pre-judgment interest only for the non-compensatory damages as previously ordered. (Docs. 219, 287.)

**IT IS ORDERED** that, per the jury's verdicts (Docs. 177 & 352) and the Court's prior orders (Docs. 219, 287), Plaintiff Talonya Adams is reinstated in her position at the Senate and is awarded $353,617.88 in damages. This amount consists of $300,000 in compensatory damages for her Title VII discrimination and retaliation claims, $38,693.48 in pre-termination back pay, $10,000 in post-termination back pay, and $4,924.40 for past lost benefits. Ms. Adams is awarded pre-judgment interest on the awards of pre-termination back pay and past lost benefits at a rate of 1.66% compounded annually, pre-judgment interest on the award of post-termination back pay at a rate of 0.21% compounded annually, and post-judgment interest on the entire amount of the judgment at a rate of 0.21% compounded annually.

**IT IS FUTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly and terminate this matter.

Dated this 3rd day of December, 2021.

Douglas L. Rayes
United States District Judge