**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Talonya Adams,<br><br>    Plaintiff,<br><br>v.<br><br>Arizona Senate,<br><br>    Defendant. | No. CV-17-00822-PHX-DLR<br><br>**ORDER** |

Plaintiff Talonya Adams initiated this action on December 27, 2016 by filing a complaint in Maricopa County Superior Court and naming the Arizona Senate as the sole defendant. (Doc. 1-2 at 3-10.) A year later, she filed a First Amended Complaint, which continued to name the Arizona Senate as the sole defendant. (*Id.* at 13-19.) The summons issued by the Maricopa County Superior Court identified the Arizona Senate as the defendant, as did the proof of service filed on February 16, 2017. (*Id.* at 20-23.) In March 2017, the Arizona Senate removed this action to federal court, (Doc. 1.) where Ms. Adams filed a Second Amended Complaint, again naming the Arizona Senate as the sole defendant (Doc. 10.). The Arizona Senate answered. (Doc. 12.) After years of litigation, two different juries found in favor of Ms. Adams and against the Arizona Senate, and in turn the Clerk of the Court twice entered judgment against the Arizona Senate. (Docs. 177, 220, 352, 384.) The sole defendant in this case is and has always been the Arizona Senate. But now, for the first time in the over four-year history of this case, Ms. Adams moves

pursuant to Federal Rule of Civil Procedure 21 for an order removing the Arizona Senate as the defendant and replacing it with the State of Arizona. (Doc. 386.) The motion is fully briefed (Docs. 390, 392) and is denied.

## I.   Legal Standards

Rule 21 governs the misjoinder and nonjoinder of parties and provides, in relevant part, that the Court "may at any time, on just terms, add or drop a party."[1]  "Joinder is a matter left to the sound discretion of the court." *Hershey Foods Corp. v. Padilla*, 168 F.R.D. 7, 10 (D. P.R. 1996). Still, courts must keep due process in mind, *Eakins v. Reed*, 710 F.2d 184, 186-87 (4th Cir. 1983), which means affording the potential new party "sufficient notice and opportunity to adequately defend its interests," *Luken v. Lynaugh*, 98 F.3d 1339 (5th Cir. 1996).

Standing alone, Rule 21 permits joinder "at any stage of the action, even after trial or on appeal." *Hershey Foods*, 168 F.R.D. at 9. But in this case, the Court issued a scheduling order pursuant to Federal Rule of Civil Procedure 16, which set a July 31, 2017 deadline for joining parties. (Doc. 24 at 1.) Once the Court "has entered an order limiting the time for joinder," Rule 16's "good cause" standard controls. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992); *see also* Fed. R. Civ. P. 16(b)(4). Any other approach "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).

The "good cause" standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Carelessness is no excuse. *Id.* "Although the

---

[1] There is some debate over whether motions to add parties are governed by Rule 21 or Federal Rule of Civil Procedure 15(a), which addresses motions for leave to amend, generally. But this disagreement is immaterial because the same substantive standard applies under either rule. *Compare, e.g.*, *FTD Corp. v. Banker's Trust Co.*, 954 F.Supp. 106, 109 (S.D.N.Y. 1997) ("Although Rule 21, and not Rule 15(a), normally governs the addition of new parties to an action, the same standard of liberality applies under either Rule." (internal quotation and citation omitted)), *with Henderson v. Union Station Housing Servs.*, No. CV 20-0476 PSG (MRWx), 2020 WL 8413520, at *3, n.4 (C.D. Cal. Dec. 28, 2020) ("Courts in this district apply Rule 15(a) and/or 16, rather than Rule 21, to motions to amend that seek to add defendants. . . . However, there is little practical different between Rule 15 and Rule 21 since they both leave the decision whether to permit or deny an amendment to the district court's discretion." (internal quotation and citations omitted)).

existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end." *Id.* (internal citation omitted).

## II.   Discussion

### A. Good Cause

Ms. Adams does not address the Court's scheduling order or Rule 16(b)'s good cause standard.  Implicit in her motion, however, is that Ms. Adams determined the State of Arizona was the proper defendant only after, in October 2019, the Court concluded for the limited purpose of Title VII's statutory caps on compensatory damages that "it is appropriate to look to the State of Arizona as the relevant entity to determine whether a $100,000 or a $300,000 cap applies."  (Doc. 219 at 2-3.)  Even so, Ms. Adams was not diligent.

Ms. Adams offers no explanation for why, with due diligence, she could not have named the State of Arizona initially or at any point prior to July 31, 2017.  It has always been a matter of public knowledge that an individual employed by the "Legislature" is a "state employee" under Arizona law.  A.R.S. § 38-671.  Indeed, Ms. Adams presented this definition to the Court in August 2019 when arguing that she was a state employee.  (Doc. 199.)  Nothing prevented her from consulting the Arizona Revised Statutes prior to July 31, 2017.  Neither does Ms. Adams explain why she tarried over two years after the October 2019 order issued to seek to join the State of Arizona as a defendant.

What's more, Ms. Adams communications with the Arizona Senate belies her lack of diligence.  As early as September 24, 2021, Ms. Adams told Defense counsel she intended to "amend the complaint to include the State of Arizona in advance of trial." (Doc. 390-1 at 2.)  She reiterated that intention in emails dated October 7 and 18, 2021, and even attached a copy of the proposed Third Amended Complaint to the latter message.  (*Id.* at 3-12.)  Still, Ms. Adams neglected to seek leave to file this amended pleading before trial and instead waited until after entry of judgment to file the instant motion.  Because she has

not shown good cause for amending the scheduling order's deadline for joining parties, her motion is untimely.

### B. Propriety of Joinder

Even if the Court were to look beyond Ms. Adams' lack of diligence and consider her motion on its merits, the Court would deny relief for four reasons: (1) Ms. Adams' motion is based on two faulty premises, (2) joinder is not necessary to afford Ms. Adams full relief, (3) the timing of the motion weighs against granting it, and (4) Ms. Adams has not shown that joining the State of Arizona would comport with due process.

First, the faulty premises. Ms. Adams contends that joinder is warranted because (1) the Court found in October 2019 that "the State of Arizona is Ms. Adams' employer and real party in interest," (Doc. 386 at 1) and (2) "Arizona Senate" is merely a misnomer for "State of Arizona" (Doc. 392 at 4).

The first premise is wrong. Although the Court noted that employees of the Arizona State Legislature are considered State employees under Arizona law, the Court did not find that the State of Arizona is the real party in interest. Instead, for the limited purpose of determining the appropriate compensatory damages cap, the Court looked to the size of the State of Arizona's workforce, not the size of the Arizona Senate's. (Doc. 219.) In doing so, the Court relied on caselaw from the Tenth Circuit for the proposition that, when the named defendant is a State agency, the State is treated as the relevant employer for purposes of Title VII's compensatory damages caps, notwithstanding the fact that the plaintiff names only the State agency as the defendant. *See Diaz v. Oklahoma Bureau of Narcotics*, 224 F.Supp.3d 1215, 1219-20 (W.D. Okla. 2016).

The second premise is misguided. For her misnomer theory, Ms. Adams relies on *Simon v. Maricopa Medical Center*, which held "that if a complaint includes a misnomer of a jural entity and service has been made on the associated jural entity, the appropriate remedy for the error is not dismissal of the complaint but leave to amend." 234 P.3d 623, 625 (Ariz. Ct. App. 2010). Ms. Adams does not argue, however, that the Arizona Senate

is a non-jural entity, nor has the Arizona Senate taken that position in this litigation.[2] *Simon*'s holding therefore is inapplicable. And although *Simon* also discusses circumstances in which a court may correct errors in a case caption to reflect a defendant's proper name, for example by changing "Corp." to "Inc.," *Id.* at 59, Ms. Adams has not shown that "Arizona Senate" and "State of Arizona" are one and the same. Indeed, if the Arizona Senate really was merely a misnomer for the State of Arizona, it would have been unnecessary for the Court to determine which was the relevant entity for purposes of Title VII's compensatory damages caps. "Arizona Senate" is not a misnomer in the sense used by *Simon*.

Second, when exercising its discretion under Rule 21, the Court "must be guided by a sense of what justice requires in a given case," including "whether joinder is needed to afford plaintiff full relief." *Hershey Foods*, 168 F.R.D. at 10. Here, joinder is not needed to afford Ms. Adams full relief. Notwithstanding the fact that Ms. Adams named only the Arizona Senate as the defendant in this matter, the Court looked to the size of the State of Arizona's workforce when determining which of Title VII's statutory caps on compensatory damages applies. (Doc. 219.) Ms. Adams fails to explain why her proposed amendment is necessary given the Court's October 2019 ruling.

Third, the post-judgment timing of Ms. Adams' motion weighs toward denying it. *See Cabrera v. Municipality of Bayamon*, 622 F.2d 4, 6 (1st Cir. 1980) ("The court has discretion to refuse an attempt to join a new party at this late stage of the litigation when liability has been determined and the court is trying to enforce final relief for the plaintiffs.").

Finally, due process concerns justify denying Ms. Adams' motion. The Court will not, through post-judgment joinder, foist a judgment on the State of Arizona, which has

---

[2] "State agencies that may sue and be sued are known as jural entities; non-jural entities are not subject to suit." *Morgan v. Arizona*, No. CV 06-346-TUC-FRZ (JCG), 2007 WL 2808477, at *8 (D. Ariz. Sep. 27, 2007). The Arizona State Legislature has brought suit, *see, e.g., Arizona State Legislature v. Arizona Independent Redistricting Com'n*, 576 U.S. 787 (U.S. 2015), and the Arizona Senate as been sued, *see, e.g., Cyber Ninjas, Inc. v. Hannah*, No. 1 CA_SA 21-0173, 2021 WL 5183944, at *1 (Ariz. Ct. App. Nov. 9, 2021), indicating that the Arizona Senate is a jural entity.

never been a party to this case and therefore has not received adequate notice and an opportunity to be heard.  Ms. Adams' argument to the contrary rests on the faulty premise that the State of Arizona would not be a new party because the Arizona Senate and the State of Arizona are one and the same.  But, for reasons already explained, the Court rejects this premise.[3]  Although the Court may (and did) look to the size of the State of Arizona's workforce for purposes of Title VII's statutory caps on compensatory damages, it does not follow that the State of Arizona is the defendant in this action.

For the foregoing reasons,

**IT IS ORDERED** that Ms. Adams' Motion for Order to Correct Case Caption and to Name "State of Arizona" as Proper Defendant (Doc. 386) is **DENIED**.

Dated this 21st day of December, 2021.

Douglas L. Rayes
United States District Judge

---

[3] Indeed, the fact that the Arizona State Legislature, in general, and the Arizona Senate, in particular, have sued and been sued, *see* fn.2 *supra*, is strong evidence that these entities are not the same as the State of Arizona for all relevant purposes.