**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Talonya Adams, | No. CV-17-00822-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Senate, | |
| Defendant. | |

Plaintiff moves for leave to double the page limits for two motions she intends to file—a motion for leave to amend her complaint and a motion for relief from the judgment under Federal Rule of Civil Procedure 60. (Doc. 407.) Unless otherwise permitted by the Court, a motion may not exceed 17 pages, exclusive of evidentiary attachments. LRCiv. 7.2(e). Voluminous filings are rarely helpful. *See Hunton v. Am. Zurich Ins. Co.*, No. CV-16-00539-PHX-DLR, 2018 WL 1182552, at *6 (D. Ariz. Mar. 7, 2018). "A fat brief often indicates a thin argument. There are rare occasions where a lengthy brief with voluminous attachments might be required. But typically, shorter is better." *State Compensation Ins. Fund v. Drobot*, SAC 13-0956 AG (JCGx), 2016 WL 6661338, at *1 (C.D. Cal. Aug. 10, 2016) (internal citations omitted). Plaintiff has not shown that this is one of those rare occasions where lengthy briefs are required.

Plaintiff first contends that she has been unable to comply with the default page limits because of "employment obligations" and "time constraints." (Doc. 407 at 1.) But

the fact that Plaintiff has been unable thus far to carve out the time to edit her work down to size does not mean that she cannot efficiently present her arguments in 17 pages. That editing takes time does not mean editing is unnecessary or cannot be done. This explanation does not justify doubling the page limit for each motion.

Plaintiff next contends that she "has attempted diligently to stay within the page limit but the complexity of the issue, and the importance of the arguments and cases presented in the memorandum of law in connection to the trial testimony and procedural history, necessitates an explanation in excess of the allotted seventeen (17) pages." (*Id.* at 2.) Plaintiff, however, has not lodged her proposed enlarged briefs, making it impossible for the Court to judge for itself whether Plaintiff has made efficient or helpful use of the pages. And there are reasons to be skeptical that Plaintiff needs 35 pages to make her arguments. This is not an especially complex case; it is a relatively straightforward Title VII discrimination and retaliation case. Further, with respect to Plaintiff's anticipated (second) post-judgment motion for leave to amend, Plaintiff made a similar request for leave to amend on January 3, 2022, and that motion was a single page long. (Doc. 407.) The Court denied the motion because Plaintiff failed to attach a redlined copy of the proposed amended pleading as required by Local Rule of Civil Procedure 15.1(a). (Doc. 402.) Plaintiff fails to explain why she now needs 35 pages to renew her request.

For these reasons,

**IT IS ORDERED** that Plaintiff's motion to double the page limits for her two forthcoming motions (Doc. 407) is **DENIED**.

Dated this 16th day of March, 2022.

Douglas L. Rayes
United States District Judge